1  ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
2  JASON A. WEISS (BAR NO. 185268)
  SHANNON R. WOLF (BAR NO. 226828)
3  1900 Main Street, Fifth Floor
  Irvine, California 92614-7321
4  Phone: (949) 553-1313
  Fax: (949) 553-8354
5  E-Mail: jweiss@allenmatkins.com
       swolf@allenmatkins.com
6
  BALDWIN J. LEE (BAR NO. 187413)
7  ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
8  Three Embarcadero Center, 12th Floor
  San Francisco, California 94111-4074
9  Phone: (415) 837-1515
  Fax: (415) 837-1516
10  E-Mail: blee@allenmatkins.com

11  Attorneys for Defendant
  TOLL BROTHERS, INC.

12

13  UNITED STATES DISTRICT COURT

14  NORTHERN DISTRICT OF CALIFORNIA

15

16  PETER SWALLOW,                            Case No. C08-02311 JCS

17         Plaintiff,              **DEFENDANT TOLL BROTHERS,
                              INC.'S NOTICE OF MOTION AND
18     vs.                                MOTION TO COMPEL
                              ARBITRATION AND TO STAY THE
19  TOLL BROTHERS, INC.; AND DOES            PROCEEDINGS; MEMORANDUM
  1-25, INCLUSIVE,                          OF POINTS AND AUTHORITIES;
                              DECLARATIONS OF TIMOTHY J.
20        Defendants.                 HOBAN AND JASON A. WEISS IN
                              SUPPORT THEREOF**
21

22                            Date:       July 25, 2008
                          Time:       9:30 a.m.
23                            Ctrm:       A
                          Judge:      Hon. Joseph C. Spero
24
                          Complaint Filed:  April 3, 2008
25                            Trial Date:      None Set

26

27

28

1  **TO PLAINTIFF PETER SWALLOW AND TO HIS COUNSEL OF**
2  **RECORD**:

3      **PLEASE TAKE NOTICE** that on July 25, 2008, at 9:30 a.m., or as soon
4  thereafter as the matter may be heard, in Courtroom A of the above-entitled Court
5  located at 450 Golden Gate Avenue, San Francisco, California  94102, Defendant
6  Toll Brothers, Inc. ("Toll Brothers") will, and hereby does, move to compel
7  arbitration and to stay the proceedings ("Motion").

8      This Motion to Compel Arbitration is made on the grounds that Plaintiff
9  entered into an express, written arbitration agreement with Toll Brothers which
10  provides for mandatory arbitration of the claims alleged in the Complaint.  Demand
11  has been made on Plaintiff to arbitrate the matters alleged in the Complaint, but
12  Plaintiff, thus far, has refused.  Therefore, Defendant is forced to bring this Motion
13  to Compel Arbitration and Stay Action.

14      This Motion is based on this Notice of Motion and Motion, the attached
15  Memorandum of Points and Authorities and Declarations of Tim Hoban and Jason
16  Weiss in support thereof, the papers, files, documents and pleadings on file in this
17  action, such matters of which the Court may take judicial notice, and such other
18  matters as may be presented by Toll Brothers at or before the hearing on this
19  Motion.

20
21  Dated: June  4  , 2008              ALLEN MATKINS LECK GAMBLE
22                                          MALLORY & NATSIS LLP
                                        JASON A. WEISS
23
                                        By: _Shannon R. Wolf_
24                                          SHANNON R. WOLF
                                           Attorneys for Defendant
25                                          TOLL BROTHERS, INC.
26
27
28

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2  I.    **INTRODUCTION.**

3          Plaintiff Peter Swallow ("Plaintiff) began his employment with Toll Brothers,

4  Inc. ("Toll Brothers") in August 1999, as a Project Manager. (See Declaration of

5  Timothy J. Hoban ("Hoban Decl."), attached hereto, ¶ 2.) On or about November 1,

6  2001, as one of the terms and conditions of his employment, Plaintiff entered into an

7  express, written arbitration agreement with Toll Brothers ("Agreement"). (Hoban

8  Decl., ¶ 3, Exh. A.)  The Agreement provides that employment related claims or

9  disputes between the parties are subject to binding arbitration by the American

10  Arbitration Association ("AAA").  A true and correct copy of the Agreement is

11  attached to the Declaration of Tim Hoban as <u>Exhibit "A"</u> and incorporated herein by

12  reference.  On April 5, 2007, Plaintiff was terminated from his employment with

13  Toll Brothers for misconduct.

14          In contravention of his express, written agreement to arbitrate any claims

15  arising out of his employment with Toll Brothers, Plaintiff filed the present action,

16  asserting claims that relate to his termination from employment.  Toll Brothers has

17  demanded that Plaintiff submit his claims to arbitration.  Nevertheless, Plaintiff, thus

18  far, has refused.  Consequently, Toll Brothers has been required to file the instant

19  Motion, which, as firmly demonstrated below, the Court should grant to send this

20  case to its rightful forum -- arbitration.

21  II.   **ARGUMENT AND AUTHORITIES.**

22      A.   **The Federal Arbitration Act Compels Arbitration Of Plaintiff's**

23           **Claims.**

24          The Federal Arbitration Act ("FAA") embodies a strong federal policy in

25  favor of arbitration and evinces "Congress' clear intent … to move the parties to an

26  arbitrable dispute out of court and into arbitration as quickly and easily as possible."

27  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S.Ct.

28  927, 940, 74 L.Ed.2d 765, 784 (1983).  This strong federal policy in favor of

1  arbitration extends to the arbitration of employment disputes.  See *Circuit City*
2  *Stores v. Adams*, 532 U.S. 105, 123, 121 S.Ct. 1302, 1313, 149 L.Ed.2d 234, 252
3  (2001) ("Arbitration agreements allow parties to avoid the costs of litigation, a
4  benefit that may be of particular importance in employment litigation, which often
5  involves smaller sums of money than disputes concerning commercial contracts.")

6        In pertinent part, the FAA provides:

7              "A written provision in any … contract … to settle by arbitration
8              a controversy thereafter arising out of such contract or
9              transaction, or the refusal to perform the whole or any part
10             thereof … shall be valid, irrevocable, and enforceable, save upon
11             such grounds as exist at law or in equity for the revocation of any
12             contract." 9 U.S.C. § 2.

13  In brief, "the FAA compels judicial enforcement of … arbitration agreements."
14  *Circuit City Stores*, 532 U.S. at 111.

15       Absent a successful challenge to its validity (which Plaintiff cannot mount
16  here), if an arbitration agreement exists and encompasses the dispute at hand, "then
17  the [FAA] requires the [district] court to enforce the arbitration agreement in
18  accordance with its terms." *Chiron Corp. v. Ortho Diagnostics Sys.*, 207 F.3d 1126,
19  1130 (9th Cir. 2000).  In deciding whether an arbitration agreement covers a
20  particular dispute, "as a matter of federal law, any doubts concerning the scope of
21  the arbitrable issues should be resolved *in favor of arbitration*, whether the problem
22  at hand is the construction of the contract language itself or an allegation of waiver,
23  delay or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at
24  24-25 (emphasis added).  Moreover, there is a "strong presumption in favor of the
25  validity of arbitration agreements." *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 273
26  (4th Cir. 1997).

27
28

1    Here, Plaintiff signed a broad arbitration agreement that covers "[a]ll disputes,

2    claims, or controversies arising out of or in connection with my employment or its

3    termination…" (Hoban Decl., ¶ 3, Exh. A.)  Plaintiff's claims fall squarely within

4    the ambit of his arbitration agreement.  Indeed, Plaintiff's first claim alleges that

5    during his termination defamatory remarks were made.  Similarly, Plaintiff's second

6    claim alleges that slanderous statements were made surrounding his termination.

7    Both causes of action are clearly within the scope of the arbitration agreement.

8    In sum, an arbitration agreement exists, it covers the claims at hand, and

9    Plaintiff has refused voluntarily to submit his claims to arbitration in accordance

10    with its terms.  Therefore, this Court should enforce the agreement and compel

11    arbitration of Plaintiff's claims.

12    **B.    <u>Plaintiff Refuses To Comply With The Arbitration Agreement</u>.**

13    On May 5, 2008, Defendant's counsel requested in writing to Plaintiff counsel

14    that Plaintiff submit his claims to arbitration pursuant to the express terms of the

15    Agreement and enclosed a copy of Plaintiff's arbitration agreement.    (See

16    Declaration of Jason Weiss ("Weiss Decl."), attached hereto, ¶ 2, Exh. B.)  Defense

17    counsel made similar requests in e-mail correspondence.  (Weiss Decl., ¶ 3.)

18    Plaintiff's counsel has failed to provide an answer to Defendant's request that

19    Plaintiff submit to arbitration. (Weiss Decl., ¶ 4.)  Because Plaintiff's claims in the

20    Complaint against Defendant are covered by the Agreement, and because Plaintiff

21    has thus far refused to submit his claims to arbitration, the Court should grant

22    Defendant's Motion.

23

24

25

26

27

28

III.    **CONCLUSION.**

Plaintiff executed a binding agreement to arbitrate the claims raised in his Complaint.  For the reasons discussed above, Toll Brothers respectfully requests that this Court grant its Motion To Compel Arbitration and To Stay the Proceedings.

Dated: June _4_, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
JASON A. WEISS

By: _Shannon R. Wolf_
SHANNON R. WOLF
Attorneys for Defendant
TOLL BROTHERS, INC.

## DECLARATION OF TIMOTHY J. HOBAN

I, Timothy J. Hoban, declare as follows:

1.    I am employed by Toll Brothers, Inc. ("Toll Brothers") in the position of Regional Counsel. I have personal knowledge of the facts set forth herein and, if called to testify as a witness thereto, I could and would competently do so under oath.

2.    Plaintiff Peter Swallow began his employment with Toll Brothers in August 1999 as a Project Manager. Toll Brothers is a custom home builder that transacts business nationwide.

3.    On or about November 1, 2001, Peter Swallow entered into an express, written arbitration agreement with Toll Brothers ("Agreement"). A true and correct copy of the signed Agreement is attached hereto as Exhibit "A."

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on June _3_, 2008, at Orange, California.

_____
Timothy J. Hoban

# *Exhibit "A"*

## ARBITRATION AGREEMENT

I, **Pete Swallow** ("Employee") and Toll Bros.,Inc. (the "Company"), intending to be legally bound, agree to the following:

1.      All disputes, claims, or controversies arising out of or in connection with my employment or its termination, including but not limited to those concerning workplace discrimination, shall exclusively be submitted to and determined by final and binding arbitration before a single arbitrator ("Arbitrator") of the American Arbitration Association ("AAA"), or its successor or a similar association or entity selected by the Company, in accordance with the association's or entity's then current rules for the resolution of employment disputes ("the Rules").

2.      The requirement to arbitrate does not limit my right to file an employment related claim with a federal, state or local administrative agency.   However, I understand that by entering into this Agreement, I am waiving my right to have a court resolve any disputes or claims I may have regarding my employment, including any dispute or claims with respect to or arising from federal, state and local statutes prohibiting employment discrimination, including sexual harassment.

3.      The Arbitrator will be selected in accordance with the Rules.  Under the current Rules (of AAA), the Arbitrator is selected by the parties from a list provided by AAA.

4.      The Arbitrator, in cooperation with the parties, will set the date, time and place of the hearing.

5.      The Arbitrator will have all of the power of a court of law and equity, including the power to order discovery as set forth in the Rules, and to grant legal and equitable remedies.

6.      The decision of the Arbitrator will be in writing and set forth the findings and conclusions upon which the decision is based.  The decision of the Arbitrator will be final and binding and may be enforced under the terms of the Federal Arbitration Act, but may be set aside or modified by a reviewing court solely on the grounds that the Arbitrator made a material error of law, or in accordance with the Federal Arbitration Act.  Judgment upon the award may be entered, confirmed and enforced in any federal or state court of competent jurisdiction.

7.      The Company will bear the costs of the filing fee and the Arbitrator's fee.  The decision, in the Arbitrator's discretion, may award all or some of the Employee's or Company's attorneys' fees and costs, in addition to any such awards required by law.

8.      I acknowledge receipt of 2 day(s) of additional paid vacation.

9.      If any provision of this Agreement is construed by a court of competent jurisdiction or Arbitrator to be invalid or unenforceable, the remainder of this Agreement shall not be affected and the remaining provisions will be given full force and effect without regard to the unenforceable provisions.

**I HAVE READ AND UNDERSTAND ALL OF THE PROVISIONS OF THIS ARBITRATION AGREEMENT AND I AGREE TO ALL OF THE PROVISIONS SET FORTH ABOVE.**

Date_____

Signature_____

**Pete Swallow**
**Dublin Greene-The Glen at**

Date: 11/01/2001

Jonathan C. Downs – Toll Bros., Inc.

## DECLARATION OF JASON A. WEISS

I, Jason A. Weiss, declare as follows:

1.      I am a partner at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel of record for Defendant Toll Brothers, Inc. in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On May 5, 2008, I requested in writing to Plaintiff counsel that Plaintiff submit his claims to arbitration pursuant to his written agreement to arbitrate. I enclosed a copy of Plaintiff's arbitration agreement.

3.      I made subsequent requests via e-mail (to Plaintiff's counsel) requesting that Plaintiff submit to arbitration.

4.      To date, Plaintiff has refused to voluntarily submit his lawsuit to arbitration or indicate that he will do so.

5.      Attached hereto as Exhibit "B" is a true and correct copy of the current Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on June 4, 2008, at Irvine, California.

_____
Jason A. Weiss

# *Exhibit "B"*


**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Employment Arbitration Rules and Mediation PROCEDURES
Amended and Effective July 1, 2006
To view the summary of changes, click here.

Table of Contents

Introduction
Role of the American Arbitration Association
Legal Basis of Employment ADR
The Fairness Issue: The Due Process Protocol
AAA's Employment ADR Rules
AAA's Policy on Employment ADR
Notification
Costs of Employment Arbitration
Designing an ADR Program
Alternative Dispute Resolution Options
Types of Disputes Covered

Employment Arbitration Rules and Mediation Procedures
1. Applicable Rules of Arbitration
2. Notification
3. AAA as Administrator of the Arbitration
4. Initiation of Arbitration
5. Changes of Claim
6. Jurisdiction
7. Administrative and Mediation Conferences
8. Arbitration Management Conference
9. Discovery
10. Fixing of Locale
11. Date, Time, and Place of Hearing
12. Number, Qualifications, and Appointment of Neutral Arbitrators
13. Party Appointed Arbitrators
14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
15. Disclosure
16. Disqualification of Arbitrator
17. Communication with Arbitrator
18. Vacancies
19. Representation
20. Stenographic Record
21. Interpreters
22. Attendance at Hearings
23. Confidentiality
24. Postponements
25. Oaths

26. Majority Decision
27. Dispositive Motions
28. Order of Proceedings
29. Arbitration in the Absence of a Party or Representative
30. Evidence
31. Inspection
32. Interim Measures
33. Closing of Hearing
34. Reopening of Hearing
35. Waiver of Oral Hearing
36. Waiver of Objection/Lack of Compliance with These Rules
37. Extensions of Time
38. Serving of Notice
39. The Award
40. Modification of Award
41. Release of Documents for Judicial Proceedings
42. Applications to Court
43. Administrative Fees
44. Neutral Arbitrator's Compensation
45. Expenses
46. Deposits
47. Suspension for Non-Payment
48. Interpretation and Application of Rules


Costs of Arbitration (including AAA Administrative Fees)
For Disputes Arising Out of Employer-Promulgated Plans
Filing Fees
Hearing Fees
Postponement/Cancellation Fees
Hearing Room Rental
Abeyance Fees
Expenses


For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts

Filing Fees and Case Service Fees
Refund Schedule
Hearing Room Rental
Abeyance Fee
Expenses

For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules")

Optional Rules for Emergency Measures of Protection
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security

O-7. Special Master
O-8. Costs

Employment Mediation Procedures
1. Agreement of Parties
2. Initiation of Mediation
3. Request for Mediation
4. Appointment of Mediator
5. Qualifications of Mediator
6. Vacancies
7. Representation
8. Date, Time, and Place of Mediation
9. Identification of Matters in Dispute
10. Authority of Mediator
11. Privacy
12. Confidentiality
13. No Stenographic Record
14. Termination of Mediation
15. Exclusion of Liability
16. Interpretation and Application of Rules
17. Expenses
Mediation Fee Schedule

Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, national origin, age, and disability.

As courts and administrative agencies become less accessible to civil litigants, employers and their employees now see alternative dispute resolution ("ADR") as a way to promptly and effectively resolve workplace disputes. ADR procedures are becoming more common in contracts of employment, personnel manuals, and employee handbooks.

Increasingly, corporations and their employees look to the American Arbitration Association as a resource in developing prompt and effective employment procedures for employment-related disputes. These rules have been developed for employers and employees who wish to use a private alternative to resolve their disputes, enabling them to have complaints heard by an impartial person with expertise in the employment field. These procedures benefit both the employer and the individual employee by making it possible to resolve disputes without extensive litigation.

Role of the American Arbitration Association

The American Arbitration Association, founded in 1926, is a not-for-profit, public service organization dedicated to the resolution of disputes through mediation, arbitration, elections, and other voluntary dispute resolution procedures. Millions of workers are now covered by employment ADR plans administered by the AAA.

In addition, the AAA provides education and training, specialized publications, and research on all forms of dispute settlement. With 30 offices worldwide and cooperative agreements with arbitral institutions in 63 other nations, the American Arbitration Association is the nation's largest private provider of ADR services.

For over 80 years, the American Arbitration Association has set the standards for the development of fair and equitable dispute resolution procedures. The development of the *Employment Arbitration Rules and Mediation Procedures,* and the reconstitution of a select and diverse roster of expert neutrals to hear and resolve disputes, are the most recent initiatives of the Association to provide private, efficient and cost-effective procedures for out-of-court settlement of workplace disputes.

Legal Basis of Employment ADR

Since 1990, Congress has twice re-affirmed the important role of ADR in the area of employment discrimination -- in the Americans with Disabilities Act in 1990, and a year later in Section 118 of the Civil Rights Act of 1991.

The United States Supreme Court has also spoken on the importance of ADR in the employment context. In Gilmer v. Interstate/Johnson Lane, 500 U.S. 20, 111 S.Ct. 1647 (1991), the Supreme Court refused to invalidate Gilmer's agreement with the New York Stock Exchange that he would arbitrate disputes with his employer (Interstate/Johnson Lane) simply because he was obliged to sign it in order to work as a securities dealer whose trades were executed on the Exchange. Although the Gilmer Court found that the Age Discrimination in Employment Act did not preclude arbitration of age discrimination claims, it specifically declined to decide whether employment arbitration agreements were "contracts of employment" excluded under the Federal Arbitration Act. The specific issue left open by Gilmer was decided 10 years later by the United States Supreme Court in Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001). In Circuit City, the Supreme Court concluded that except for transportation workers such as seamen or railroad workers, the FAA covers all contracts of employment and that the Act may be used to compel arbitration of employment-related claims. While Circuit City involved only state law claims, the Supreme Court had determined previously in Gilmer that federal age discrimination claims (and presumably other federal civil rights claims) were arbitrable under the FAA.

The Fairness Issue: The Due Process Protocol

*The Due Process Protocol for Mediation and Arbitration of Statutory Disputes Arising Out of the Employment Relationship* was developed in 1995 by a special task force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The *Due Process Protocol,* which was endorsed by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. The Due Process Protocol encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The *Due Process Protocol* "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The *Due Process Protocol* has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation

Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the *Due Process Protocol.*

It has been incorporated into the *Report of the United States Secretary of Labor's Task Force in Excellence in State and Local Government* and cited with approval in numerous court opinions.

AAA's Employment ADR Rules

On June 1, 1996, the Association issued *National Rules for the Resolution of Employment Disputes* (now known as the *Employment Arbitration Rules and Mediation Procedures* ). The rules reflected the guidelines outlined in the Due Process Protocol and were based upon the AAA's *California Employment Dispute Resolution Rules,* which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes. The rules enabled parties to have complaints heard by an impartial person of their joint selection, with expertise in the employment field. Both employers and individual employees benefit by having experts resolve their disputes without the costs and delay of litigation. The rules included procedures which ensure due process in both the mediation and arbitration of employment disputes. After a year of use, the rules were amended to address technical issues.

AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of employment disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *Employment Arbitration Rules and Mediation Procedures* and the *Due Process Protocol.* If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *Employment Arbitration Rules and Mediation Procedures* and the *Due Process Protocol,* the Association may decline to administer cases under that program. Other issues will be presented to the arbitrator for determination.

Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it shall, at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association, 725 South Figueroa Street, Suite 2400, Los Angeles, CA 90017; FAX: 213.622.6199.

Costs of Employment Arbitration

These Rules contain two separate and distinct arbitration costs sections; one for disputes arising out of employer-promulgated plans and the other for disputes arising out of individually-negotiated employment agreements and contracts. When the arbitration is filed, the AAA makes an initial administrative determination as to whether the dispute arises from an employer-promulgated plan or an individually-negotiated employment agreement or contract. This determination is made by reviewing the

documentation provided to the AAA by the parties, including, but not limited to, the demand for arbitration, the parties' arbitration program or agreement, and any employment agreements or contracts between the parties.

When making its determination on the applicable costs of arbitration section in a given arbitration, the AAA's review is focused on two primary issues. The first component of the review focuses on whether the arbitration program and/or agreement between the individual employee and the employer is one in which it appears that the employer has drafted a standardized arbitration clause with its employees. The second aspect of the review focuses on the ability of the parties to negotiate the terms and conditions of the parties' agreement.

If a party disagrees with the AAA's initial determination, the parties may bring the issue to the attention of the arbitrator for a final determination.

Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception. The American Arbitration Association has considerable experience in administering and assisting in the design of employment ADR plans, which gives it an informed perspective on how to effectively design ADR systems, as well as the problems to avoid. Its guidance to those designing employment ADR systems is summarized as follows:

»The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom.

»A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review, and internal mediation.

»The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.

»Programs which use arbitration as a final step may employ:

- pre-dispute, voluntary final and binding arbitration;
- pre-dispute, mandatory nonbinding arbitration;
- pre-dispute, mandatory final and binding arbitration; or
- post-dispute, voluntary final and binding arbitration.

»Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *Employment Arbitration Rules and Mediation Procedures.*

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide,* which is available from the AAA's website, www.adr.org.

Alternative Dispute Resolution Options

Open Door Policy

Employees are encouraged to meet with their immediate manager or supervisor to discuss problems

arising out of the workplace environment. In some systems, the employee is free to approach anyone in the chain of command.

Ombuds

A neutral third party (either from within or outside the company) is designated to confidentially investigate and propose settlement of employment complaints brought by employees.

Peer Review

A panel of employees (or employees and managers) works together to resolve employment complaints. Peer review panel members are trained in the handling of sensitive issues.

Internal Mediation

A process for resolving disputes in which a neutral third person from within the company, trained in mediation techniques, helps the disputing parties negotiate a mutually acceptable settlement. Mediation is a nonbinding process in which the parties discuss their disputes with an impartial person who assists them in reaching a settlement. The mediator may suggest ways of resolving the dispute but may not impose a settlement on the parties.

Fact-Finding

The investigation of a complaint by an impartial third person (or team) who examines the complaint and the facts and issues a nonbinding report. Fact-finding is particularly helpful for allegations of sexual harassment, where a fact-finding team, composed of one male and one female neutral, investigates the allegations and presents its findings to the employer and the employee.

Arbitration

Arbitration is generally defined as the submission of disputes to one or more impartial persons for final and binding determination. It can be the final step in a workplace program that includes other dispute resolution methods. There are many possibilities for designing this final step.

They include:

»Pre-Dispute, Voluntary Final and Binding Arbitration

- The parties agree in advance, on a voluntary basis, to use arbitration to resolve disputes and they are bound by the outcome.

»Pre-Dispute, Mandatory Nonbinding Arbitration

- The parties must use the arbitration process to resolve disputes, but they are not bound by the outcome.

»Pre-Dispute, Mandatory Final and Binding Arbitration

- The parties must arbitrate unresolved disputes and they are bound by the outcome.

»Post-Dispute, Voluntary Final and Binding Arbitration

- The parties have the option of deciding whether to use final and binding arbitration after a dispute arises.

## Types of Disputes Covered

The dispute resolution procedures contained in this booklet were developed for arbitration agreements contained in employee personnel manuals, an employment application of an individual employment agreement, other types of employment agreements, or can be used for a specific dispute. They do not apply to disputes arising out of collective bargaining agreements or independent contractor agreements.

## Employment Arbitration

## Rules and Mediation Procedures

## 1. Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its Employment Arbitration Rules and Mediation Procedures or for arbitration by the AAA of an employment dispute without specifying particular rules*. If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court.These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA.

*The National Rules for the Resolution of Employment Disputes* have been re-named the *Employment Arbitration Rules and Mediation Procedures*. Any arbitration agreements providing for arbitration under its *National Rules for the Resolution of Employment Disputes* shall be administered pursuant to these *Employment Arbitration Rules and Mediation Procedures*.

## 2. Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program:

i.   notify the Association of its intention to do so and,
ii.  provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

## 3. AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such

of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

## 4. Initiation of Arbitration

Arbitration shall be initiated in the following manner.

a. The parties may submit a joint request for arbitration.
b. In the absence of a joint request for arbitration:
   i. The initiating party (hereinafter "Claimant[s]") shall:
     1. File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.
     2. Simultaneously provide a copy of the Demand to the other party (hereinafter "Respondent[s]").
     3. Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.
   ii. The Respondent(s) may file an Answer with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Claimant. If no answering statement is filed within the stated time, Respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.
   iii. The Respondent(s):
     1. May file a counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.
     2. Simultaneously shall send a copy of any counterclaim to the Claimant.
     3. Shall include with its filing the applicable filing fee provided for by these rules.
   iv. The Claimant may file an Answer to the counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Respondent(s). If no answering statement is filed within the stated time, Claimant will be deemed to deny the counterclaim. Failure to file an answering statement shall not operate to delay the arbitration.
c. The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously provide a copy to the other party(s), who shall have 15 days from the date of such transmittal within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Jurisdiction

a. The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.
b. The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.
c. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## 7. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and to

consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Procedures to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual written agreement of the parties. There is no administrative fee for initiating a mediation under AAA Mediation Procedures for parties to a pending arbitration.

8. Arbitration Management Conference

As promptly as practicable after the selection of the arbitrator(s), but not later than 60 days thereafter, an arbitration management conference shall be held among the parties and/or their attorneys or other representatives and the arbitrator(s). Unless the parties agree otherwise, the Arbitration Management Conference will be conducted by telephone conference call rather than in person. At the Arbitration Management Conference the matters to be considered shall include, without limitation

i. the issues to be arbitrated;
ii. the date, time, place, and estimated duration of the hearing;
iii. the resolution of outstanding discovery issues and establishment of discovery parameters;
iv. the law, standards, rules of evidence, and burdens of proof that are to apply to the proceeding;
v. the exchange of stipulations and declarations regarding facts, exhibits, witnesses, and other issues;
vi. the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;
vii. the value of bifurcating the arbitration into a liability phase and damages phase;
viii. the need for a stenographic record;
ix. whether the parties will summarize their arguments orally or in writing;
x. the form of the award;
xi. any other issues relating to the subject or conduct of the arbitration;
xii. the allocation of attorney's fees and costs;
xiii. the specification of undisclosed claims;
xiv. the extent to which documentary evidence may be submitted at the hearing;
xv. the extent to which testimony may be admitted at the hearing telephonically, over the internet, by written or video-taped deposition, by affidavit, or by any other means;
xvi. any disputes over the AAA's determination regarding whether the dispute arose from an individually-negotiated employment agreement or contract, or from an employer-promulgated plan (see Costs of Arbitration section).

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

9. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The AAA does not require notice of discovery related matters and communications unless a dispute arises. At that time, the parties should notify the AAA of the dispute so that it may be presented to the arbitrator for determination.

10. Fixing of Locale (the city, county, state, territory, and/or country of the arbitration)

If the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator(s), after their appointment to make a final determination on the locale. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

## 11. Date, Time, and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

## 12. Number, Qualifications, and Appointment of Neutral Arbitrators

a. If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator.
b. Qualifications
   i. Neutral arbitrators serving under these rules shall be experienced in the field of employment law.
   ii. Neutral arbitrators serving under these rules shall have no personal or financial interest in the results of the proceeding in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.
   iii. The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background, and qualifications.
   iv. The AAA may, upon request of a party within the time set to return their list or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually-negotiated employment contracts with persons from the Commercial Roster, to allow the AAA to respond to the particular need of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.
c. If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:
   i. Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.
   ii. If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.
   iii. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

## 13. Party Appointed Arbitrators

a. If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.
b. Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-16 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-16(a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards. The notice of appointment, with the name, address, and contact information of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.
c. If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.
d. If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## 14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

a. If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.
b. If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.
c. If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

## 15. Disclosure

a. Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

b. Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

c. In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-15 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

## 16. Disqualification of Arbitrator

a. Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:
   i. partiality or lack of independence,
   ii. inability or refusal to perform his or her duties with diligence and in good faith, and
   iii. any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

b. Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## 17. Communication with Arbitrator

a. No party and no one acting on behalf of any party shall communicate ex parte with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate ex parte with a candidate for direct appointment pursuant to Section R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

b. Section R-17(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-16(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-16(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-17(a) should nonetheless apply prospectively.

## 18. Vacancies

a. If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.

b. In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

c. In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## 19. Representation

Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 20. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

21. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

22. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

23. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

24. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

25. Oaths

Before proceeding with the first hearing, each arbitrator shall take an oath of office. The oath shall be provided to the parties prior to the first hearing. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

26. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

27. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

28. Order of Proceedings

A hearing may be opened by: (1) recording the date, time, and place of the hearing; (2) recording the presence of the arbitrator, the parties, and their representatives, if any; and (3) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute. When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including web conferencing, internet communication, telephonic conferences and means other than an in-person presentation of evidence. Such alternative means must still afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and when involving witnesses, provide that such witness submit to direct and cross-examination.

The arbitrator, in exercising his or her discretion, shall conduct the proceedings with a view toward expediting the resolution of the dispute, may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

30. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party or arbitrator is absent, in default, or has waived the right to be present, however "presence" should not be construed to mandate that the parties and arbitrators must be physically present in the same location.

An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for

transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

## 31. Inspection

Upon the request of a party, the arbitrator may make an inspection in connection with the arbitration. The arbitrator shall set the date and time, and the AAA shall notify the parties. In the event that one or all parties are not present during the inspection, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## 32. Interim Measures

At the request of any party, the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court, as stated in Rule 39(d), Award.

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## 33. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Rule 30 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

## 34. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for good cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within

the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

## 35. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings. If the parties are unable to agree as to the procedure, upon the appointment of the arbitrator, the arbitrator shall specify a fair and equitable procedure.

## 36. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing or in a transcribed record, shall be deemed to have waived the right to object.

## 37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## 38. Serving of Notice

a. Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

b. The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

c. Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## 39. The Award

a. The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. Three additional days are provided if briefs are to be filed or other documents are to be transmitted pursuant to Rule 30.

b. An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

c. The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

d. The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section.

e. If the parties settle their dispute during the course of the arbitration and mutually request, the arbitrator may set forth the terms of the settlement in a consent award.

f. The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

g. The arbitrator's award shall be final and binding.

## 40. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed.

## 41. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

## 42. Applications to Court

a. No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.
b. Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.
c. Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.
d. Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

## 43. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Costs of Arbitration Section (see pages 45-53).

The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our website at www.adr.org).

## 44. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

Arbitrator compensation shall be borne in accordance with the Costs of Arbitration section.

## 45. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator shall be borne in accordance with the Costs of Arbitration section.

## 46. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

## 47. Suspension for Non-Payment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform

the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate the proceedings.

48. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

Costs of Arbitration (including AAA Administrative Fees)

This Costs of Arbitration section contains two separate and distinct sections. Initially, the AAA shall make an administrative determination as to whether the dispute arises from an employer-promulgated plan or an individually-negotiated employment agreement or contract.

If a party disagrees with the AAA's determination, the parties may bring the issue to the attention of the arbitrator for a final determination. The arbitrator's determination will be made on documents only, unless the arbitrator deems a hearing is necessary.

For Disputes Arising Out of Employer-Promulgated Plans*:

Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment. The employer shall pay the arbitrator's compensation unless the employee, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation. Arbitrator compensation, expenses as defined in section (iv) below, and administrative fees are not subject to reallocation by the arbitrator(s) except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. Only those disputes arising out of employer promulgated plans are included in the consumer definition. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA's Western Case Management Center at 877.528.0880 if you have any questions regarding the waiver of administrative fees. (Effective January 1, 2003.)

(i) Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee capped in the amount of $150, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $900 is payable in full by the employer, unless the plan provides that the employer pay more.

In cases before three or more arbitrators, a nonrefundable filing fee capped in the amount of $150, is

payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A nonrefundable fee in the amount of $1,775 is payable in full by the employer, unless the plan provides that the employer pay more.

There shall be no filing fee charged for a counterclaim.

(ii) Hearing Fees

For each day of hearing held before a single arbitrator, an administrative fee of $300 is payable by the employer.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $500 is payable by the employer.

There is no AAA hearing fee for the initial Arbitration Management Conference.

(iii) Postponement/Cancellation Fees

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multi-arbitrator panel.

(iv) Hearing Room Rental

The hearing fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms in most offices for the convenience of the parties. Check with the administrator for availability and rates. Hearing room rental fees will be borne by the employer.

(v) Abeyance Fee

Parties on cases held in abeyance for one year will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed.

(vi) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the employer.

For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts:

The AAA's Commercial Fee Schedule, below, will apply to disputes arising out of individually-negotiable employment agreements and contracts, even if such agreements and contracts reference or incorporate an employer-promulgated plan.

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator

compensation is based on the most recent biography sent to the parties prior to appointment. Unless the parties agree otherwise, arbitrator compensation, and expenses as defined in section (v) below, shall be borne equally by the parties and are subject to reallocation by the arbitrator in the award.

(i) Filing Fees and Case Service Fees

An initial filing fee is payable in full by the filing party when a claim, counterclaim, or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 | * | * |
| Nonmonetary Claims** | $3,250 | $1,250 |

*\*\* This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.Fee Schedule for Claims in Excess of $10 MillionThe following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.*

Fee Schedulefor Claims in Excess of $10 Million

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $ 12,500 plus .01% of the amount of claim above $ 10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing

date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee.

(ii) Refund Schedule

The AAA offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

»100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.

»50% of the filing fee, in any case with filing fees in excess of $500, will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing. Where the filing fee is $500, the refund will be $200.

»25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing.

No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: The date of receipt of the demand for arbitration with the AAA will be used to calculate refunds of filing fees for both claims and counterclaims.

(iii) Hearing Room Rental

The fees described above do not cover the rental of hearing rooms. The AAA maintains hearing rooms in most offices for the convenience of the parties. Check with the AAA for availability and rates.

(iv) Abeyance Fee

Parties on cases held in abeyance for one year will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be administratively closed.

(v) Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne equally by the parties.

For Disputes Proceeding Under the Supplementary Rules for Class Action Arbitration ("Supplementary Rules"):

The AAA's Administered Fee Schedule, as listed in Section 11 of the Supplementary Rules for Class Action Arbitration, shall apply to disputes proceeding under the Supplementary Rules.

Optional Rules for Emergency Measures of Protection

O-1. Applicability

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

O-2. Appointment of Emergency Arbitrator

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special AAA panel of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

O-3. Schedule

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.

O-4. Interim Award If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage will result in the absence of emergency relief, and that such party is entitled to such relief, the emergency arbitrator may enter an interim award granting the relief and stating the reasons therefore.

O-5. Constitution of the Panel

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

O-6. Security

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed

incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

## O-8. Costs

The costs associated with applications for emergency relief shall be apportioned in the same manner as set forth in the Costs of Arbitration section.

## Employment Mediation Procedures

## 1. Agreement of Parties

Whenever, by provision in an employment dispute resolution program, or by separate submission, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (hereinafter "AAA") or under these procedures, they shall be deemed to have made these procedures, as amended and in effect as of the date of the submission of the dispute, a part of their agreement.

## 2. Initiation of Mediation

Any party to an employment dispute may initiate mediation by filing with the AAA a submission to mediation or a written request for mediation pursuant to these procedures, together with the applicable administrative fee.

## 3. Request for Mediation

A request for mediation shall contain a brief statement of the nature of the dispute and the names, addresses, and telephone numbers of all parties to the dispute and those who will represent them, if any, in the mediation. The initiating party shall simultaneously file two copies of the request with the AAA and one copy with every other party to the dispute.

## 4. Appointment of Mediator

Upon receipt of a request for mediation, the AAA shall send simultaneously to each party to the dispute an identical list of five (unless the AAA decides that a different number is appropriate) names of qualified mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement. If the parties are unable to agree upon an mediator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of a mediator to serve. If the parties fail to agree on any of the persons named, or if acceptable mediators are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to appoint a qualified mediator to serve.

If the agreement of the parties names a mediator or specifies a method of appointing a mediator, that

designation or method shall be followed.

5. Qualifications of Mediator

No person shall serve as a mediator in any dispute in which that person has any financial or personal interest in the result of the mediation, except by the written consent of all parties. Prior to accepting an appointment, the prospective mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. Upon receipt of such information, the AAA shall either replace the mediator or immediately communicate the information to the parties for their comments. In the event that the parties disagree as to whether the mediator shall serve, the AAA will appoint another mediator. The AAA is authorized to appoint another mediator if the appointed mediator is unable to serve promptly.

6. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise.

7. Representation

Any party may be represented by a person of the party's choice. The names and addresses of such persons shall be communicated in writing to all parties and to the AAA.

8. Date, Time, and Place of Mediation

The mediator shall fix the date, time, and place of each mediation session. The mediation shall be held at the appropriate regional office of the AAA, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

9. Identification of Matters in Dispute

At least 10 days prior to the first scheduled mediation session, each party shall provide the mediator with a brief memorandum setting forth its position with regard to the issues that need to be resolved. At the discretion of the mediator, such memoranda may be mutually exchanged by the parties.

At the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

10. Authority of Mediator

The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. The mediator is authorized to conduct joint and separate meetings with the parties and to make oral and written recommendations for settlement. Whenever necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice.

Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

The mediator is authorized to end the mediation whenever, in the judgment of the mediator, further efforts at mediation would not contribute to a resolution of the dispute between the parties.

## 11. Privacy

Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## 12. Confidentiality

Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports, or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding:

   a.  views expressed or suggestions made by another party with respect to a possible settlement of the dispute;
   b.  admissions made by another party in the course of the mediation proceedings;
   c.  proposals made or views expressed by the mediator; or
   d.  the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## 13. No Stenographic Record

There shall be no stenographic record of the mediation process.

## 14. Termination of Mediation

The mediation shall be terminated:

   a.  by the execution of a settlement agreement by the parties;
   b.  by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or
   c.  by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

## 15. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation.

Neither the AAA nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these procedures.

## 16. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

## 17. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and

representatives of the AAA, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

Mediation Fee Schedule

The nonrefundable case set-up fee is $325

per party. In addition, the parties are responsible for compensating the mediator at his or her published rate, for conference and study time (hourly or per diem).

All expenses are generally borne equally by the parties. The parties may adjust this arrangement by agreement.

Before the commencement of the mediation, the AAA shall estimate anticipated total expenses. Each party shall pay its portion of that amount as per the agreed upon arrangement. When the mediation has terminated, the AAA shall render an accounting and return any unexpendable balance to the parties.

© 2007 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

- AAA MISSION & PRINCIPLES
- PRIVACY POLICY
- TERMS OF USE
- TECHNICAL RECOMMENDATIONS
- ©2007 AMERICAN ARBITRATION ASSOCIATION. ALL RIGHTS RESERVED

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )
                             )  ss.:
COUNTY OF ORANGE             )

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

    On June 4, 2008, I served on interested parties in said action the within:

**DEFENDANT TOLL BROTHERS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TIMOTHY J. HOBAN AND JASON A. WEISS IN SUPPORT THEREOF**

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

Kathleen M. Lucas, Esq.
The Lucas Law Firm
180 Montgomery Street, Suite 2000
San Francisco, California  94104

    I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

    Executed on June 4, 2008, at Irvine, California.

_____          _____
    Stephanie Pattis                                              (Signature)
    (Type or print name)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

846742.02/OC