KATHLEEN M. LUCAS (Bar No. 80339)
THE LUCAS LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 402-0200
Fax: (415) 402-0400

Attorneys for Plaintiff
PETER SWALLOW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW,<br><br>Plaintiff,<br><br>v.<br><br>TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE,<br><br>Defendants. | Case No. C 08-02311 JCS<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>DATE: JULY 25, 2008<br>TIME: 9:30 A.M.<br>JUDGE: HONORABLE JOSEPH C. SPERO |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on July 25, 2008, at 9:30 A.M., or as soon thereafter as the matter may be heard, in the United States District Court Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff shall move the court for an order permitting Plaintiff to file a First Amended Complaint, which is attached to Kathleen M. Lucas Declaration in Support of Plaintiff's Motion for Leave to File First Amended Complaint, hereinafter "Lucas Dec.", as **Exhibit D**. FRCP Rule 15(a)(2) states that a party may amend its pleading with the leave of court, and the court should freely give leave when justice so requires. This Motion will be made upon the grounds that it is in the furtherance of justice to allow the filing of the First

-1-
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
CASE NO. C 08-02311 JCS

Amended Complaint and Defendant will suffer no prejudice. This Motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities in support hereof, the Declaration of Kathleen Lucas along with the exhibits attached thereto, as well as the pleadings, records, and files in this action and such other evidence and arguments as may be presented at or before the hearing of said Motion.

Although the Complaint sets forth two Causes of Action for Defamation and Slander *per se*, Plaintiff shall move the court to amend the Complaint to add a third Cause of Action for Age Discrimination in violation of the California Government Code §§ 12940, *et seq*, regulated by the California Department of Fair Employment and Housing ("DFEH"); Fourth Cause of Action Breach of Contract and Fifth Cause of Action Breach of the Covenant of Good Faith and Fair Dealing. The additional causes of action Plaintiff seeks to add to the First Amended Complaint arise out of the same conduct, transaction and occurrence set forth in Plaintiff's original Complaint. The specific amendments are in Plaintiff's First Amended Complaint attached to Lucas Dec. ¶ 14, **Exhibit D** and are not fully set forth herein because they are lengthy.[1]

Dated: June 20, 2008                    THE LUCAS LAW FIRM

                                        _____
                                        KATHLEEN M. LUCAS
                                        Attorneys for the Plaintiff

---

[1] As explained in the Lucas Declaration filed herewith, the Defendants answered before the Complaint was served and before the Plaintiff filed his First Amended Complaint that Defendants knew he intended to file.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

## INTRODUCTION

This case arises out of the terms and conditions of employment, including the subsequent termination of employment, of Plaintiff Peter Swallow ("Plaintiff" or "Swallow") by Toll Brothers, Inc. ("Defendant" or "Toll Brothers").

In August, 1999, Toll Brothers hired Plaintiff to work as the Project Manager for Toll Brothers out of the offices in San Ramon, CA. During the time he worked there, he did an excellent job and he was regularly rewarded for his good work. On April 4, 2007, Toll Brothers terminated his employment as Sr. Project Manager. The reason he was given was that he had ordered work to be done at private residences and billed the work to Toll Brothers. Swallow denied the accusation and tried to explain why the allegations were false. Nevertheless, Toll Brothers terminated his employment and slandered his reputation. Soon after Swallow's termination, Toll replaced Swallow with a less experienced thirty-one (31) year old employee. Swallow maintains that he was slandered and defamed through the false allegations, that his contract was breached and that age was a determining factor in defendant's decision to terminate him and replace him with a younger male.

Based on this information, Plaintiff seeks to amend his Complaint to add claims for age discrimination, Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing. Plaintiff seeks leave to file the First Amended Complaint to conform his pleading, to the allegations, evidence and current California law.

Initially, Plaintiff's counsel asked defendant's counsel for a tolling agreement on the statutes of limitations of the causes of action that were one year. She explained that because other causes of actions had two year statutes and the age discrimination claims required him to file a Charge of

Discrimination with the California Department of Fair Employment and Housing, he could not file all his claims together and still be timely as to all limitations and restrictions. See Lucas Dec. ¶ 3. Because the DFEH's Right-To-Sue letter would not be sent quickly because the DFEH is backed up, she suggested a tolling agreement. See Lucas Dec. ¶ 3. Defendant's counsel would not agree to a tolling agreement. Therefore, when the statute of limitations date was imminent, plaintiff filed on the causes of action with a one year statute of limitation. He filed claims for defamation and slander with the intention to file a First Amended Complaint with all of the remaining causes of action as soon as he received the Right-To-Sue letter for the age discrimination claim. See Lucas Dec. ¶ 4

After serving the DFEH documents on Toll Brothers as required by DFEH, counsel discussed the status of the case and the running of the statute of limitations issues. Plaintiff's counsel said that Plaintiff would be filing a First Amended Complaint after Mr. Swallow received his right to sue letter and would then serve the First Amended Complaint on Toll Brothers. See Lucas Dec. ¶ 9.

Rather than wait for the service of the lawsuit after the filing the First Amended Complaint, Mr. Weiss, Defendant's attorney, jumped ahead, answered the Complaint and filed the Removal papers, bringing the matter to this Court. Plaintiff requested that Defendants stipulate to the filing of a First Amended Complaint but they would not agree without seeing these papers. As set forth below, this Court should grant Plaintiff's motion because the claims arise out of the same conduct, transaction and occurrence set forth in Plaintiff's original Complaint and leave to amend should be liberally granted pursuant to FRCP Rule 15. See Lucas Dec. ¶ 16.

**LEGAL ARGUMENT**

**I. THE COURT SHOULD LIBERALLY GRANT A PLAINTIFF LEAVE TO AMEND**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to file an amended complaint "shall be freely given when justice so requires." Federal courts view the purpose of pleadings as merely facilitating a proper disposition on the merits. *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Therefore, a court should grant leave to amend "where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith...." *U.S. v. Pend Orelle Public Utility Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). There is no undue prejudice in an amendment with operative facts that are identical to those previously alleged in the complaint. *Hurn v. Retirement Fund Trust of Plumbing, Etc.*, 648 F.2d 1252, 1254 (9th Cir. 1981). In May 2008, this Court granted a similar plaintiff the right to file second amended complaint even later in the lawsuit. *Peoples v. County of Contra Costa*, 2008 WL 2225669 (N.D. Cal. 2008).

Here, there is *no prejudice* to the Defendant because they knew about these claims. The Complaint was never served, although defendant has answered. No discovery has been conducted and a question of referral to arbitration is pending. The facts underlying the additional causes of action are identical to the facts underlying plaintiff's other claims. The additional causes of action arise out of the same transactions and events involved in plaintiff's employment and subsequent termination. The additional causes of action are legitimate claims that the plaintiff is entitled to pursue and under which to seek damages. Accordingly, this Court should grant plaintiff's motion.

Plaintiff notified defendant's counsel of the causes of action when first requesting a tolling agreement and, later, when requesting a Stipulation to Amend the Complaint. Defendant's counsel never outright refused to stipulate to either but neither did they agreed to either toll the one year claims or to stipulate to the filing of a First Amended Complaint. See Lucas Dec. ¶¶ 3, 4, 14.

**CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court grant motion for leave to file a First Amended Complaint.

Date: June 20, 2008                                         THE LUCAS LAW FIRM

/S/
KATHLEEN M. LUCAS
Attorneys for Plaintiff
PETER SWALLOW