1  KATHLEEN M. LUCAS (Bar No. 80339)
   THE LUCAS LAW FIRM
2  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
3  Tel: (415) 402-0200
   Fax: (415)402-0400
4

5  Attorneys for Plaintiff
   PETER SWALLOW
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
   PETER SWALLOW,                          Case No. C 08-02311 JCS
11
            Plaintiff,                     **DECLARATION OF KATHLEEN M. LUCAS**
12                                         **IN SUPPORT OF PLAINTIFF'S MOTION FOR**
       v.                                  **LEAVE TO FILE FIRST AMENDED**
13                                         **COMPLAINT**
   TOLL BROTHERS, INC.; AND DOES 1-25,
14 INCLUSIVE,                              DATE: JULY 25, 2008
                                           TIME:  9:30 A.M.
15          Defendants.                    JUDGE: HONORABLE JOSEPH C. SPERO
16

17

18

19        I, KATHLEEN M. LUCAS, declare under penalty of perjury as follows:

20        1.      I am an attorney of law duly licensed to practice in the United District Courts and I

21 am the attorney representing Plaintiff Peter Swallow.

22        2.      This Declaration is based on personal knowledge, and if called to testify to the

23 contents herein, I would and could do so competently.

24
          3.      On several occasions, I had conversations with a lawyer in the General Counsel's
25
   office of Toll Brothers, Tim Hoban.  Most of those conversations are subject to the settlement
26
   privilege.  However, one that is clearly not covered by any privilege is when I asked him to for a
27

28

                                               -1-

tolling agreement on the statutes of limitations on the causes of action of Pete Swallow that were one year. I advised him that because the age discrimination claims required him to file a Charge of Discrimination with the California Department of Fair Employment and Housing, we would not have the right to sue letter before the one year statute of limitations would run. I also told him that we would be requesting a Right-To-Sue letter to be issued and that it would be easier if we had a tolling agreement so that we could file all of the claims at the same time in one Complaint. I know that the DFEH is backed up and that they are not able to issue timely right-to-sue letters.

4.    Mr. Hoban said that he was not sure that they would be willing to enter into a tolling agreement. When the statute of limitations date was imminent and we did not have an agreement with Toll Brothers to toll the statutes, we proceeded to file on the causes of action with a one year statute of limitation.

5.    Even though we discussed the filing and serving of a lawsuit in state court as part of the discussion about a tolling agreement, at no time did Mr. Hoban tell me that he believed Mr. Swallow had signed any document relating to arbitration.

6.    On February 28, 2008, Plaintiff Pete Swallow filed a Complaint of Discrimination with the California Department of Fair Employment and Housing. The Complaint was served on his employer. On March 12, 2008, The DFEH issued the Right-To-Sue letter which was served on his employer on April 22, 2008.

7.    Because the statutes of limitations were running on his claims with a one (1) year statute, we filed a Complaint in the California Superior Court County of Contra Costa for Defamation and Slander.

8.    We intended to file a First Amended Complaint with all of the causes of action as soon as we received the right to sue letter for the age discrimination claim.

9.     After serving the DFEH documents on Toll Brothers as required by DFEH, I received a call from Toll Brothers outside counsel, Jason Weiss. We had what I thought was a congenial conversation. He asked about the status of the case and I explained to him that due to the running of the statute of limitations on the defamation and slander claims, we had been forced to file because we had no tolling agreement. I also told him that because of the need for the right to sue letter on the age discrimination claims, we had filed a Charge of Discrimination with the California Department of Fair Employment and Housing and that we were waiting for a Right-To-Sue letter. I told him that we would be filing a First Amended Complaint after Mr. Swallow received his right to sue letter and would then serve the Complaint on Toll Brothers.

10.     At no time did Mr. Weiss say that he believed Mr. Swallow had signed any document relating to arbitration.

11.     Rather than wait for us to serve the lawsuit after filing the First Amended Complaint, Mr. Weiss, defendant's attorney, jumped ahead, answered the Complaint and filed the Removal papers.

12.     After several telephone calls, he informed me that they believed that Mr. Swallow had signed an arbitration agreement. I said that I knew nothing of it, no one had mentioned it and I needed to see it.

13.     I had surgery in April, 2008 and was out of the office for almost 5 weeks. During that time, we received correspondence and letters from Mr. Weiss about arbitration. I have been trying to determine the true story about the undated form that Mr. Weiss sent to me. In the meantime, I sent a letter to Mr. Weiss asking for a stipulation to file a First Amended Complaint and asking for a conversation about these issues. Mr. Weiss has not once responded by telephone but has sent letters and emails.

14.    Attached as **Exhibit A** is a true and correct copy of the June 18, 2008 letter I sent a letter to Jason Weiss requesting if Defendants would be willing to stipulate to a First Amended Complaint.

15.    Attached as **Exhibit B** is a true and correct copy of Defendants Response to the request to stipulate to the First Amended Complaint.

16.    Attached as **Exhibit C** is a true and correct copy of a string of email communications between counsel regarding a stipulation to file a First Amended Complaint.

17.    Attached as **Exhibit D** is a true and correct copy of Pete Swallow's First Amended Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 20, 2008                               THE LUCAS LAW FIRM


                                                   _____/S/_____
                                                   KATHLEEN M. LUCAS
                                                   Attorneys for the Plaintiff
                                                   PETER SWALLOW

DECLARATION KATHLEEN M. LUCAS IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
CASE NO. C 08-02311 JCS

# EXHIBIT A

# THE LUCAS LAW FIRM

KATHLEEN M. LUCAS
EMAIL: KLUCAS@LUCASLAW.NET

180 MONTGOMERY STREET, SUITE 2000
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE (415) 402-0200
TELECOPIER (415) 402-0400

June 18, 2008

Jason Weiss, Esq.
Allen Matkins
1900 Mail Street, Fifth Floor
Irvine, CA 92614-7321

      Re: <u>Pete Swallow v. Toll Brothers, Inc.</u>
          Amending the Complaint

Dear Mr. Weiss:

     As we discussed before your client appeared and answered the Complaint that had not yet been served, we were intending to amend the Complaint to include the discrimination claims before we served the Complaint. Having taken a jump on the service, we were not given the opportunity to amend the Complaint. This letter is to ask you if you are willing to stipulate to a First Amended Complaint in the above matter to include his discrimination claims. If you do not agree, we will be filing a motion to file a First Amended Complaint.

     Please let us know your position on this matter.

        Very truly yours,

        THE LUCAS LAW FIRM

        Kathleen M. Lucas

# EXHIBIT B

# Allen Matkins

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
1900 Main Street, 5ᵗʰ Floor | Irvine, CA 92614-7321
Telephone: 949.553.1313 | Facsimile: 949.553.8354
www.allenmatkins.com

Jason A. Weiss
E-mail: jweiss@allenmatkins.com
Direct Dial: 949 851 5426    File Number: T9783-007/OC848634.01

**<u>Via Electronic Mail</u>**

June 19, 2008

Kathleen M. Lucas, Esq.
The Lucas Law Firm
180 Montgomery Street, Suite 2000
San Francisco, California 94104

> **Re:    Swallow v. Toll Brothers, Inc.**
> **Case No. C08-02311 JCS**

Dear Ms. Lucas:

This letter responds to yours of yesterday, requesting that my client stipulate to your client filing a First Amended Complaint.

As a threshold matter, it strikes me as inconsistent that you are requesting my client to stipulate to something when you still have not substantively responded to my prior request that your client stipulate to arbitration -- a request I first made approximately six weeks ago. As a result, we were forced to bring a motion to compel arbitration (after we timely and properly removed the action from state court). You still have not expressed to me any viable explanation for why your client believes that he can avoid his agreement to arbitrate. Please do so. If you have some compelling reason to support your client evading his contractual obligations, please let me know so I may consider it.

Second, it also seems clear that you are "putting the cart before the horse." We should have the case in its proper venue -- the American Arbitration Association ("AAA") -- before amendments to pleadings are addressed. Ultimately, the AAA should determine pleading issues. Only if the Court denies our motion to compel arbitration (please note here that Toll's arbitration agreement has been uniformly enforced by both federal and state courts), should we potentially visit in the district court the issue of amendment, whether by stipulation or noticed motion. It would be a manifest waste of judicial and party resources to bring a motion for leave to amend at this stage, with our motion to compel arbitration pending (as it has been for the last two weeks).

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Kathleen M. Lucas, Esq.
June 19, 2008
Page 2

Third, you are asking Toll to stipulate to an amendment that it has not seen. If you are being sincere in your effort to secure a stipulation, please pay us the courtesy of sending the proposed amendment.

Finally, for the reasons set forth above, it seems odd that you would seek to amend the Complaint at this stage. Therefore, I cannot help suspect another reason for the timing of your request. Perhaps you believe that amendment may serve to further Mr. Swallow's opposition to Toll's motion to compel arbitration or perhaps you are attempting to engage in activity to try to anchor the case in federal court. If either is the case, please disclose that for our consideration.

Ultimately, Mr. Swallow can present all viable claims in the arbitration setting. Any effort to amend at this stage, prior to us having certainty as to the venue of the action, is premature. We would be glad to stipulate that we will not raise any laches argument (from this date through resolution of the motion to compel arbitration) concerning your proposed amendment to the Complaint.

Please let me know if you would like to discuss this further.

Very truly yours,

Jason A. Weiss
for ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

JAW:ssp

# EXHIBIT C

**Kay Lucas**

| | |
|---|---|
| **From:** | Weiss, Jason [jweiss@allenmatkins.com] |
| **Sent:** | Friday, June 20, 2008 7:11 AM |
| **To:** | klucas@lucaslaw.net |
| **Subject:** | RE: Swallow v. Toll |

Kay,

Your self-serving e-mail still does not respond to my legitimate questions.  I respectfully request (again) that you respond (in writing) to these questions.  Please.  Please also send me the proposed amended complaint.  You are asking Toll to stipulate to an amended pleading that it has not seen.  And apparently you are filing the motion today and I can only assume will be filing a proposed amended Complaint with your motion (as required).  So, please send it to me.  At the very least, advise exactly what changes/additions have been made to the original Complaint.  I am offended by your suggestion that I'm being difficult.  Nothing could be further from the truth.  I also disagree with your recital of the history of this matter -- you know very well that this case was not removed to avoid amendment to the Complaint, but rather because you served pleading/process which triggered Toll's time to remove. I'm trying to do my job here and you are making that difficult for no good reason.  Your suggestion also strikes me as odd given your conduct -- you still have not responded to my request that your client stipulate to arbitration and you have not extended the courtesy of telling me why he believes he can evade his agreement to arbitrate.  Rather, you forced me to file a motion to compel arbitration. I am more than happy to discuss this case with you.  For starters, please answer my outstanding questions and send me the proposed amended pleading. Finally, I kindly ask that, if you decide to file a motion despite the various concerns I have raised, you attach to the motion all of our correspondence on this issue and the motion to compel arbitration.

Thank you,

Jason

-----Original Message-----
From: klucas@lucaslaw.net [mailto:klucas@lucaslaw.net]
Sent: Thursday, June 19, 2008 7:08 PM
To: Weiss, Jason
Subject: Re: Swallow v. Toll


This email confirms my telephone message to you that we had hoped to have a conversation with you to discuss these issues. However, you simply reply with emails and letters.

As you know full well, we have advised you from the time of our first conversation, before you answered the Complaint and before you removed the case to Federal Court, that Mr. Swallow would be amending his Complaint as soon as he received his right to sue for age discrimination. You have seen the Charge of Discrimination and know the bases of the allegations from the Charge and from our conversations regarding the issue and the procedural prerequisite.

Accordingly, because you have refused to stipulate, we will be filing to amend the Complaint tomorrow and will schedule the hearing on the same date as your motion.

We regret having to take this extraordinary step but you give us no choice.

-Kay Lucas


sent via handheld


-----Original Message-----
From: "Weiss, Jason" <jweiss@allenmatkins.com>

1

Date: Thu, 19 Jun 2008 15:59:04
To:"Kay Lucas" <klucas@lucaslaw.net>
Subject: RE: Swallow v. Toll

Kay:

I think the letter speaks for itself.  It poses fair questions to you which warrant a response before you file a motion. Answers to these questions effect whether Toll is willing to stipulate to an amended pleading at this stage (while we are in federal court). Please send the proposed Amended Complaint and please respond to the reasonable questions I posed.  I cannot understand why you would choose to file without responding to my questions and forwarding the proposed amended pleading.  Not doing so only reinforces the points I made in my letter and evidences that you have not met and conferred in good faith.  Please also let me know why your motion needs to be heard on July 25.  Why can it not be noticed for a later hearing date, only to come before the Court if the motion to compel arbitration is denied?  I don't want to see either of us (or our clients or the court) devote time and money to an issue that may be moot.  More fundamentally, however, you have given me no reason to stipulate.  I cannot stipulate to what I have not seen. Lastly Kay, I'm still waiting for an explanation as to why your client will not stipulate to arbitration.  I look forward to your response and exploring whether a stipulation (to amend) is warranted.

Thanks,

Jason

Jason A. Weiss
Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
949/851-5426 (direct)
949/553-8354 (fax)
jweiss@allenmatkins.com


-----Original Message-----
From: Kay Lucas [mailto:klucas@lucaslaw.net]
Sent: Thursday, June 19, 2008 2:57 PM
To: Weiss, Jason
Cc: 'Kay Lucas'
Subject: RE: Swallow v. Toll


Judge Spero's clerk has advised us to file the motion to amend the Complaint tomorrow to meet the deadline for the hearing on July 25th.  I understand your letter to say that you are unwilling to stipulate to the filing of a First Amended Complaint.

If that is not the case, please let us know.

-Kay Lucas


-----Original Message-----
From: Weiss, Jason [mailto:jweiss@allenmatkins.com]
Sent: Thursday, June 19, 2008 12:09 PM
To: klucas@lucaslaw.net
Subject: Swallow v. Toll

Please see the attached correspondence.

Thanks,

Jason A. Weiss

Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
949/851-5426 (direct)
949/553-8354 (fax)
jweiss@allenmatkins.com

------------------------------------------------------------------------
--

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed
by the IRS, please be advised that any U.S. federal tax advice contained in
this communication (including any attachments) is not intended or written to
be used or relied upon, and cannot be used or relied upon, for the purpose
of (i) avoiding penalties under the Internal Revenue Code, or (ii)
promoting, marketing or recommending to another party any transaction or
matter addressed herein.

Confidentiality Notice:  The information contained in this electronic e-mail
and any accompanying attachment(s) is intended only for the use of the
intended recipient and may be confidential and/or privileged.  If any reader
of this communication is not the intended recipient, unauthorized use,
disclosure or copying is strictly prohibited, and may be unlawful.  If you
have received this communication in error, please immediately notify the
sender by return e-mail, and delete the original message and all copies from
your system.  Thank you.

------------------------------------------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS,
please be advised that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used or relied upon, and
cannot be used or relied upon, for the purpose of (i) avoiding penalties under the
Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any
transaction or matter addressed herein.

Confidentiality Notice:  The information contained in this electronic e-mail and any
accompanying attachment(s) is intended only for the use of the intended recipient and may
be confidential and/or privileged.  If any reader of this communication is not the
intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and
may be unlawful.  If you have received this communication in error, please immediately
notify the sender by return e-mail, and delete the original message and all copies from
your system.  Thank you.

------------------------------------------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS,
please be advised that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used or relied upon, and
cannot be used or relied upon, for the purpose of (i) avoiding penalties under the
Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any
transaction or matter addressed herein.

Confidentiality Notice:  The information contained in this electronic e-mail and any
accompanying attachment(s) is intended only for the use of the intended recipient and may
be confidential and/or privileged.  If any reader of this communication is not the
intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and
may be unlawful.  If you have received this communication in error, please immediately
notify the sender by return e-mail, and delete the original message and all copies from
your system.  Thank you.

# EXHIBIT D

KATHLEEN M. LUCAS (Bar No. 80339)
THE LUCAS LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel:  (415) 402-0200
Fax: (415)402-0400

Attorneys for Plaintiff
PETER SWALLOW

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW, <br><br> Plaintiff, <br><br> v. <br><br> TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE, <br><br> Defendants. | Case No. C 08-02311 JCS <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR JURY TRIAL FOR:** <br><br> 1.  **DEFAMATION;** <br> 2.  **SLANDER *PER SE*** <br> 3.  **AGE DISCRIMINATION** <br> 4.  **BREACH OF CONTRACT** <br> 5.  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> COMPLAINT FILED: APRIL 3, 2008 <br> **Demand For Trial By Jury** |

Plaintiff PETER SWALLOW ("SWALLOW") hereby files this First Amended Complaint, in this Court against defendants, and each of them, demands a trial by jury of all issues and for causes of action alleges:

## FACTUAL ALLEGATIONS

1.     PETER SWALLOW ("SWALLOW" or "Plaintiff") was a Sr. Project Manager who at all times mentioned in this Complaint, was, and is, a resident of the County of Contra Costa, State of California.

2.     Based on information and belief, Plaintiff alleges that at all times mentioned in this Complaint, Defendant TOLL BROTHERS, INC. (hereinafter "Toll Brothers") was, and is, a Delaware Corporation doing business in California with an office in Point Richmond, County of Contra Costa, State of California where SWALLOW worked.

3.     Toll Brothers is a multinational company specializing in construction, with a range of services that includes sales, marketing, trade finance, risk management and logistic services.

4.     At this time, Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, each of the Defendants, including those fictitiously named, were agents of each other and each was responsible and liable for the acts and omissions of the other.

5.     Plaintiff does not know the identities of DOES 1-25 at this time.  Based on information and belief, Plaintiff alleges that DOES 1-25 were responsible for acts taken against Plaintiff.  Plaintiff will seek leave of court to provide the true identities of DOES 1-25 when they become known.

6.     On or about August, 1999, Toll Brothers hired SWALLOW to work as the Project Manager at Toll Brothers out of the offices in San Ramon, CA.  If Toll Brothers was not the true employer, Plaintiff will amend his Complaint to conform to the facts once the true employer is identified.

7.     The last position SWALLOW held at Toll Brothers was Sr. Project Manager.

8.     While at Toll Brothers, SWALLOW successfully performed the duties of Sr. Project Manager in a responsible, loyal, competent and diligent manner consistent with the requirements of the position.  Throughout his employment, the feedback SWALLOW received, including oral discussions of his performance of his job duties, were uniformly better than satisfactory.  At all relevant times SWALLOW was ready, willing and able to perform the duties as Sr. Project Manager of Toll Brothers.

9.     On April 4, 2007, SWALLOW that his employment was being terminated by Toll Brothers because he had ordered work to be done at private residences and billed to Toll Brothers.  At the time, SWALLOW denied the accusation but was Toll Brothers still terminated his employment.

10.     During the time of his termination by Toll Brothers, SWALLOW was told that he was being accused of violating the company's policies and that a preliminary investigation by Toll Brothers was being conducted.

## FIRST CAUSE OF ACTION
### (Defamation)
### Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")

11.     On or about April 4, 2007, defendant Toll Brothers and other personnel of defendant intentionally made false and disparaging statements that Swallow had engaged in gross misconduct by billing defendant on numerous occasions for repair work performed at Swallow's own rental property and his relatives' properties.

12.     The words were said to and heard by Ron Helms and Barry Thompson an employ and owner of Cowan & Thompson Construction and several other persons whose names are not known to plaintiff.

13.     These words were defamatory because they accused Swallow of committing the crime of fraud and reflected on his profession, character and put him in a bad light. These statements were intentionally made. These false and disparaging statements caused injury to Plaintiff. These statements were made to people who had no need to know them. They were made knowing that there was no basis for making them and that they were false.

14.     The words uttered were false statement because SWALLOW did not engaged in such misconduct and Toll Brothers did not have sufficient evidence to support their allegation. These statements were republished and it was reasonably foreseeable that they would be republished. In addition, it was reasonably foreseeable that SWALLOW would have to self publicate the statement.

15.     Toll Brothers completed an investigation on this matter and found no evidence of misconduct or that Toll Brothers had ever paid for any repairs or alterations at the location of Swallow's residence.

16.     Defendant's false and disparaging statements carried a defamatory meaning because such statements are injurious to SWALLOW with respect to his profession, trade, business, and in attempting to find other employment. The word were understood by those who saw and heard them in a way that defamed SWALLOW because at the time, SWALLOW was employed by Toll

-3-

1   Brothers and his last position was senior project manager. As a result of the above-described works,

2   SWALLOW has suffered general damages to his reputation.

3   17.     As a further proximate result of the above-described works, As a direct, foreseeable, and

4   proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer

5   substantial losses of earnings and job benefits, incurred medical expenses and has suffered and

6   continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to

7   Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount

8   to be proven at trial.

9   18.     The above-described words were spoken by Toll Brothers and other personnel of Toll

10  Brothers with malice and fraud in that they made these statements despite the fact that they knew

11  these statements were false. Toll Brothers and others further made these statements maliciously in

12  an attempt to terminate Swallow's employment with Tolls brother because they wished to replace

13  him with a younger employee and keep his vested stock options upon termination. They were also

14  made for the sole purpose of discrediting Swallow in his profession. Thus, an award of exemplary

15  and punitive damages is justified

16

17              **SECOND CAUSE OF ACTION**
                      (Slander *Per Se*)
18         **Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")**

19  19.     On or about April 4, 2007, defendant Toll Brothers and other personnel of defendant

20  intentionally made false and disparaging statements that Swallow had engaged in gross misconduct

21  by billing defendant on numerous occasions for repair work performed at Swallow's own rental

22  property and his relatives' properties.

23  20.     The words were said to and heard by Ron Helms and Barry Thompson an employ and owner

24  of Cowan & Thompson Construction and several other persons whose names are not known to

25  plaintiff.

26  21.     These words were slanderous *per se* because they accused Swallow of committing the crime

27  of fraud and reflected on his profession, character and put him in a bad light .

28

-4-

22.    The words uttered were false statement because SWALLOW did not engaged in such misconduct and Toll Brothers did not have sufficient evidence to support their allegation. They were intentionally made these false and disparaging statements which caused injury to Plaintiff. These statements were made to people who had no need to know them.  They were made knowing that there was no basis for making them and that they were false. These statements were republished and it was reasonably foreseeable that they would be republished.  In addition, it was reasonably foreseeable that SWALLOW would have to self publicate the statement.

23.    Toll Brothers completed an investigation on this matter and found no evidence of misconduct or that Toll Brothers had ever paid for any repairs or alterations at the location of Swallow's residence.

24.    Defendant's false and disparaging statements carried a defamatory meaning because such statements are injurious to SWALLOW with respect to his profession, trade, business, and in attempting to find other employment.  The word were understood by those who saw and heard them in a way that defamed SWALLOW because at the time, SWALLOW was employed by Toll Brothers and his last position was senior project manager.  As a result of the above-described works, SWALLOW has suffered general damages to his reputation.

25.    As a foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses of earnings and job benefits, incurred medical expenses and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

26.    The above-described words were spoken by Toll Brothers and other personnel of Toll Brothers with malice and fraud in that they made these statements despite the fact that they knew these statements were false.  Toll Brothers and others further made these statements maliciously in an attempt to terminate Swallow's employment with Tolls brother because they wished to replace him with a younger employee and keep his vested stock options upon termination.  They were also

made for the sole purpose of discrediting Swallow in his profession. Thus, an award of exemplary and punitive damages is justified

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Age Discrimination)**
**Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")**

27.    By this reference, Plaintiff hereby incorporates paragraphs 1-26, inclusive, of this document as if set forth herein.

28.    At all times herein mentioned, Government Code §12940, *et seq.*, was in full force and effect and was binding upon Defendants, and each of them. Said sections require Defendants to refrain from discriminating against an employee on the basis of age. Within the time provided by law, Plaintiff complained to the California Department of Fair Employment and Housing ("DFEH"). Plaintiff received Plaintiff's "Right to Sue" from the DFEH and timely files this action.

29.    SWALLOW was 54 years old when his employment was terminated by defendant.

30.    On February 28, 2008, SWALLOW filed a Complaint of Age Discrimination with the California Department of Fair Employment and Housing and served it on his employer. On March 12, 2008, The Department issued the Right-To-Sue letter which was served on his employer on April 22, 2008.

31.    After terminating the employment of SWALLOW, Toll Brothers replaced him with a less experienced 31 year old.

32.    Plaintiff alleges that his age was a determining factor in the terms and conditions of his employment, and less experienced, younger employees were not subjected to the same or similar unfavorable treatment, including termination from his position as Sr. Project Manager.

33.    Defendants discriminated against Plaintiff on the basis of age in terminating Plaintiff's employment unlawfully and for reasons that violated the FEHA. The Plaintiff was fifty-four (54)

1  years old at the time of termination and replaced by a thirty-one (31) year old, less experienced

2  employee.

3  34.    On information and belief, Plaintiff alleges that Defendant, by its failure to prevent or

4  correct the discrimination against Plaintiff by its agents and employees, as alleged above, acted to

5  condone and ratify such conduct with the knowledge that such ratification would thereby interfere

6  with plaintiff's employment and ability to continue his career with Defendant.

7  

8  35.    As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff is

9  entitled to consequential and compensatory damages in an amount in excess of the minimum

10  jurisdiction of this court, the precise amount to be proven at trial.  Plaintiff has suffered and continues

11  to suffer substantial losses of earnings and job benefits.

12  

13  36.    As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff

14  has also suffered and continues to suffer humiliation, embarrassment, mental and emotional distress,

15  and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this

16  court, the precise amount to be proven at trial.

17  

18  37.    Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively

19  with wrongful intention of injuring Plaintiff and acted with an improper and evil mode amounting to

20  malice, in a conscious disregard for Plaintiff's rights.  Because the acts taken toward Plaintiff were

21  carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional

22  manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from

23  Defendant in an amount according to proof.

24  

25  **WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

26  

27  

28

## FOURTH CAUSE OF ACTION
### (For Breach of Contract)
### (Against TOLL BROTHERS and DOES 1-25 Only ("Defendants"))

38.     By this reference, Plaintiff hereby incorporates paragraphs 1-37, inclusive, of this document as if set forth herein.

39.     Defendant employed Plaintiff under a contract of employment that was partly written, partly oral, and partly implied.  By and through such contract, Plaintiff was assured that he would receive compensation for his services consistent with his contracts and with Toll Brothers, Inc.'s policies, be provided continuous employment and would not be terminated without good cause.  Plaintiff further relied on the written provisions of the personnel manual regarding causes for which employees could be discharged to conclude that Plaintiff and Defendant had entered into an implied contract that Plaintiff would be provided continued employment and would not be discharged unless there was good cause to do so.  Plaintiff also relied on the written policies of Toll Brothers, Inc. with regard to the compensation programs which provided for some of the terms for compensation that would be owed and paid to him when he completed certain service.

40.     The terms of the employment contract included, but were not limited to, the following: Defendant would provide Plaintiff with compensation as described above, with continued employment and would not discharge Plaintiff without good cause and fair warning, based on objective, reasonable and verifiable criteria, to which Plaintiff would have an opportunity to respond; and Plaintiff would receive payment for any and all wages and compensation owed to him. The written terms of Plaintiff's employment contract are set forth in Toll Brothers, Inc.'s policies and some are set forth in the document attached hereto as

41.     Plaintiff performed under the contracts, remained in Defendant's employ, and gave his time and effort to Defendant; alternatively, Plaintiff's performance was excused because of certain acts of Defendant.

42.     Defendant breached its employment contract and executive compensation contracts. Defendant refused to allow Plaintiff to perform in accordance with the contract terms and failed to

1  pay Plaintiff the wages owed to him in violation of Labor Code §§ Sec. 201 and 203 at the time

2  Plaintiff was discharged.

3  43.    Plaintiff undertook and continued employment and duly performed all of the conditions of

4  the contracts to be performed by him.  Plaintiff at all times has been ready, willing, and able to

5  perform, and has offered to perform, all of the conditions of the contracts to be performed by him.

6  44.    Defendant, in refusing to allow Plaintiff to continue working and in wrongfully terminating

7  Plaintiff's employment contract, breached its own established policy and practice of only

8  discharging permanent employees for good cause.  Furthermore, Defendant breached Plaintiff's

9  employment contract wherein Plaintiff would be allowed to work unless good cause excused his

10  termination.  By interfering with Plaintiff's performance of said contract and failing to pay Plaintiff

11  the wages and compensation owed to her, Defendant breached Plaintiff's executive compensation

12  contract.  Defendant, in refusing to allow Plaintiff to continue working and in unlawfully

13  terminating Plaintiff's employment contract, also breached the implied covenant of good faith and

14  fair dealing implied in all contracts.

15  

16      **WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

17  ### FIFTH CAUSE OF ACTION
**(Breach Of The Implied Covenant Of Good Faith And Fair Dealing)**

18  **Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")**

19  45.    By this reference, Plaintiff hereby incorporates paragraphs 1-44, inclusive, of this document

20  as if set forth herein.

21  46.    Defendant employed Plaintiff under a contract of employment that was partly written, partly

22  oral, and partly implied.  Further, Defendant entered into an executive compensation contract with

23  Plaintiff.

24  47.    Plaintiff has performed under the contracts, remained Defendant's employee, and gave her

25  time and effort to Defendant; alternatively, Plaintiff's performance was excused because of certain

26  acts committed by Defendants.

27

28

48.     Pursuant to said contracts, Defendant owed Plaintiff a duty of good faith and fair dealing in the performance of said contracts.

49.     Defendant breached the implied covenant of good faith and fair dealing by failing to cooperate honestly and fairly with Plaintiff in the performance of said contracts.

50.     As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.     As to Causes of Action One, Two, Three, Four and Five, that Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or consequential damages for violation of the FEHA (Cal. Gov't Code §§ 12900, *et seq.*) including lost wages and benefits;

2.     As to Causes of Action One, Two and Three, that Plaintiff recover damages for emotional distress;

3.     As to Causes of Action One, Two and Three that Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants.

4.     That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for the costs of this litigation, and reasonable attorneys' fees pursuant to Cal. Gov't. Code § 12965 and Code of Civ. Proc. § 1021.5 and Labor Code ¶ 218.5;

5.     That Plaintiff recover pre-judgment and post-judgment interest pursuant to Civil Code §§ 3287, 3288, and 3291

4.   .For such other and further relief as the Court shall deem just and proper.


Date: July ___, 2008                              THE LUCAS LAW FIRM


                                                  _____/s/_____
                                                  KATHLEEN M. LUCAS
                                                  Attorneys for Plaintiff
                                                  PETER SWALLOW


**PLAINTIFF DEMANDS TRIAL BY JURY.**

Date: July ___, 2008                              THE LUCAS LAW FIRM


                                                  _____/s/_____
                                                  KATHLEEN M. LUCAS
                                                  Attorneys for Plaintiff
                                                  PETER SWALLOW

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES