1  JASON A. WEISS (BAR NO. 185268)
   SHANNON R. WOLF (BAR NO. 226828)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  1900 Main Street, Fifth Floor
   Irvine, California 92614-7321
4  Phone: (949) 553-1313
   Fax: (949) 553-8354
5  E-Mail: jweiss@allenmatkins.com
           swolf@allenmatkins.com
6
   BALDWIN J. LEE (BAR NO. 187413)
7  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
8  Three Embarcadero Center, 12th Floor
   San Francisco, California 94111-4074
9  Phone: (415) 837-1515
   Fax: (415) 837-1516
10 E-Mail: blee@allenmatkins.com

11 Attorneys for Defendant
   TOLL BROTHERS, INC.
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  PETER SWALLOW, | Case No. C 08-2311 JCS |
| 17        Plaintiff, | **DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18     vs. | |
| 19  TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE, | |
| 20        Defendants. | Date:  August 29, 2008<br>Time:  1:30 p.m.<br>Judge: Honorable Joseph C. Spero |
| 21 | |
| 22 | Complaint Filed:  April 3, 2008<br>Trial Date:  None Set |

## I. INTRODUCTION.

Plaintiff Peter Swallow ("Plaintiff) began his employment with Toll Brothers, Inc. ("Toll") in August 1999, as a Project Manager. On or about November 1, 2001, as one of the terms and conditions of his employment, Plaintiff entered into an express, written arbitration agreement with Toll. On April 5, 2007, Plaintiff was terminated from his employment with Toll for misconduct.

On April 3, 2008, Plaintiff filed an action against Toll in the Superior Court of the State of California in the County of Contra Costa. The Complaint alleged two causes of action: defamation and slander per se. A copy of the Complaint in the Action is attached hereto as <u>Exhibit "A"</u> to the Declaration of Jason A. Weiss ("Weiss Decl.").

On April 8, 2008, Toll's agent for service of process was served with a peremptory challenge. (<u>See</u> Weiss Decl., ¶ 3.) Therefore, Toll's counsel appropriately filed an Answer and Notice of Removal since the 30 day time period to remove the Complaint had been triggered pursuant to 28 USC §§ 1446, 1447. Contrary to Plaintiff's counsel's assertion, Toll did not "jump" service, but took appropriate steps to timely remove the action to federal court.

Although Plaintiff's counsel spoke with Tim Hoban, Regional Counsel for Toll, Mr. Hoban does not recall Plaintiff's counsel ever requesting a tolling agreement for purposes of obtaining a Right-To-Sue letter from the Department of Fair Employment and Housing. (<u>See</u> Declaration of Timothy J. Hoban ("Hoban Decl."), attached hereto, ¶ 2.) In addition, Mr. Hoban informed Plaintiff's counsel that Plaintiff is subject to an arbitration agreement. (Hoban Decl., ¶ 3.)

Since the case was removed to federal court, defense counsel has repeatedly requested that Plaintiff submit to arbitration, however, Plaintiff's counsel has refused to respond. (Weiss Decl., ¶ 4.) After multiple attempts to meet and confer, Toll was forced to file a Motion to Compel Arbitration and to Stay the Proceedings on June 4, 2008. (<u>Id</u>.)

Two weeks after the filing of the Motion to Compel Arbitration and to Stay the Proceedings, Plaintiff's counsel requested Toll's stipulation to the filing of an amended complaint. (Weiss Decl., ¶ 5.) Defense counsel informed Plaintiff's counsel that it made more sense for both parties to address such issues after the appropriate forum for this lawsuit was determined. (Weiss Decl., ¶ 5.) In e-mail correspondence, Defense counsel repeatedly requested a copy of the proposed amended complaint, which it never received prior to Plaintiff filing this motion. (Weiss Decl., ¶ 6.) Although Toll attempted to meet and confer with Plaintiff's counsel regarding the requested stipulation, it was understandably unable to agree to an amendment that was never provided to Defense counsel nor explained in any detail.

Upon receipt of the motion, Defense counsel noticed that Plaintiff seeks to add *three* additional causes of action for age discrimination, breach of contract, and breach of covenant of good faith and fair dealing. Plaintiff's counsel has never provided notice nor mentioned a potential claim for breach of contract and/or breach of covenant of good faith and fair dealing. (Weiss Decl., ¶ 7.) Moreover, there is no administrative exhaustion requirement that would justify the delay in the filing of such additional causes of action. Thus, it is clear that Plaintiff attempted to obtain a blanket stipulation in order to add claims without informing Toll.

As such, Plaintiff's Motion should be denied, at least as to the breach of contract and breach of covenant of good faith and fair dealing causes of action, for undue delay and dilatory tactics.

## II. ARGUMENT AND AUTHORITIES.

In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, it is apparent that Plaintiff's counsel's motive in filing the instant motion is to engage in dilatory tactics by prolonging the litigation of this case in federal court, when the appropriate forum for this case is arbitration. Defendant has repeatedly requested Plaintiff's submission to arbitration and was forced to file the Motion to Compel Arbitration and to Stay the Proceedings, which is before this Court. Only after Defendant filed a Motion to Compel Arbitration, did Plaintiff's counsel attempt to obtain a stipulation.

Even so, Plaintiff's attempt to obtain a stipulation from Defendant, was certainly not in good faith since Plaintiff's counsel never provided a copy of the proposed amended complaint, despite repeated requests. Moreover, Plaintiff seeks to add three additional causes of action, two of which Plaintiff should have previously filed since Plaintiff's purported reason for delay -- the filing of an administrative charge -- is not applicable to these claims since there is no requirement to exhaust an administrative remedy in order to file a breach of contract and breach of covenant of good faith and fair dealing claim. It appears that Plaintiff's counsel is unnecessarily prolonging the litigation of this case in federal court, without first waiting for a resolution regarding the appropriate forum.

### III. **CONCLUSION.**

As such, Defendant respectfully requests that this Court deny Plaintiff's motion based on dilatory tactics and undue delay, at least as to the breach of contract and breach of covenant of good faith and fair dealing claims.

Dated: July 3, 2008

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ Shannon R. Wolf
SHANNON R. WOLF
Attorneys for Defendant
TOLL BROTHERS, INC.

# PROOF OF SERVICE BY MAIL

STATE OF CALIGORNIA ) ss.:
COUNTY OF ORANGE )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

On July 3, 2008, I served on interested parties in said action the within:

**DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

Kathleen M. Lucas, Esq.
The Lucas Law Firm
180 Montgomery Street, Suite 2000
San Francisco, California 94104

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on July 3, 2008, at Irvine, California.

Stephanie S. Pattis
(Type or print name)                    (Signature)