JASON A. WEISS (BAR NO. 185268)
SHANNON R. WOLF (BAR NO. 226828)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: jweiss@allenmatkins.com
        swolf@allenmatkins.com

BALDWIN J. LEE (BAR NO. 187413)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: blee@allenmatkins.com

Attorneys for Defendant
TOLL BROTHERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW,<br><br>    Plaintiff,<br><br>vs.<br><br>TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE,<br><br>    Defendants. | Case No. C 08-2311 JCS<br><br>**DECLARATION OF JASON A. WEISS IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: August 29, 2008<br>Time: 1:30 p.m.<br>Judge: Honorable Joseph C. Spero<br><br>Complaint Filed: April 3, 2008<br>Trial Date: None Set |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

849297.01/OC

## DECLARATION OF JASON A. WEISS

I, Jason A. Weiss, declare as follows:

1. I am a Partner at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel of record for Toll Brothers, Inc. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On April 3, 2008, Plaintiff filed an action against Toll in the Superior Court of the State of California in the County of Contra Costa. The Complaint alleged two causes of action: defamation and slander per se. A copy of the Complaint in the Action is attached hereto as Exhibit "A."

3. On April 8, 2008, Toll's agent for service of process was served with a peremptory challenge.

4. Since the case was removed to federal court, I repeatedly requested that Plaintiff submit to arbitration, however, Plaintiff's counsel refused to respond. After multiple attempts to meet and confer, Toll was forced to file a Motion to Compel Arbitration and to Stay the Proceedings on June 4, 2008.

5. Two weeks after the filing of the Motion to Compel Arbitration and to Stay the Proceedings, Plaintiff's counsel asked Toll to stipulate to the filing of an amended complaint. I informed Plaintiff's counsel that it made more sense for both parties to address such issues after the appropriate forum for this lawsuit was determined.

///

///

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

849297.01/OC

1      6.    In e-mail correspondence, I repeatedly requested a copy of the proposed amended complaint, which I never received prior to Plaintiff filing this motion.

     7.    Plaintiff's counsel never provided notice nor mentioned a potential claim for breach of contract and/or breach of covenant of good faith and fair dealing with respect to this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 2, 2008, at New York, New York.

Jason A. Weiss

# *Exhibit "A"*

1  KATHLEEN M. LUCAS (Bar No. 80339)
   THE LUCAS LAW FIRM
2  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
3  Tel: (415) 402-0200
   Fax: (415)402-0400
4

5  Attorneys for Plaintiff
   PETER SWALLOW

6

**FILED**
APR 03 2008
K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
J. HUNTER

PER LOCAL RULES 5 THIS
CASE IS ASSIGNED TO
DEPT. 9

7  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8  IN AND FOR THE COUNTY OF CONTRA COSTA
9  (Unlimited Jurisdiction)

SUMMONS ISSUED

10

11 PETER SWALLOW,

12         Plaintiff,

13    v.

14 TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE,

15         Defendants.

Case No. C 08-00833

**COMPLAINT FOR DAMAGES AND FOR JURY TRIAL FOR:**

1. **DEFAMATION; AND,**
2. **SLANDER** *PER SE*

**Demand For Trial By Jury**

BY FAX

20    Plaintiff PETER SWALLOW hereby files this Complaint, in this Court against defendants,
21 and each of them, demands a trial by jury of all issues and for causes of action alleges:

## FACTUAL ALLEGATIONS

22
23 1.    PETER SWALLOW ("SWALLOW" or "Plaintiff") was a Sr. Project Manager who at all
24 times mentioned in this Complaint, was, and is, a resident of the County of Contra Costa, State of
25 California.
26 2.    Based on information and belief, Plaintiff alleges that at all times mentioned in this
27 Complaint, Defendant TOLL BROTHERS, INC. (hereinafter "Toll Brothers") was, and is, a
28

-1-

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  Delaware Corporation doing business in California with an office in Point Richmond, County of
2  Contra Costa, State of California where SWALLOW worked.
3  3.    Toll Brothers is a multinational company specializing in construction, with a range of
4  services that includes sales, marketing, trade finance, risk management and logistic services.
5  4.    At this time, Plaintiff is informed and believes and thereon alleges that, at all times
6  mentioned herein, each of the Defendants, including those fictitiously named, were agents of each
7  other and each was responsible and liable for the acts and omissions of the other.
8  5.    Plaintiff does not know the identities of DOES 1-25 at this time. Based on information and
9  belief, Plaintiff alleges that DOES 1-25 were responsible for acts taken against Plaintiff. Plaintiff
10 will seek leave of court to provide the true identities of DOES 1-25 when they become known.
11 6.    On or about August, 1999, Toll Brothers hired SWALLOW to work as the Project Manager
12 at Toll Brothers out of the offices in San Ramon, CA. If Toll Brothers was not the true employer,
13 Plaintiff will amend his Complaint to conform to the facts once the true employer is identified.
14 7.    The last position SWALLOW held at Toll Brothers was Sr. Project Manager.
15 8.    While at Toll Brothers, SWALLOW successfully performed the duties of Sr. Project
16 Manager in a responsible, loyal, competent and diligent manner consistent with the requirements of
17 the position. Throughout his employment, the feedback SWALLOW received, including oral
18 discussions of his performance of his job duties, were uniformly better than satisfactory. At all
19 relevant times SWALLOW was ready, willing and able to perform the duties as Sr. Project Manager
20 of Toll Brothers.
21 9.    On April 4, 2007, Tim Hoban told SWALLOW that his employment was being terminated
22 by Toll Brothers because he had ordered work to be done at private residences and billed to Toll
23 Brothers. At the time, SWALLOW denied the accusation but was Toll Brothers still terminated his
24 employment.
25 10.   During the time of his termination by Toll Brothers, SWALLOW was told that he was being
26 accused of violating the company's policies and that a preliminary investigation by Toll Brothers
27 was being conducted.
28

# FIRST CAUSE OF ACTION
### (Defamation)
### Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")

11. On or about April 4, 2007, defendant Toll Brothers and other personnel of defendant intentionally made false and disparaging statements that Swallow had engaged in gross misconduct by billing defendant on numerous occasions for repair work performed at Swallow's own rental property and his relatives' properties.

12. The words were said to and heard by Ron Helms and Barry Thompson an employ and owner of Cowan & Thompson Construction and several other persons whose names are not known to plaintiff.

13. These words were defamatory because they accused Swallow of committing the crime of fraud and reflected on his profession, character and put him in a bad light. These statements were intentionally made. These false and disparaging statements caused injury to Plaintiff. These statements were made to people who had no need to know them. They were made knowing that there was no basis for making them and that they were false.

14. The words uttered were false statement because SWALLOW did not engaged in such misconduct and Toll Brothers did not have sufficient evidence to support their allegation. These statements were republished and it was reasonably foreseeable that they would be republished. In addition, it was reasonably foreseeable that SWALLOW would have to self publicate the statement.

15. Toll Brothers completed an investigation on this matter and found no evidence of misconduct or that Toll Brothers had ever paid for any repairs or alterations at the location of Swallow's residence.

16. Defendant's false and disparaging statements carried a defamatory meaning because such statements are injurious to SWALLOW with respect to his profession, trade, business, and in attempting to find other employment. The word were understood by those who saw and heard them in a way that defamed SWALLOW because at the time, SWALLOW was employed by Toll

Brothers and his last position was senior project manager. As a result of the above-described works, SWALLOW has suffered general damages to his reputation.

17. As a further proximate result of the above-described works, As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses of earnings and job benefits, incurred medical expenses and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

18. The above-described words were spoken by Toll Brothers and other personnel of Toll Brothers with malice and fraud in that they made these statements despite the fact that they knew these statements were false. Toll Brothers and others further made these statements maliciously in an attempt to terminate Swallow's employment with Tolls brother because they wished to replace him with a younger employee and keep his vested stock options upon termination. They were also made for the sole purpose of discrediting Swallow in his profession. Thus, an award of exemplary and punitive damages is justified

### SECOND CAUSE OF ACTION
(Slander *Per Se*)
Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")

19. On or about April 4, 2007, defendant Toll Brothers and other personnel of defendant intentionally made false and disparaging statements that Swallow had engaged in gross misconduct by billing defendant on numerous occasions for repair work performed at Swallow's own rental property and his relatives' properties.

20. The words were said to and heard by Ron Helms and Barry Thompson an employ and owner of Cowan & Thompson Construction and several other persons whose names are not known to plaintiff.

21. These words were slanderous *per se* because they accused Swallow of committing the crime of fraud and reflected on his profession, character and put him in a bad light.

22. The words uttered were false statement because SWALLOW did not engaged in such misconduct and Toll Brothers did not have sufficient evidence to support their allegation. They were intentionally made these false and disparaging statements which caused injury to Plaintiff. These statements were made to people who had no need to know them. They were made knowing that there was no basis for making them and that they were false. These statements were republished and it was reasonably foreseeable that they would be republished. In addition, it was reasonably foreseeable that SWALLOW would have to self publicate the statement.

23. Toll Brothers completed an investigation on this matter and found no evidence of misconduct or that Toll Brothers had ever paid for any repairs or alterations at the location of Swallow's residence.

24. Defendant's false and disparaging statements carried a defamatory meaning because such statements are injurious to SWALLOW with respect to his profession, trade, business, and in attempting to find other employment. The word were understood by those who saw and heard them in a way that defamed SWALLOW because at the time, SWALLOW was employed by Toll Brothers and his last position was senior project manager. As a result of the above-described works, SWALLOW has suffered general damages to his reputation.

25. As a foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses of earnings and job benefits, incurred medical expenses and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

26. The above-described words were spoken by Toll Brothers and other personnel of Toll Brothers with malice and fraud in that they made these statements despite the fact that they knew these statements were false. Toll Brothers and others further made these statements maliciously in

1  an attempt to terminate Swallow's employment with Tolls brother because they wished to replace
2  him with a younger employee and keep his vested stock options upon termination. They were also
3  made for the sole purpose of discrediting Swallow in his profession. Thus, an award of exemplary
4  and punitive damages is justified

5      **WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

6  <u>**PRAYER FOR RELIEF**</u>

7

8  **WHEREFORE**, Plaintiff prays for relief as follows:

9  1.    That Plaintiff have and recover a judgment against Defendants in an amount to be
10  determined at trial as general, special, actual, compensatory and/or nominal damages including
11  lost wages, benefits and emotional distress damages as to the First and Second Causes of Action..

12  2.    That Plaintiff have and recover a judgment against Defendants for punitive damages in an
13  amount to be determined at trial sufficient to punish, penalize and/or deter Defendants under the
14  First and Second Causes of Action...

15  3.    That Plaintiff recover pre-judgment and post-judgment interest.

16  4.    For such other and further relief as the Court shall deem just and proper.

17  Date: April 2, 2008                  THE LUCAS LAW FIRM
18
19                                        KATHLEEN M. LUCAS
20                                        Attorneys for Plaintiff
                                      PETER SWALLOW
21
22                **PLAINTIFF DEMANDS TRIAL BY JURY.**

23  Date: April 2, 2008                  THE LUCAS LAW FIRM
24
25
26                                        KATHLEEN M. LUCAS
                                      Attorneys for Plaintiff
27                                        PETER SWALLOW
28

PLAINTIFF'S COMPLAINT FOR DAMAGES

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA   )
                      ) ss.:
COUNTY OF ORANGE      )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

On July 3, 2008, I served on interested parties in said action the within:

**DECLARATION OF JASON A. WEISS IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

by placing a true copy thereof in sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

Kathleen M. Lucas, Esq.
The Lucas Law Firm
180 Montgomery Street, Suite 2000
San Francisco, California 94104

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on July 3, 2008, at Irvine, California.

_____Stephanie S. Pattis_____        _____/s/ Stephanie Pattis_____
      (Type or print name)                        (Signature)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

849297.01/OC