1  KATHLEEN M. LUCAS (Bar No. 80339)
   THE LUCAS LAW FIRM
2  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
3  Tel: (415) 402-0200
   Fax: (415) 402-0400
4
5  Attorney for Plaintiff
   PETER SWALLOW
6

7           UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
8

9  PETER SWALLOW,                    Case No. C 08-02311 JCS

10         Plaintiff,                PLAINTIFF PETER SWALLOW'S
                                     MEMORANDUM OF POINTS AND
11      v.                           AUTHORITIES IN OPPOSITION TO
                                     DEFENDANT'S MOTION TO COMPEL
12 TOLL BROTHERS, INC.; AND DOES 1-25, ARBITRATION
   INCLUSIVE,
13
14         Defendants.
                                     Date: August 29, 2008
15                                   Time: 1:30 PM
                                     Ctrm: A
16                                   Judge: Hon. Joseph C. Spero

17                                   Complaint Filed: April 3, 2008
                                     Trial Date: None Set
18

Table of Contents

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF PERTINENT FACTS ........................................................................... 2

III.   ARGUMENT ..................................................................................................................... 3

  A.   The Federal Arbitration Act Does Not Apply Until the Court Establishes That an Enforceable Arbitration Agreement Exists Under State Law. .................................................... 3

    1.   *Buckeye Check Cashing v. Cardegna* Establishes That Courts Should Apply State Law in Deciding Whether an Agreement to Arbitrate Exists, and The Burden of Proof Shifts to The Employer. ........................................................................................................................ 3

    2.   California Contract Law Governs the Enforceability of this Agreement ...................... 4

  B.   *Armendariz v. Foundation Health Psychcare Services, Inc.* Sets Forth The Applicable Standards For The Enforceability of Arbitration Provisions. ................................................... 4

    1.   The Agreement Here Fails to Meet the *Armendariz* Tests. ......................................... 5

    2.   The Legal Standard of Unconscionability is Substantive and Procedural ................... 5

    3.   Deficiencies in the Arbitration Document Are Unconscionable and Unenforceable.... 7

      a.   Contracts of Adhesion: Unconscionability of One-Sided Agreements ...................... 7

      b.   Substantive Deficiencies ........................................................................................... 7

        (i) The Agreement Lacks Mutuality. ............................................................................ 7

        (ii) The Agreement Does Not Provide For a Neutral Arbitrator. ................................ 8

        (iii) The Costs Paid by the Employer Are Not All Costs "Unique to Arbitration" But Limited to the Filing Fee and the Arbitrator's Fee. ...................................................... 8

        (iv) The Agreement Does Not Allow Discovery as a Right. ....................................... 9

        (v) The Agreement Does Not Recognize Statutory Fee Shifting Provisions in Its Fee Shifting Paragraph and Adopts a Different Standard. ................................................. 10

        (vi) The Agreement Alters The Standards For Review. ........................................... 10

(vii) The Contract Cannot be Reformed Because The Agreement is Permeated With Unconscionability. ................................................................................................ 11

    c.    Procedural Deficiencies and Unconscionability ........................................ 12

(i) The Agreement Does Not Waive The Right to a Jury Trial. ................................. 12

(ii) The Agreement Does Not Give Notice to the Plaintiff That he is Waiving Substantive Civil Rights. ............................................................................................ 12

(iii) The Agreement Was Executed no Less Than Two Years After The Commencement of Plaintiff's Employment and After *Armendariz*. .......................... 13

(iv) The Agreement Attempts to Apply The FAA Without Disclosure of What The Act is or by Providing a Copy to The Employee. ..................................................... 13

IV.    CONCLUSION .................................................................................................... 13

# Table of Authorities

**Cases**

*Abramson v. Jupiter Networks, Inc.* (2004) 115 Cal.App.4th 638 ........................................... 11

*Armendariz v. Foundation Health Psychcare Services, Inc,.* (2000) 24 Cal.4th 83 .................. passim

*Cione v. Foresters Equity Services, Inc.* (1997) 58 Cal.App.4th 625 ........................................ 3

*Doctor's Assocs., Inc. v. Casarotto* (1996) 517 U.S. 681 ........................................................ 3

*Doctor's Assocs., Inc. v. Casarotto* (1996) 517 U.S. 681 ........................................................ 3

*First Options of Chicago, Inc. v. Kaplan* (1995) 514 U.S. 938 ................................................ 3

*Fitz v. NCR Corp.*, 118 Cal.App.4th 702 ................................................................................ 9

*Grafton Partners L.P. v. Superior Court*, (2005) 36 Cal.4th 944 ........................................... 12

*Heily v. Superior Court* (1988) 202 Cal.App.3d 255 ................................................................ 3

*Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal.App.4th 1322 ................................. 9

*Lopez v. Charles Schwab & Co., Inc.* (2004) 118 Cal.App.4th 1224 ........................................ 3

*Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167 ........................................................ 7, 9

*Murphy v. Check'n Go of California, Inc.*, 156 Cal.App.4th 138 (2007) ................................. 7, 8

*Ontiveros v. DHL Express*, 2008 WL 2573717 (Cal.App. 1 Dist.) ......................................... passim

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.* (1967) 388 U.S. 395 ...................................... 4

**Statutes**

Cal. Code Civ. Proc. § 1281.2(b) ............................................................................................. 4

Civ. Code, § 1670.5 .............................................................................................................. 11

# I. INTRODUCTION

Defendant Toll Brothers, Inc. seeks to have the claims of Plaintiff Peter Swallow referred to arbitration pursuant to a document that fails to meet the standards for enforceability of contracts involving voluntary arbitration agreements. The arbitration provisions are permeated with unconscionable and non-severable terms that cannot be reformed. The document entitled "Arbitration Agreement" upon which Defendant relies is both substantively and procedurally unconscionable and thus unenforceable for the following reasons: (1) the document *lacks mutuality*; (2) the arbitrator "…or entity (is) selected by the Company…" without the consent of the Plaintiff and the applicable "Rules" are uncertain because the *Company alone selects the forum* such as the AAA, "…or its successor or a similar association or entity…(using) the association or entity's then current rules…" (Paragraph 1); (3) the leadership of the AAA has shown hostility and bias against trial lawyers; (4) *not all the costs "unique to arbitration"* are paid by the Company--it will pay only "…the costs of the filing fee and the Arbitrator's fee" (Paragraph 7); (5) *discovery is discretionary* and not a matter of right because it must be 'ordered' by the Arbitrator (Paragraph 5); (6) there is *no waiver of a jury trial;* (7) there is *no notice of the right for the employee to consult a lawyer* before signing it even though it attempts to be a waiver of substantive rights, including a waiver of statutory and constitutional rights; (8) through the document, the employer *attempts to choose the applicable law* for the enforcement of an arbitrator's decision--the Federal Arbitration Act--without justification and it fails to explain what that choice means to the Company or to Peter Swallow and is not accompanied with a copy of the Act; (9) the award of attorneys fees and costs does not parallel the statutory fee shifting provisions and *does not even recognize the statutory provisions* such as the Fair Employment and Housing Act or other such statutes but attempts to allow attorneys fees and costs "in the Arbitrator's discretion" rather than in accordance with fee shifting statutes (Paragraph 7); (10) the document, by the admission of Defendant, was executed no less than *over 2 years after the commencement of his employment* and the *year following the California Supreme Court's issuance*

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

*of* its controlling opinion on these questions in *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83 (2000), which sets the standards for arbitration agreements under California contract law; and (11) the document *alters the standards for judicial review* (Paragraph 6).

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to compel arbitration.

## II. STATEMENT OF PERTINENT FACTS

Plaintiff began his employment with Defendant in August 1999, as a Project Manager. No arbitration agreement was entered into at the start of Plaintiff's employment with Defendant. After working for the Defendant for over two years, Plaintiff was apparently asked to sign the document presented by Defendant, but he was not given a copy of it, and no one explained the meaning or content of any arbitration provision(s). (*See* Declaration of Peter Swallow Filed in Support of the Opposition to the Motion to Compel (hereinafter "Swallow Decl."), ¶ 4 and the Declaration of Tim Hoban Filed in Support of the Motion, ¶ 3.) At no time prior to the filing of the lawsuit did anyone raise the issue of arbitration. (*See* Declaration of Kathleen M. Lucas Filed in Support of the Opposition to the Motion to Compel, ¶ 3-7. (hereinafter "Lucas Decl.").)

Plaintiff seeks damages for claims of Defamation, Slander *per se,* and Age Discrimination. Only after this action was filed did Defendant's counsel inform Swallow's counsel that they believed Swallow had signed an enforceable arbitration agreement. The California Supreme Court set forth the standards for the enforcement of such agreements in its opinion in *Armendariz v. Foundation Health Psychcare Services, Inc, supra,* issued in 2000, one year before this agreement was purportedly prepared by the Company.

### III.  ARGUMENT

**A. The Federal Arbitration Act Does Not Apply Until the Court Establishes That an Enforceable Arbitration Agreement Exists Under State Law.**

Defendant argues that the Federal Arbitration Act ("FAA") governs the Court's decision. However, case law clearly shows that the FAA "does not apply until the existence of an enforceable arbitration agreement is established under state law principles involving formation, revocation and enforcement of contracts generally." (*Cione v. Foresters Equity Services, Inc.* (1997) 58 Cal.App.4th 625, 634; *see Lopez v. Charles Schwab & Co., Inc.* (2004) 118 Cal.App.4th 1224, 1229.) The party seeking to compel arbitration has the "affirmative burden" to "prove the existence of an enforceable [arbitration] agreement." (*Cione, supra,* 58 Cal.App.4th at 635.)

In determining the validity of an agreement to arbitrate, courts "should apply ordinary state-law principles that govern the formation of contracts." (*First Options of Chicago, Inc. v. Kaplan* (1995) 514 U.S. 938, 944.) "A court may not . . . construe [the arbitration] agreement in a manner different from that in which it otherwise construes nonarbitration agreements under state law." (*Heily v. Superior Court* (1988) 202 Cal.App.3d 255, 259.) "Thus, generally applicable defenses, such as ... unconscionability, may be applied to invalidate arbitration agreements." (*Doctor's Assocs., Inc. v. Casarotto* (1996) 517 U.S. 681, 687.) No policy favors arbitration "until a court has concluded that under state contract law, the parties entered into an agreement to arbitrate." (*Lopez, supra,* 118 Cal.App.4th at p.1229.)

**1.  *Buckeye Check Cashing v. Cardegna* Establishes That Courts Should Apply State Law in Deciding Whether an Agreement to Arbitrate Exists, and The Burden of Proof Shifts to The Employer.**

The United States Supreme Court's most recent arbitration case shows that courts should apply state contract law to resolve whether there is an enforceable agreement to arbitrate. (*Buckeye Check Cashing v. Cardegna* (2006) 546 U.S. 440, 163 L.Ed.2d 1038, 126 S.Ct.1204.) In *Buckeye*, plaintiffs sued a check-cashing business, contending that it charged usurious interest rates and violated State lending and consumer protection laws. For each transaction, plaintiffs signed a "Deferred Deposit and Disclosure Agreement" which contained a provision for the arbitration of

-3-

disputes. (*Id.* at 442 [126 S.Ct. at p.1207].) Plaintiffs contended that the entire contract was void due to the usurious fees, and thus the arbitration provision in the contract was also unenforceable. (*Ibid.*) The narrow holding of *Buckeye* is that courts should treat arbitration provisions as separate from the main contract, and discretely analyze whether those provisions are enforceable under State law. (*Id.* at 1043-1046 [126 S.Ct. at pp.1208-1210].). The Supreme Court identified two types of challenges to the validity of an arbitration provision. "One type challenges specifically the validity of the agreement to arbitrate. The other challenges the contract as a whole. . ." (*Id.* at 1042-1043 [126 S.Ct. at p.1208].)  If, as in the first type, the challenge to the contract "goes to the making of the agreement to arbitrate," then "the federal court may proceed to adjudicate it" by applying state law. (*Id.* at 1043 [126 S.Ct. at p.1208] [quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.* 388 U.S. 395, 403-404 (1967)].)

**2.   California Contract Law Governs the Enforceability of this Agreement**

The California Arbitration Act ("CAA") provides that a court may refuse to enforce an arbitration agreement where "grounds exist for the revocation of the agreement," such as unconscionability. (Cal. Code Civ. Proc. § 1281.2(b).)

**B.   *Armendariz v. Foundation Health Psychcare Services, Inc.* Sets Forth The Applicable Standards For The Enforceability of Arbitration Provisions.**

*Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83, 102 is the leading California case on the issue of the arbitration of employment disputes. The California Supreme Court decision was issued in 2000, and it sets forth standards to be applied in enforcing arbitration clauses and provisions in the context of employment disputes.

### 1. The Agreement Here Fails to Meet the *Armendariz* Tests.

In late June, 2008, the California Court of Appeal reviewed, analyzed and applied the "judicially created doctrine of unconscionability" as articulated by the California Supreme Court in *Ontiveros v. DHL Express*, WL 2573717 2008 (Cal.App. 1 Dist.),1 Holding that DHL's arbitration provision was unconscionable and unenforceable under the standards set forth in *Armendariz*, the court wrote:

> In <u>Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 102</u>(*Armendariz* ), our Supreme Court articulated the five minimum requirements for lawful arbitration of nonwaivable statutory civil rights in the workplace pursuant to a mandatory employment arbitration agreement: "Such an arbitration agreement is lawful if it '(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.'

(*Ontiveros,* WL 2573717 at 3).

In this case, the Company does not meet four of the five elements of the test stated in *Armendariz*. Here, there is no provision for a neutral arbitrator because the Company "selects" the entity or the arbitrator. (Paragraph 1) Discovery must be "ordered" because it is not provided for in the document. (Paragraph 5) The types of relief, including an award of attorney's fees does not track the statutes involved in employment cases. (Paragraph 7) Finally, the costs of arbitration are limited to a filing fee and the arbitrator's fees, no expenses relating uniquely to arbitration such as a hearing room and a witness waiting room. (Paragraph 7).

### 2. The Legal Standard of Unconscionability is Substantive and Procedural

Unconscionability leading to unenforceability is a judicially created doctrine and the courts have been articulating the factors in a series of employment cases. Therefore, the articulation by the courts is the best means of considering its applicability. Most recently, in *Ontiveros v. DHL Express,* the court analyzed the California Supreme Court's standards in *Armendariz* when it wrote:

---

1 Ms. Ontiveros was represented by several counsel, one of whom is The Lucas Law Firm and Kathleen M. Lucas, who also represents Mr. Swallow in this case.

The..."judicially created doctrine of unconscionability," '...has both a "procedural" and a "substantive" element,' the former focusing on ' "oppression" ' or ' "surprise" ' due to unequal bargaining power, the latter on ' "overly harsh" ' or ' "one-sided" ' results. *Id.* at 3. 'The prevailing view is that [procedural and substantive unconscionability] must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' *Id.* at 3. But they need not be present in the same degree.... In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz, supra*, 24 Cal.4th at pp. 113-114.)

The court explained that, in the context of an agreement between an employer and employee to arbitrate disputes, "[u]nconscionability analysis begins with an inquiry into whether the contract is one of adhesion. *Id.* at 3. 'The term [contract of adhesion] signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it.' *Id.* at 3. If the contract is adhesive, the court must then determine whether 'other factors are present which, under established legal rules—legislative or judicial—operate to render it [unenforceable].' *Id.* at 3." (*Armendariz, supra*, 24 Cal.4th at p. 113.) The court then noted that when an arbitration agreement is imposed on an employee as a condition of employment and there is no opportunity to negotiate, the arbitration agreement is adhesive. (*Armendariz*, at pp. 114-115.)

The court further observed that while arbitration is favored in this state as a voluntary means of resolving disputes and while it "may have its advantages in terms of greater expedition, informality, and lower cost, it also has, from the employee's point of view, potential disadvantages" and is generally advantageous to employers "not only because it reduces the costs of litigation, but also because it reduces the size of the award that an employee is likely to get, particularly if the employer is a 'repeat player' in the arbitration system. *Id.* at 4." (*Armendariz, supra*, 24 Cal.4th at p. 115.) The court further observed that, "[g]iven the lack of choice and the potential disadvantages that even a fair arbitration system can harbor for employees, we must be particularly attuned to claims that employers with superior bargaining power have imposed one-sided, substantively unconscionable terms as part of an arbitration agreement." (*Ibid.*)

(*Ontiveros*, WL 2573717 at 3-4.)

-6-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

### 3. Deficiencies in the Arbitration Document Are Unconscionable and Unenforceable.

#### a. Contracts of Adhesion: Unconscionability of One-Sided Agreements

The Appellate Court in *Ontiveros v. DHL Express, supra,* addressed unconscionable contracts of adhesion as applied to employment. The *Ontiveros* court agreed with the reasoning in *Murphy v. Check'n Go of California, Inc.*, 156 Cal.App.4th 138 (2007):

> While the language of the agreement [regarding arbitration of unconscionability issues] could not be clearer, plaintiff's alleged assent to this provision was vitiated by the fact that it was set forth in a contract of adhesion, i.e., a standardized contract drafted by the stronger party and presented to the weaker party on a take it or leave it basis [citation]." (*Murphy, supra,* 156 Cal.App.4th at p. 144.)*** The court noted that substantively unconscionable terms can be generally described as unfairly one sided or lacking in mutuality. (*Ibid.*) The agreement was "facially mutual insofar as it covers assertions of unconscionability by 'you or us' but, as plaintiff points out, the provision is entirely one sided.... (*Ibid.*)
>     We have a genuine concern about the potential for the inequitable use of such arbitration provisions in areas, such as employment, where the parties are not at arm's length and do not have equal bargaining power....(Cf. *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 178 (*Mercuro*) ["The fact an employer repeatedly appears before the same group of arbitrators conveys distinct advantages over the individual employee. These advantages include knowledge of the arbitrators' temperaments, procedural preferences, styles and the like and the arbitrators' cultivation of further business by taking a 'split the difference' approach to damages"], citing *Armendariz, supra,* 24 Cal.4th at p. 115.) [Footnotes omitted.]

(*Ontiveros* WL 2573717 at 5.)

#### b. Substantive Deficiencies

##### (i) The Agreement Lacks Mutuality.

Defendants characterize the arbitration agreement at issue here as a mutual agreement. However, while the agreement may purport to be mutual, in practice it operates to enforce a substantively unconscionable unilateral obligation to arbitrate. Further, the agreement is silent as to the Company's commitment to arbitrate all claims it may bring against the employee. The document here clearly and explicitly requires Plaintiff to arbitrate those claims that an employee is most likely to assert against an employer by stating that disputes subject to arbitration include claims arising out of employment, employment discrimination, and sexual harassment. Little mention is made of the Company's commitment to arbitrate its disputes with the employee.

### (ii) The Agreement Does Not Provide For a Neutral Arbitrator.

The arbitration agreement is also substantively unconscionable for it does not provide for a neutral arbitrator, as required by *Armendariz*. In Paragraph 1 of the document, it states that the Arbitrator selected will be a "single arbitrator ("Arbitrator") of the American Arbitration Association ("AAA"), or its successors or a similar association *or entity selected by the Company*." The arbitration agreement does not allow the Plaintiff to participate in the selection of an arbitration provider and instead mandates the use of possibly one selected from the AAA, but also quite possibly any arbitrator selected by the Defendant. This provision provides the Defendant with an unconscionable advantage as to the selection of an Arbitrator who would have exclusive authority over the litigation of Plaintiff's claims. This deficiency emphasizes the *Murphy* court's concerns as to the unfair advantage employers have and the unequal bargaining power of employees who are forced to enter into such agreements.

Further, the governing "Rules", referenced in Paragraph 3 of the document directly contradict "the Rules" defined by Defendant in Paragraph 1. The Rules referred to in Paragraph 1 are determined by the entity Defendant chooses for arbitration. Because Paragraph 1 does not allow the employee to participate in the selection of the arbitrator, the employee is similarly handicapped from knowing which set of rules would apply, just as it has happened here.

Finally, the leadership of the AAA has publicly expressed disapproval of trial lawyers. (*See* Lucas Decl ¶ 8, Ex. A.) This expressed bias against the counsel of one party certainly renders the AAA provisions unconscionable and unenforceable.

### (iii) The Costs Paid by the Employer Are Not All Costs "Unique to Arbitration" But Limited to the Filing Fee and the Arbitrator's Fee.

In Paragraph 7 of the arbitration agreement, the Defendant attempts to alter the law by limiting fees and costs to the discretion of the arbitrator. In applying *Armendariz*, the *Ontiveros* case states in pertinent part:

> "[W]hen an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court. This rule will ensure that employees bringing FEHA claims will not be deterred by costs greater than the usual costs incurred during litigation, costs that are essentially imposed on an employee by the employer." (*Armendariz, supra*, 24 Cal.4th at pp. 110-111.)

(*Ontiveros* WL 2573717 at 8.) Although Defendant agrees to bear filing fees and the Arbitrator's fee, the mandatory arbitration agreement states that other fees and costs are at the discretion of the arbitrator. Given the onerous nature of the proceedings, the Plaintiff has and will continue to incur additional fees and expenses such as filing motions to obtain even minimal discovery, an expense that would not be required in court. The attorney's fees provision in the arbitration agreement also limits remedies Plaintiff would be awarded at trial and thus is unenforceable under California law.

### (iv) The Agreement Does Not Allow Discovery as a Right.

Paragraph 5 of Defendant's document states that discovery is discretionary with the arbitrator. This term runs afoul of all the civil rules and leading cases on this subject including *Armendariz*, *Fitz v. NCR Corp.*, 118 Cal.App.4th 702, and *Ontiveros*:

> In *Fitz, supra*, 118 Cal.App.4th 702, the arbitration agreement limited discovery to the sworn deposition statements of two individuals and any expert witnesses expected to testify at the arbitration hearing, unless the arbitrator found a "compelling need" to allow other discovery, i.e., unless the parties could demonstrate that a fair hearing would be "impossible" without additional discovery. (*Id.* at pp. 709, 716.) The appellate court held that the discovery provision was unlawful, explaining: "Though [the employer] contends that the [arbitration agreement's] limits on discovery are mutual because they apply to both parties, the curtailment of discovery to only two depositions does not have mutual effect and does not provide Fitz with sufficient discovery to vindicate her rights. 'This is because the employer already has in its possession many of the documents relevant to an employment discrimination case as well as having in its employ many of the relevant witnesses.' (*Mercuro, supra*, 96 Cal.App.4th at p. 183; see also *Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal.App.4th 1322, 1332 ['Given that [the employer] is presumably in possession of the vast majority of evidence that would be relevant to employment-related claims against it, the limitations on discovery, although equally applicable to both parties, work to curtail the employee's ability to substantiate any claim against [the employer]'].)" (*Fitz*, at p. 716.)
>
> The court further stated that the only way Fitz could "gain access to the necessary information to prove the claim is to get permission from the arbitrator for additional discovery. However, the burden the [arbitration agreement] imposes on the requesting party is so high and the amount of discovery the [agreement] permits by right is so low that employees may find themselves in a position where not only are they unable to gain access to enough information to prove their claims, but are left with such scant discovery that they are unlikely to be able to demonstrate to the arbitrator a compelling need for more discovery." (*Fitz, supra*, 118 Cal.App.4th at pp. 717-718.)

(*Ontiveros* WL 2573717 at 10.)

-9-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

Here, allowing the arbitrator to decide whether discovery is permitted and what amount of discovery is permitted violates a specific holding in *Armendariz* that requires all the benefits of a court of law, including more than minimal discovery. *Armendariz, supra, 24 Cal.4th at 102* Further, the arbitrator (who would be selected by Defendant, in its own discretion) may impose an undue burden on discovery or simply deny discovery that would otherwise be available to him.. In this case, the Plaintiff would find it difficult to gather enough evidence to prove his claim without adequate discovery because Defendant possesses many of the records pertinent to his claim. Plaintiff could be unlawfully prejudiced by limited discovery as a possibility under the discovery provision in the Defendant's document.

### (v) The Agreement Does Not Recognize Statutory Fee Shifting Provisions in Its Fee Shifting Paragraph and Adopts a Different Standard.

In Paragraph 7 of the arbitration agreement, the Defendant attempts to alter the law by limiting fees and costs to the discretion of the arbitrator. In applying *Armendariz*, the *Ontiveros* case states in pertinent part:

> "[W]hen an employer imposes mandatory arbitration as a condition of employment, the arbitration agreement or arbitration process cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court. This rule will ensure that employees bringing FEHA claims will not be deterred by costs greater than the usual costs incurred during litigation, costs that are essentially imposed on an employee by the employer." (*Armendariz, supra*, 24 Cal.4th at pp. 110-111.)

(*Ontiveros* WL 2573717 at 8.) Although Defendant agrees to bear costs of arbitration, the mandatory arbitration agreement provides that other fees and costs are at the discretion of the Arbitrator. However, the Plaintiff has and will continue to incur fees and expenses, including attorney's fees that would be fully compensated if he were to bring an action in court. The fee provision in the arbitration agreement limits remedies Plaintiff would be awarded at trial and thus is prohibited under California state law.

### (vi) The Agreement Alters The Standards For Review.

The Defendant's document tries to set forth the rules to be follow by hand-picking provisions that are favorable to only one side. There is a review by a court but it seeks to set the standard for modification by specifying the FAA as the means by which to enforce an arbitrator's decision. (Paragraph 6.)

-10-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

### (vii) The Contract Cannot be Reformed Because The Agreement is Permeated With Unconscionability.

Paragraph 9 of the arbitration agreement allows for a severance of terms. In applying California law, the court in *Ontiveros* wrote:

> "[T]he Legislature expressly and directly recognizes judicial discretion to sever objectionable provisions. The governing statute provides: 'If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.' " (*Abramson v. Jupiter Networks, Inc.* (2004) 115 Cal.App.4th 638, 658, quoting Civ. Code, § 1670.5, subd. (a); *Armendariz, supra*, 24 Cal.4th at p. 122 ["the statute appears to give a trial court some discretion as to whether to sever or restrict the unconscionable [or illegal] provision or whether to refuse to enforce the entire agreement"].) The question for us, therefore, is whether the trial court's refusal to save the arbitration agreement by severing the objectionable provisions was an abuse of discretion.
>
> *Armendariz* points out that the case law implicitly identifies two reasons for severing illegal terms from an arbitration agreement rather than voiding the entire contract. "The first is to prevent parties from gaining undeserved benefit or suffering undeserved detriment as a result of voiding the entire agreement—particularly when there has been full or partial performance of the contract. [Citations.] Second, more generally, the doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme. [Citations.]" (*Armendariz, supra*, 24 Cal.4th at pp. 123-124.) The "overarching" question for the court is whether severance serves the interests of justice. (*Id.* at p. 124.)
>
> *Armendariz* identified three factors relevant to whether severance is appropriate. The first relates to the agreement's chief object. "If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." (*Armendariz, supra*, 24 Cal.4th at p. 124.) A second factor is whether the agreement contains more than one objectionable term. The fact that an "arbitration agreement contains more than one unlawful provision" may "indicate a systematic effort to impose arbitration on an employee . . . as an inferior forum that works to the employer's advantage" and may justify concluding "that the arbitration agreement is permeated by an unlawful purpose. [Citation.]" (*Ibid.*, fn. omitted.) The third factor is whether "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement." (*Id.* at pp. 124-125.) In that situation "the court would have to, in effect, reform the contract, not through severance or restriction, but by augmenting it with additional terms" (*Id.* at p. 125), which exceeds judicial power to

-11-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

cure a contract's illegality. Where the taint of illegality cannot be removed by severance or restriction, the court "must void the entire agreement." (*Ibid.*)

(*Ontiveros* WL 2573717 at 11-12.)

Applying the reasoning of *Ontiveros*, this arbitration agreement is a contract of adhesion as discussed above, and there are at least three provisions that are substantively unconscionable as discussed. Because the agreement is "permeat[ed] with unconscionability," it cannot be enforced. (*Armendariz*, 24 Cal.4th at 124.)

### c. Procedural Deficiencies and Unconscionability

As previously discussed, the arbitration agreement is a contact of adhesion and is procedurally unconscionable. Thus, it should not be enforced against the Plaintiff.

#### (i) The Agreement Does Not Waive The Right to a Jury Trial.

The arbitration agreement does not expressly state that the Plaintiff waives his rights to a jury trial. Because the right to a jury trial is both statutory and constitutional protected, it is a substantive right that must be specifically waived to be enforceable. Moreover, the California Supreme Court has ruled that "governing California constitutional and statutory provisions do not permit predispute jury waivers, [and] it would not be appropriate to enforce such a waiver and thereby deny the right to jury trial to a party who has timely and properly requested such a trial and complied with other applicable statutory prerequisites." (*Grafton Partners L.P. v. Superior Court*, 36 Cal.4th 944, 967 (2005) (holding that predispute agreement that any lawsuit between parties would be adjudicated in a court trial, and not by jury trial, was unenforceable).) Here, Plaintiff did not expressly waive his right to a jury trial, and further even if the ambiguous language in the agreement is interpreted as doing so, California law forbids such denial of right to a jury trial.

#### (ii) The Agreement Does Not Give Notice to the Plaintiff That he is Waiving Substantive Civil Rights.

The alleged arbitration agreement purports to be a waiver of substantive rights, including statutory and constitutional rights, yet it fails to expressly state and give notice to the Plaintiff that he is waiving such rights. Further, the agreement does not advise the employee of the attempted waiver or of the right to consult with an attorney.

-12-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

### (iii) The Agreement Was Executed no Less Than Two Years After The Commencement of Plaintiff's Employment and After *Armendariz*.

By Defendant own admission in the moving papers, the document was not signed when Swallow was hired but was given to him over 2 years after he started working at the Company. Further, the deficient document was given to him after the California Supreme Court issued its lengthy and comprehensive decision in *Armendariz, supra*. This is significant because the Company was on notice of the requirements for an arbitration agreement but it chooses to ignore them.

### (iv) The Agreement Attempts to Apply The FAA Without Disclosure of What The Act is or by Providing a Copy to The Employee.

In Paragraph 6, the document states that the decision of the arbitrator may be enforced under the Federal Arbitration Act but it neither gives any explanation as to what the FAA statute is nor does it require that he be given a copy of the FAA to review before signing the agreement. Swallow is not an attorney nor has no formal training in the law, so there is no presumption that he has any knowledge and/or understands the significance of this provision. See Swallow Decl. ¶ 6.

## IV.   CONCLUSION

Because the purported agreement is unenforceable due to its procedurally and substantively unconscionable terms, Plaintiff respectfully requests that the Court deny Defendant's Motion to Compel Arbitration.

DATED: June 3, 2008                          THE LUCAS LAW FIRM

BY:        /S/
           KATHLEEN M. LUCAS
           Attorney for Plaintiff
           PETER SWALLOW