KATHLEEN M. LUCAS (Bar No. 80339)
THE LUCAS LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 402-0200
Fax: (415) 402-0400

Attorneys for Plaintiff
PETER SWALLOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE,<br><br>　　　　Defendants. | Case No. C 08-02311 JCS<br><br>**DECLARATION OF KATHLEEN M. LUCAS IN SUPPORT OF PLAINTIFF PETER SWALLOW'S OPPOSITION TO DEFENDANT TOLL BROTHE'S MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS**<br><br>DATE: AUGUST 29, 2008<br>TIME: 1:30 P.M.<br>JUDGE: HONORABLE JOSEPH C. SPERO |

I; KATHLEEN M. LUCAS, declare under penalty of perjury as follows:

1. I am an attorney of law duly licensed to practice in the United District Courts and I am the attorney representing Plaintiff Peter Swallow.

2. This Declaration is based on personal knowledge, and if called to testify to the contents herein, I would and could do so competently.

3. On several occasions, I had conversations with a lawyer in the General Counsel's office of Toll Brothers, Tim Hoban. Most of those conversations are subject to the settlement

-1-
**DECLARATION OF KATHLEEN M. LUCAS IN SUPPORT OF PLAINTIFF PETER SWALLOW'S OPPOSITION TO DEFENDANT TOLL BROTHER'S MOTION TO COMPEL ARBITRATION**
CASE NO. C 08-02311 JCS

privilege. However, one that is clearly not covered by any privilege is when I asked him to for a tolling agreement on the statutes of limitations on the causes of action of Pete Swallow that were one year. I advised him that because the age discrimination claims required him to file a Charge of Discrimination with the California Department of Fair Employment and Housing, we would not have the right to sue letter before the one year statute of limitations would run. I also told him that we would be requesting a Right-To-Sue letter to be issued and that it would be easier if we had a tolling agreement so that we could file all of the claims at the same time in one Complaint. I know that the DFEH is backed up and that they are not able to issue timely right-to-sue letters.

4. Mr. Hoban said that he was not sure that they would be willing to enter into a tolling agreement. When the statute of limitations date was imminent and we did not have an agreement with Toll Brothers to toll the statutes, we proceeded to file on the causes of action with a one year statute of limitation.

5. Even though we discussed the filing and serving of a lawsuit in state court as part of the discussion about a tolling agreement, at no time did Mr. Hoban tell me that he believed Mr. Swallow had signed any document relating to arbitration.

6. After serving the DFEH documents on Toll Brothers as required by DFEH, I received a call from Toll Brothers outside counsel, Jason Weiss. We had what I thought was a congenial conversation. He asked about the status of the case and I explained to him the status. At no time did Mr. Weiss say that he believed Mr. Swallow had signed any document relating to arbitration.

7. After several telephone calls, he informed me that they believed that Mr. Swallow had signed an arbitration agreement. I said that I knew nothing of it, no one had mentioned it and I needed to see it.

-2-
**DECLARATION OF KATHLEEN M. LUCAS IN SUPPORT OF PLAINTIFF PETER SWALLOW'S OPPOSITION TO DEFENDANT TOLL BROTHER'S MOTION TO COMPEL ARBITRATION**
CASE NO. C 08-02311 JCS

8. Attached as **Exhibit A** is a true and correct copy of a Letter to the Editor that appeared in or about September 2002, in the San Francisco *Chronicle*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 3, 2008               THE LUCAS LAW FIRM


                                  /S/
                                  KATHLEEN M. LUCAS
                                  Attorneys for the Plaintiff
                                  PETER SWALLOW

**DECLARATION OF KATHLEEN M. LUCAS IN SUPPORT OF PLAINTIFF PETER SWALLOW'S OPPOSITION TO DEFENDANT TOLL BROTHER'S MOTION TO COMPEL ARBITRATION**
CASE NO. C 08-02311 JCS

# EXHIBIT A

Berkeley

## TRIAL-LAWYER GIFT

Editor -- Far from protecting consumers, the hodgepodge of anti-arbitration bills now awaiting action by Gov. Davis will benefit only one special interest:

a small group of trial lawyers.

The right to a jury trial is increasingly available only to the rich who have unlimited resources or those who have headline-worthy claims. Surveys by the American Bar Association and the National Center for State Courts suggest that more than 100 million Americans feel shut out of the legal system owing to the high cost of court justice.

Compared to litigation, arbitration is typically quick, inexpensive and confidential. Under the AAA's organization's consumer procedures, with claims under $10,000, the consumer's total fee is just $125. For claims between $10, 000 and $75,000, the consumer is responsible for just half of the arbitrator's fee, capped at $375. If a case settles before a hearing, the consumer pays no fee at all.

Recent reforms initiated by the AAA (documented at www.adr.org) indicate that we take seriously the need to provide access to impartial, user-friendly, out-of-court dispute resolution, just as we have for 76 years.

Gov. Davis should veto these anti-consumer bills. If trial lawyers need financial support, they should seek it in ways that don't deny Californians the proven benefits of arbitration.

## WILLIAM K. SLATE II

President and CEO

American Arbitration Association

New York

## MARRIAGE PROPOSAL

Editor -- Anne Stuhldreher (Open Forum, Sept. 4) is right: President Bush's marriage promotion initiatives will divert desperately needed welfare funding into ridiculous and potentially dangerous programs.

One ray of hope in the debate is the Secure and Healthy Families Act of 2002 (S2876), an upcoming bill sponsored by U.S. Sen. Patty Murray, D-Wash. The Murray bill would expand domestic violence protections for women on welfare, eliminate the worst "marriage-only" provisions of the Bush proposal, and protect single-parents against discrimination. California's Sens. Barbara Boxer and Dianne Feinstein should sign Murray's modest, commonsense response to Bush's latest extremist folly.