1   ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
2   JASON A. WEISS (BAR NO. 185268)
    SHANNON R. WOLF (BAR NO. 226828)
3   1900 Main Street, Fifth Floor
    Irvine, California 92614-7321
4   Phone:  (949) 553-1313
    Fax:  (949) 553-8354
5   E-Mail:  jweiss@allenmatkins.com
             swolf@allenmatkins.com
6
    BALDWIN J. LEE (BAR NO. 187413)
7   ALLEN MATKINS LECK GAMBLE
       MALLORY & NATSIS LLP
8   Three Embarcadero Center, 12th Floor
    San Francisco, California 94111-4074
9   Phone:  (415) 837-1515
    Fax:  (415) 837-1516
10  E-Mail:  blee@allenmatkins.com

11  Attorneys for Defendant
    TOLL BROTHERS, INC.
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16  PETER SWALLOW,                    Case No. C08-02311 JCS

17              Plaintiff,            **MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN REPLY TO
18      vs.                           PLAINTIFF'S OPPOSITION TO
                                      DEFENDANT TOLL BROTHERS,
19  TOLL BROTHERS, INC.; AND DOES     INC.'S MOTION TO COMPEL
    1-25, INCLUSIVE,                  ARBITRATION AND TO STAY THE
20                                    PROCEEDINGS; DECLARATIONS
              Defendants.             OF KARYN J. WARD AND JASON A.
21                                    WEISS IN SUPPORT THEREOF**

22                                    Date:      August 29, 2008
                                      Time:      1:30 p.m.
23                                    Ctrm:      A
                                      Judge:     Hon. Joseph C. Spero
24
                                      Complaint Filed:   April 3, 2008
25                                    Trial Date:        None Set

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

849948.03/OC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................... 1

II. STATEMENT OF RELEVANT FACTS ............................................ 2

III. ARGUMENT AND AUTHORITIES.................................................. 2

    A.   California Code Of Civil Procedure Section 1281.2 Mandates Arbitration Of Plaintiff's Claims.......................... 2

    B.   Plaintiff's Agreement Meets Each Of The California Supreme Court's Five Minimum Requirements Set Forth In *Armendariz* ......................................................................... 3

          1.   The Arbitration Agreement Provides For A Neutral Arbitrator.................................................................... 3

          2.   The Arbitration Agreement Does Not Limit Plaintiff's Statutory Remedies......................................... 5

          3.   The Arbitration Agreement Allows For Adequate Discovery ...................................................................... 5

          4.   The Arbitration Agreement Provides For A Written Award And Judicial Review ......................................... 6

          5.   The Arbitration Agreement States That Toll Will Pay For Arbitration Costs ............................................ 6

    C.   The Agreement Should Be Enforced Because It Is Not Unconscionable ................................................................... 7

          1.   The Agreement Is Not Procedurally Unconscionable ............... 7

          2.   The Agreement Provides For Mutuality And Therefore Is Not Substantively Unconscionable ........................ 9

IV. THE *ONTIVEROS* CASE IS COMPLETELY DISTINGUISHABLE FROM THE CASE AT BAR .................................. 10

V. ANY UNCONSCIONABLE PROVISION CAN BE SEVERED............... 10

VI. CONCLUSION.................................................................................. 11

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

849948.03/OC

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Armendariz v. Foundation Health Psychcare Servs., 24 Cal.4th 83, 102 (2000) ................................................................ passim

Fittante v. Palm Springs Motors, Inc., 105 Cal.App.4th 708 (2003) ..................... 11

Grafton Partners L.P. v. Superior Court, 36 Cal. 4th 944 (2005) ......................... 8, 9

Little v. Auto Stiegler, Inc., 29 Cal.4th 1064, 1075-76 (2003) .............................. 11

Martinez v. Master Protection Corp., 118 Cal.App.4th 107, 119 (2004) .............. 10

Ontiveros v. DHL Express, 2008 WL 2573717 (Cal. App. 1 Dist.) ....................... 10

**Statutes**

Code Civ. Proc. § 1281.2 ......................................................................................... 2

Code Civ. Proc. § 1281.85 ....................................................................................... 4

Code Civ. Proc. § 1281.9 ......................................................................................... 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

849948.03/OC

# I. **INTRODUCTION.**

Plaintiff does not dispute in his Opposition to Toll's Motion to Compel Arbitration that Plaintiff signed the express, written agreement ("Agreement") to arbitrate any claims arising out of his employment with Toll. Nor does Plaintiff dispute the following: (i) his claims fall squarely within the purview of the Agreement, (ii) he signed the Agreement voluntarily, (iii) he received consideration for signing the Agreement (in the form of two (2) additional paid vacation days), (iv) he was provided ample opportunity to review the Agreement and ask questions about it, and (v) he was free to refuse to sign the Agreement without adverse employment consequences. Instead, Plaintiff attempts to avoid enforcement of the Agreement by claiming that the valid contract to arbitrate is not enforceable by misconstruing the plain language of the Agreement, which does in fact comply with the requirements of *Armendariz*.[1]

Notably, *Armendariz* does not apply to the operative Complaint (which only asserts defamation claims), but rather may only apply (if at all) to the alleged age discrimination claim set forth in the proposed amended pleading.[2] In addition, it is questionable whether *Armendariz* even applies to the amended pleading, because the Agreement was completely voluntary and not a condition of continued employment. Nevertheless, the Agreement is still in full compliance and although Plaintiff attempts to heighten the requirements of *Armendariz*, a plain reading of the Agreement shows that it is fully enforceable.

In sum, the Agreement very clearly is neither procedurally unconscionable nor substantively unconscionable. The Agreement is completely bilateral and mutually binding. For these reasons, Toll's Motion to Compel Arbitration and Stay the Proceedings should be granted.

---

[1] *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal.4th 83, 102 (2000) (hereinafter "*Armendariz*").

[2] The *Armendariz* requirements apply to claims involving statutory and non-statutory public policy claims. *See Armendariz*, 24 Cal.4th at 103-104; *Little v. Auto Steigler, Inc.*, 29 Cal.4th 1064, 1076 (2003).

## II.    STATEMENT OF RELEVANT FACTS.

Plaintiff began his employment with Toll in August 1999 as a Project Manager.  He was not required to sign an arbitration agreement as a condition of employment.

On November 1, 2001, Plaintiff was presented with the Agreement and asked to sign it in exchange for receipt of two (2) additional paid vacation days.  (See Declaration of Karyn J. Ward ("Ward Decl."), ¶¶ 3, 6, Exh. B.)  He was not asked to sign the Agreement as a condition of continued employment.    Rather, the Agreement was voluntary.  (Ward Decl. ¶ 4.)  Some employees even chose not to sign the Agreement.  (Id.)

The Agreement was distributed as a separate document with an accompanying memorandum that explained the purpose of the Agreement and that the Company would be covered as well by the Agreement.  (Ward Decl. ¶5, Exh. A.)    In addition, employees were informed that they could contact specific individuals within the Human Resources Department and Legal Department if they had any questions or concerns.  (Id.)  Furthermore, employees were provided ample opportunity to review the Agreement.  (Ward Decl. ¶ 6.)  In fact, Plaintiff returned the signed Agreement to the Human Resources Department on November 20, 2001 and had no questions.[3]  (Ward Decl., ¶¶ 6-7.)  Therefore, he had 20 days to consider the Agreement and ask any questions if he so desired.

Plaintiff now seeks to avoid the enforcement of his voluntarily signed Agreement.

## III.    ARGUMENT AND AUTHORITIES.

### A.    California Code Of Civil Procedure Section 1281.2 Mandates Arbitration Of Plaintiff's Claims.

Under Code Civ. Proc. § 1281.2, a court should compel arbitration unless:  (1) the right to compel arbitration has been waived by the petitioner; (2) grounds exist

---

[3]    Plaintiff does not dispute that the Agreement contains his signature.

1   for the revocation of the agreement; or (3) one of the parties to the arbitration
2   agreement is involved in a pending action with a third party where the possibility of
3   conflicting rulings exist.   None of these situations applies here.   Consequently,
4   Plaintiff must be compelled to arbitrate his claims.

5          **B.**    **Plaintiff's Agreement Meets Each Of The California Supreme**
6              **Court's Five Minimum Requirements Set Forth In *Armendariz*.**

7         In *Armendariz*, the California Supreme Court identified five requirements that
8   must be met in order for a mandatory pre-employment arbitration agreement to be
9   enforceable.   Each of these five requirements is satisfied here.   The Supreme Court
10  indicated there should be:

11       1.    A neutral arbitrator;
12       2.    No limitations to the employee's otherwise available remedies;
13       3.    The availability of adequate discovery;
14       4.    A provision for a written arbitration award permitting some level of
15            judicial review of the same; and
16       5.    No excessive costs imposed on the employee beyond what is typical in
17            pursuing a civil claim.
18  *Armendariz*, 24 Cal.4th at 13.  Each of these requirements is satisfied.

19         **1.**    **The Arbitration Agreement Provides For A Neutral**
20           **Arbitrator.**

21        Under *Armendariz*, an arbitration agreement encompassing statutory claims
22  must provide for a neutral arbitrator.  *Id.* at 103.  Here, the parties' Agreement
23  incorporates the AAA Rules which specifically provide for a neutral arbitrator.
24  AAA Rule 12 expressly states that arbitrators may not have any personal or
25  financial interest in the outcome of the case.  (<u>See</u> Declaration of Jason A. Weiss
26  Decl., ¶ 2, Exh. A.)  AAA Rule 16 also provides a procedure for disqualifying an
27  arbitrator whom a party believes is not neutral.  *Id.*  Accordingly, the incorporated
28

1   AAA Rules clearly satisfy the "neutrality" requirement.  See also Cal. Code Civ.

2   Proc. §§ 1281.85, 1281.9.

3        Contrary to Plaintiff's argument, the Agreement does not provide that Toll

4   selects the arbitrator.   Rather, Paragraph 1 of the Agreement states that the

5   arbitration will be "before a single arbitrator ("Arbitrator") of the American

6   Arbitration Association ("AAA"), or its successor or a similar association or entity

7   selected by the Company…" (Ward Decl. ¶ 6, Exh. B.)  Paragraph 1 does not state

8   that the Company will select the arbitrator.   This provision of the Agreement

9   appears to address the possibility that the AAA is no longer functioning at the time

10  arbitration is desired.  Otherwise, at the time of arbitration, there is no logical way

11  Toll could choose to arbitrate before the AAA's successors – one of the alleged

12  choices in the Agreement.  A logical reading of the Agreement is that a dispute will

13  be arbitrated by (1) the AAA; or, if the AAA no longer is in existence; by (2) its

14  successor; or, if no successor, by (3) a similar association or entity selected by the

15  Company.  Thus, if AAA is no longer operating and has no successor, only then will

16  a similar entity be selected by Toll.  Moreover, Toll does not have the right to select

17  *any* arbitration association – it must be a similar entity, a very short list of

18  associations.  Toll's apparent ability to select an association similar to the AAA in

19  the event the Association is not available and does not have a successor, does not

20  render the Agreement substantively unconscionable.

21       In addition, the Agreement specifically states in Paragraph 3 that an arbitrator

22  will be selected by the *parties* from a list provided by AAA.  (*Id.*)  Paragraph 1 and

23  3 are not in conflict as Plaintiff suggests.  Rather Paragraph 1 discusses the selection

24  of the arbitration association and Paragraph 3 addresses the selection of an

25  arbitrator.  Thus, it is clear that the Agreement sufficiently provides for the selection

26  of a neutral arbitrator.

27

28

1    **2.    The Arbitration Agreement Does Not Limit Plaintiff's**

2    **Statutory Remedies.**

3    In *Armendariz*, the California Supreme Court held that an arbitration

4    agreement "may not limit statutorily imposed remedies such as punitive damages

5    and attorneys fees," and it found invalid an arbitration agreement where the

6    employee was limited only to back wages. *Armendariz, supra,* 24 Cal.4th at 103-04.

7    No such limitation exists here. Rather, this Agreement does not limit any statutory

8    remedies and is fully compliant with *Armendariz*. The Agreement specifically states

9    that "[t]he decision, in the Arbitrator's discretion, may award all or some of the

10   Employee's or Company's attorneys' fees and costs, *in addition to any such awards*

11   *required by law*." (Emphasis added.) Thus, because the Agreement does not restrict

12   or limit any of the remedies otherwise available to Plaintiff under the law, this

13   requirement is met here.

14   **3.    The Arbitration Agreement Allows For Adequate Discovery.**

15   The *Armendariz* court noted that employees must be "at least entitled to

16   discovery sufficient to adequately arbitrate their statutory claim." *Id.* at 106. Here,

17   the Agreement specifically references the Rules and states that the Arbitrator will

18   have the power of a court of law and equity, including the power to order discovery

19   as set forth in the Rules..." (Ward Decl. ¶ 6, Exh. B.) Rule 9 of the AAA Rules

20   permits the arbitrator "to order such discovery, by way of deposition, interrogatory,

21   document production, or otherwise, as the arbitrator considers necessary to a full

22   and fair exploration of the issues in dispute, consistent with the expedited nature of

23   arbitration." (Weiss Decl., ¶ 2, Exh. A.) Such provision provides for adequate

24   discovery and nowhere in the Agreement are any limitations placed on discovery.

25   Although, Plaintiff tries to assert that there are limitations on discovery, there are no

26   limits stated in the Agreement. Moreover, *Armendariz* does not required unfettered

27   discovery, but just requires that arbitration agreements provide for *adequate*

28

1    discovery.  *Armendariz, supra,* 24 Cal.4th at 104-106.  Therefore, the Agreement is

2    in compliance and Plaintiff is entitled to sufficient discovery.

3         **4.    The Arbitration Agreement Provides For A Written Award**

4                 **And Judicial Review.**

5         The California Supreme Court determined that the arbitration agreement

6    should require the arbitrator to issue a written award and allow for judicial review.

7    *Id.* at 106-107.  *Armendariz* did not articulate what standard of judicial review is

8    sufficient, but merely held that a written award is required to provide for *some level*

9    of judicial review.  *Id.*  Although Plaintiff tries to heighten the requirement by

10   stating that the Agreement "alters" the standards of review, Plaintiff's argument is

11   faulty.  The Agreement has a provision for judicial review as stated in Paragraph 6

12   of the Agreement and provides for a written award.  (Ward Decl. ¶ 6, Exh. B.)

13   Therefore, the Agreement is in full compliance.

14        **5.    The Arbitration Agreement States That Toll Will Pay For**

15               **Arbitration Costs.**

16        The *Armendariz* court also held that a mandatory arbitration agreement that

17   covers statutory claims "impliedly obliges the employer to pay all types of costs that

18   are *unique* to arbitration."  *Armendariz, supra,* 24 Cal.4th at 113 (Emphasis added).

19   The Agreement specifically states in Paragraph 7 that the Company will bear the

20   costs of the filing fee and the arbitrator's fee.  (Ward Decl. ¶ 6, Exh. B.)  Nowhere

21   does the Agreement require Plaintiff to pay fees or costs unique to arbitration.

22   Moreover, there is no legal requirement that an employer pay *all* fees and costs.

23   Rather the requirement is to pay only those costs that are *unique to arbitration.*

24   Here, Toll agrees to pay the filing fee which is normally required to be paid by a

25   Plaintiff filing a civil action in court.

26        Plaintiff misconstrues the plain language of the Agreement with respect to the

27   following sentence in Paragraph 7, which states, "The decision, in the Arbitrator's

28   discretion, may award all or some of the Employee's or Company's attorneys' fees

1   and costs, in addition to any such awards required by law." (Ward Decl. ¶ 6, Exh.

2   B.) Plaintiff tries to argue that this provision gives the arbitrator discretion to make

3   the Plaintiff pay arbitration fees.    This is clearly incorrect.    This provision

4   specifically refers to an award of attorneys' fees and costs post-arbitration.

5   Plaintiff's access to the arbitration forum is not limited and the Agreement does not

6   require Plaintiff to pay costs unique to arbitration. Thus, the Agreement meets all of

7   the requirements set forth by the California Supreme Court.

8        **C.**    The Agreement Should Be Enforced Because It Is Not Unconscionable.

9        In *Armendariz*, 24 Cal.4th at 114, the California Supreme Court analyzed the

10   concept of unconscionability as a possible challenge to an arbitration agreement.

11   There are two mandated elements of unconscionability which <u>must</u> be met before a

12   court may hold an arbitration agreement unenforceable:    (1) <u>procedural</u>

13   unconscionability involving oppression or surprise due to unequal bargaining

14   power; and (2) <u>substantive</u> unconscionability involving overly harsh or one-sided

15   results. *Id.* at 114.    Substantive unconscionability can be overcome where there is

16   some "modicum of bilaterality" to equalize the bargaining power of the parties in

17   arbitration. *Id.* at 117.    In order for an Agreement to be considered unenforceable,

18   procedural and substantive unconscionability must both be present in order for a

19   court to exercise its discretion to refuse to enforce a contract or clause under the

20   doctrine of unconscionability. *Id.* at 114.    In this case, Plaintiff cannot show either

21   procedural or substantive unconscionability.

22        **1.**    **The Agreement Is Not Procedurally Unconscionable.**

23        Here, there is no "surprise" or "oppression" in the Agreement which

24   constitutes procedural unconscionability.    The Agreement is a separate, self-

25   contained document presented to Plaintiff while he had already been employed with

26   Toll for approximately two years.    Furthermore, the Agreement is written in a

27   manner which is easily understood and Plaintiff was provided sufficient opportunity

28   to review the Agreement and ask questions if necessary.    Plaintiff returned the

1   agreement twenty days later, without any questions.   Plaintiff both signed and

2   obviously understood this Agreement.

3       Plaintiff also had the right to reject the Agreement.   In fact, the Agreement

4   does not state that signing the Agreement is a condition of continued employment.

5   Rather, Plaintiff was free to refuse the Agreement.   Some employees even declined

6   to sign the agreement, without repercussions.   However, instead Plaintiff agreed and

7   received consideration – two paid vacation days – as stated in the Agreement.

8   Hence, the Agreement is not procedurally unconscionable.

9       Plaintiff's counsel attempts to argue that since the Agreement does not

10  specifically state that there is a waiver of the right to jury trial, that the Agreement is

11  invalid under *Grafton*.[4]   However, *Grafton* addressed pre-dispute jury trial waivers

12  and specifically stated that pre-dispute jury waivers are distinguishable from

13  arbitration agreements.   *Grafton* states:

14          "…arbitration agreements are distinguishable from
            waivers of the right to jury trial in that they represent an
15          agreement to avoid the judicial forum altogether.
            Specifically distinguishing arbitration from the waiver of
16          jury trial authorized by section 631 (and refusing to apply
            that statute), we observed in *Madden* that a principal
17          feature of an arbitration agreement it that the contracting
            parties agree they will 'not submit their controversy to a
18          court of law in the first instance."

19  *Grafton*, 36 Cal. 4th at 955.

20      Therefore, *Grafton* is not applicable, nor does *Armendariz* require that

21  arbitration agreements include a specific notice of waiver of the right to jury trial.

22      However, the Agreement does, contrary to Plaintiff's argument, provide

23  notice to Plaintiff of his waiver of rights.   The Agreement specifically states in

24  Paragraph 2: "…I understand that by entering into this Agreement, I am waiving my

25  right to have a court resolve any disputes or claims that I may have regarding my

26  employment…" (Ward Decl. ¶ 6, Exh. B.)

27

28  [4]   *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944 (2005), (hereinafter
       "*Grafton*").

1       Again, although Plaintiff attempts to heighten the requirements of

2   *Armendariz, Grafton* is inapplicable nor does Plaintiff cite to any other legal

3   authority for the argument that the Agreement is procedurally unconscionable.

4   Rather, the Agreement is procedurally conscionable and should be enforced.

5           **2.**    **<u>The Agreement Provides For Mutuality And Therefore Is</u>**

6                   **<u>Not Substantively Unconscionable.</u>**

7       In *Armendariz*, the California Supreme Court defined "consciability" to be

8   a "modicum of bilaterality" between the employer and employee with respect to the

9   claims that would be subject to arbitration.  "Modicum of bilaterality," however,

10  does not mean "that an arbitration clause must mandate the arbitration of all claims

11  between employer and employee in order to avoid invalidation on grounds of

12  unconscionability." *Armendariz, supra,* 24 Cal.4th at 120.  However, that is exactly

13  what is provided for here.  First, the Agreement states that both Swallow and the

14  Company intend to be legally bound.  Next, the agreement states:

15          "All disputes, claims, or controversies arising out of or in
        connection with my employment or its termination,

16          including but not limited to those concerning workplace
        discrimination, shall exclusively be submitted to and

17          determined by final and binding arbitration..."

18  (Ward Decl., ¶ 6, Exh. B.)

19      The Agreement is signed by both parities – Plaintiff and Company

20  representative, Toll's Vice President of Human Resources, Jonathan Downs.  In

21  addition, unlike other arbitration agreements that have been previously held to be

22  invalid, Toll's Agreement does not carve out any claims that the Company may file

23  in civil court against Plaintiff.  Rather, *all* disputes in connection with Plaintiff's

24  employment must be arbitrated by both parties.  Indeed, Toll's accompany

25  memorandum states the following: "The Company, as well as all of our associates,

26  regardless of title or seniority, will be covered by the new policy." (Ward Decl. ¶ 5,

27  Exh. A.)  This further evidences the Company's intent to be equally bound.  As such,

28

1   the Agreement is completely bilateral and in conformity with the *Armendariz*
2   requirements.

3   **IV.   THE *ONTIVEROS* CASE IS COMPLETELY DISTINGUISHABLE**
4   **FROM THE CASE AT BAR.**

5          Plaintiff repeatedly cites to *Ontiveros v. DHL Express*, 2008 WL 2573717
6   (Cal. App. 1 Dist.) (hereinafter "*Ontiveros*"), a case Plaintiff's counsel litigated.
7   Although Plaintiff attempts to analogize *Ontiveros* and relies on *Ontiveros* for the
8   majority of his Opposition, this case is completely distinguishable.

9          In *Ontiveros*, the appellate court held that an employment arbitration
10  agreement was unenforceable. The majority of the *Ontiveros* opinion focused on
11  analyzing the legality of a provision of the arbitration agreement that stated that the
12  arbitrator determines whether the arbitration agreement is enforceable. The court
13  determined that such a provision is unconscionable. Here, the Toll Agreement
14  contains no such provision.

15         Second, the *Ontiveros* court affirmed the trial court ruling that the agreement
16  was unenforceable for two additional reasons as well, which included the fact that
17  the agreement required the employee to share equally in the filing fees and costs of
18  the arbitrator and a limitation of one individual deposition for each party. The Toll
19  Agreement does not contain any such limitations.

20         Thus, the Court should not be misled that the *Ontiveros* case is directly on
21  point, nor are the same facts present in the case at bar.

22  **V.   ANY UNCONSCIONABLE PROVISION CAN BE SEVERED.**

23         The Agreement does not demonstrate a "systematic effort to impose
24  arbitration on an employee" or that the Agreement is "permeated by
25  unconscionability." *Martinez v. Master Protection Corp.*, 118 Cal.App.4th 107, 119
26  (2004) ("[t]he arbitration agreement contains several serious defects, including the
27  unlawful provisions shortening the statute of limitations, the cost-sharing provision
28  and the unconscionably unilateral arbitration clause"). Although Toll's position is

1 that the Agreement is fully enforceable, should this Court deem a provision
2 unconscionable, such provision can be severed. *Little v. Auto Stiegler, Inc.*, 29
3 Cal.4th 1064, 1075-76 (2003) (court severed one unconscionable provision and
4 enforced remainder of agreement); *Fittante v. Palm Springs Motors, Inc.*, 105
5 Cal.App.4th 708, 727 (2003) (unconscionable appeals clause was severable from
6 remainder of arbitration agreement; "We see no reason why the appeal provision
7 should not be severable from the remainder of the arbitration agreement.").

8      In fact, Plaintiff explicitly agreed in Paragraph 9 of the Agreement that any
9 unenforceable provision may be severed from the remainder and that the remainder
10 should be enforced. (Ward Decl. ¶ 6, Exh. B.)

11      *The parties' intent to arbitrate should be honored.*

12 **VI.**   **CONCLUSION.**

13      For the above reasons stated above, the Agreement meets all of the
14 requirements set forth by the California Supreme Court. Because no legitimate
15 argument exists that the Agreement is unenforceable, Defendant respectfully
16 requests that this Court enforce the Agreement in its entirety.

17

18 Dated: July ___11___, 2008        ALLEN MATKINS LECK GAMBLE
                                MALLORY & NATSIS LLP
19
20                           By:
21                              JASON A. WEISS
22                              Attorneys for Defendant
                             TOLL BROTHERS, INC.
23
24
25
26
27
28

# *Declaration of Karyn J. Ward*

# DECLARATION OF KARYN J. WARD

I, Karyn J. Ward, declare as follows:

1.     I am the Human Resources Manager of Toll Brothers, Inc. ("Toll"), Defendant in this action.  I have personal knowledge of the facts set forth herein and, if called to testify as a witness thereto, I could and would competently do so under oath.

2.     My department was responsible for the distribution of arbitration agreements to employees in 2001.

3.     On November 1, 2001, Plaintiff was presented with the Arbitration Agreement ("Agreement") and asked to sign it in exchange for receipt of 2 additional paid vacation days.

4.     The Agreement was voluntary.  Some employees even chose not to sign the arbitration agreement, with no repercussions.

5.     The Agreement was distributed as a separate document with an accompanying memorandum that explained the purpose of the Agreement and that the Company would be covered as well by the Agreement.  Attached as Exhibit "A" is a true and correct copy of the accompany memorandum.

6.     Employees were provided with ample opportunity to review the Agreement.   Plaintiff returned the signed Agreement to the Human Resources Department on November 20, 2001.  Attached as Exhibit "B" is a true and correct copy of the signed Arbitration Agreement.

7.     Despite an express invitation in the accompany memorandum that employees may direct any questions concerning the Agreement to management, on information and belief, Plaintiff signed the Agreement without posing any questions.

1    8.    I am informed and believe that Toll's Agreement has been uniformly

2  enforced in both state and federal courts.

3    I declare under penalty of perjury under the laws of the State of California

4  and the United States that the foregoing is true and correct.

5    Executed on July 10, 2008, at Orange, California.

6

7

8                                        Karyn Ward

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# *Exhibit "A"*

# *MEMORANDUM*

**TO:**       **All Associates**

**FROM:**   **Bob Toll**
            **Zvi Barzilay**

**DATE:**    **November 1, 2001**

**RE:**       **Employment Arbitration**

========================================================

We always strive to deal fairly and honestly with all of our associates, but on rare occasions, disputes arise that need some resolution. There are two basic methods for resolving disputes: litigation and arbitration. The traditional litigation method is expensive, slow and emotionally draining. The alternate method is binding arbitration, which uses an arbitrator chosen by the American Arbitration Association or similar organization rather than a court for resolving any disputes that may arise. Many Fortune 1000 companies, including Cigna, Merrill Lynch and Home Depot, as well as D.R. Horton and Del Webb in our own industry, have utilized binding arbitration.

After much study and deliberation, we have decided that it is in everyone's best interest to institute an arbitration policy for all of us. We have already implemented a similar arbitration policy for our homebuyers, contractors and consultants and have found that it works quite well for everyone involved.

We have found that arbitration is:

1)      Economical (arbitration costs <u>much</u> less than litigation and the Company bears the cost of the filing fee and the Arbitrator's fee)

2)      Much faster (if you are entitled to relief, you will get it much sooner than through the typical multi-year litigation process)

3)      More Private (it is less likely that your personnel records will become a matter of public record).

Of course, this policy is not meant to replace the normal manner in which we address issues that arise on a day to day basis. However, in the extremely rare instance in which we are unable to resolve a dispute, we will all benefit from the low cost and much speedier resolution of arbitration rather than an expensive, multi-year, slow litigation proceeding. The Company, as well as all of our associates, regardless of title or seniority, will be covered by the new policy.

All associates shall receive additional paid vacation time as a special, one-time bonus in connection with the implementation of this new policy. Attached to this memo is a schedule that outlines how the bonus vacation time may be used.

Please sign the attached agreement on the appropriate signature line and return it to the Human Resources Department. If you have any questions or concerns, please feel free to call either Jon Downs or Michele Wolfe at 215-938-8035 or 215-938-8065, respectively. You may also feel free to call Michael Araten in the Legal Department at 215-938-8366.

**SCHEDULE OF BONUS VACATION TIME**

The amount of vacation time will be calculated using years of service, with each employee receiving one day of vacation per year of service, up to a maximum of three (3) additional vacation days.  Those days can be used starting January 1, 2002 and all must be used by June 30, 2003.

# *Exhibit "B"*

## ARBITRATION AGREEMENT

I, **Pete Swallow** ("Employee") and Toll Bros.,Inc. (the "Company"), intending to be legally bound, agree to the following:

1.      All disputes, claims, or controversies arising out of or in connection with my employment or its termination, including but not limited to those concerning workplace discrimination, shall exclusively be submitted to and determined by final and binding arbitration before a single arbitrator ("Arbitrator") of the American Arbitration Association ("AAA"), or its successor or a similar association or entity selected by the Company, in accordance with the association's or entity's then current rules for the resolution of employment disputes ("the Rules").

2.      The requirement to arbitrate does not limit my right to file an employment related claim with a federal, state or local administrative agency.  However, I understand that by entering into this Agreement, I am waiving my right to have a court resolve any disputes or claims I may have regarding my employment, including any dispute or claims with respect to or arising from federal, state and local statutes prohibiting employment discrimination, including sexual harassment.

3.      The Arbitrator will be selected in accordance with the Rules.  Under the current Rules (of AAA), the Arbitrator is selected by the parties from a list provided by AAA.

4.      The Arbitrator, in cooperation with the parties, will set the date, time and place of the hearing.

5.      The Arbitrator will have all of the power of a court of law and equity, including the power to order discovery as set forth in the Rules, and to grant legal and equitable remedies.

6.      The decision of the Arbitrator will be in writing and set forth the findings and conclusions upon which the decision is based.  The decision of the Arbitrator will be final and binding and may be enforced under the terms of the Federal Arbitration Act, but may be set aside or modified by a reviewing court solely on the grounds that the Arbitrator made a material error of law, or in accordance with the Federal Arbitration Act.  Judgment upon the award may be entered, confirmed and enforced in any federal or state court of competent jurisdiction.

7.      The Company will bear the costs of the filing fee and the Arbitrator's fee.  The decision, in the Arbitrator's discretion, may award all or some of the Employee's or Company's attorneys' fees and costs, in addition to any such awards required by law.

8.      I acknowledge receipt of 2 day(s) of additional paid vacation.

9.      If any provision of this Agreement is construed by a court of competent jurisdiction or Arbitrator to be invalid or unenforceable, the remainder of this Agreement shall not be affected and the remaining provisions will be given full force and effect without regard to the unenforceable provisions.

**I HAVE READ AND UNDERSTAND ALL OF THE PROVISIONS OF THIS ARBITRATION AGREEMENT AND I AGREE TO ALL OF THE PROVISIONS SET FORTH ABOVE.**

Date_____

Signature _____

_____
**Pete Swallow**
**Dublin Greene-The Glen at**

Date: <u>11/01/2001</u>

_____
Jonathan C. Downs – Toll Bros., Inc.

# *DECLARATION OF JASON A. WEISS*

## DECLARATION OF JASON A. WEISS

I, Jason A. Weiss, declare as follows:

1.    I am a Partner at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel of record for Toll Brothers, Inc. in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    Attached as Exhibit "A" is a true and correct copy of the Rules of the American Arbitration Association.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on July _11_, 2008, at Irvine, California.

Jason A. Weiss