KATHLEEN M. LUCAS (Bar No. 80339)
THE LUCAS LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 402-0200
Fax: (415)402-0400

Attorney for Plaintiff
PETER SWALLOW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW,<br><br>    Plaintiff,<br><br>v.<br><br>TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE,<br><br>    Defendants. | Case No. C 08-02311 JCS<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: AUGUST 29, 2008<br>TIME: 1:30 P.M.<br>JUDGE: HONORABLE JOSEPH C. SPERO |

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**INTRODUCTION**

Federal Rule of Civil Procedure 15(a) provides that a trial court should grant leave to amend "freely when justice so requires," and there are limited grounds on which a party may be denied a chance to amend his complaint. None of the grounds exist here for denying the Motion for Leave to File a First Amended Complaint, particularly when no discovery has taken place and the only pending matters are this motion and the Motion to Compel Arbitration and to Stay the Proceedings. Defendant Toll Brothers, Inc. ("Defendant" or "Toll Brothers") makes no showing otherwise.

-1-
**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
CASE NO. C 08-02311 JCS

Because the Defendant fails to assert plausible grounds to deny Plaintiff Peter Swallow ("Plaintiff" or "Swallow") the opportunity to amend his Complaint, this Court should grant Plaintiff's Motion for Leave to File a First Amended Complaint, regardless of the ruling on the Motion to Compel Arbitration.

**ARGUMENT**

**I.     Plaintiff's Filed this Motion for Leave to File a First Amended Complaint Because He has Other Claims Against Defendant and No Prejudice Exists to Defendant**

Defendant's counsel, Tim Hoban, states that he does "…not recall Plaintiff's counsel ever telling (him)…that the reason she requested a tolling agreement was in order to obtain a Right to Sue letter." *See* Declaration of Timothy J. Hoban in Support of Defendant's Opposition to Motion for Leave to File First Amended Complaint, ¶ 2. Notably, he does not deny that Plaintiff's counsel did ask for a tolling agreement but rather he focuses on the "why" not the "whether". The fact that he does not recall the reason for the request is simply not relevant to this motion. For Defendant to jump from in-house counsel's failure to recall the reason for Plaintiff having asked for a tolling agreement to accusations of "dilatory tactics" is simple hyperbole. The obvious reason is that the claims that had one year statutes of limitation had to filed or tolled. When they were not tolled by a stipulation, they had to filed or lost. For experienced counsel to pretend that they do not understand these circumstances is tantamount to saying that they do not understand statutes of limitation or the fundamental rules of civil procedure. Secondly and similarly, for Defendant to jump from not knowing the scope of the reasons for filing claims with different statutes of limitation to allegations of "not acting in good faith" is either disingenuous or demonstrates an unpardonable ignorance of the civil practice system.

Whatever Defendant might mean by these accusations does not undercut the fact that a tolling agreement was proposed by Plaintiff's counsel around March 31, 2008, when the one year statutes of limitations were imminent.  *See* Declaration of Kathleen M. Lucas Filed in Support of the Reply to the Motion for Leave to File an Amended Complaint, ¶ 3.  Because Plaintiff was forced to file on the causes of action with a one year statute of limitation, nothing submitted by Defendant undercuts Plaintiff's articulated position that it was his intention to file a First Amended Complaint with *all of the remaining causes of action* as soon as he received the Right-To-Sue letter for the age discrimination claim. See declaration filed with moving papers, Declaration of Kathleen M. Lucas in Support of Plaintiff's Motion for Leave to File First Amended Complaint ¶ 4 (hereinafter Lucas Dec.)  Defendant's outside counsel was told that Plaintiff would serve a First Amended Complaint setting forth the claims that had longer statutes of limitation. See Lucas Dec. ¶ 9. The fact that Defendant's counsel could not wait and answered the Complaint immediately along with the filing of the Removal papers is not dispositive of a motion to amend under these circumstances.

II.     **Plaintiff's Attempt to Obtain a Stipulation to Amend the Complaint from Defendant was in Good Faith.**

Again, Defendant does not deny that Plaintiff requested that Defendant stipulate to the filing of a First Amended Complaint—they say that they wanted to see it first.  However, Defendant has now seen the First Amended Complaint and still refuses to agree to the Plaintiff filing it.  So, whatever they may say about their belief that the meet and confer was incomplete, they have cured that problem by looking at it now and still opposing the filing of the First Amended Complaint. Futile acts are never required by the Court because the Court looks to the substance of the issue, not to frivolous procedural arguments.

Plaintiff filed this Motion for Leave to File the First Amended Complaint in a timely manner and in doing so, gave Defendant adequate notice of all additional causes of action he intends to bring. At no time did Plaintiff engage in undue delay, nor did he act in bad faith. Even if some of Defendant's complaints were correct in the eyes of the Court, which Plaintiff does not concede, then their position in this Court demonstrates that postponing the filing of this Motion and granting more time for consideration of a stipulation would not have been successful.

### III.   Plaintiff Will be Unduly Prejudiced by Denial of this Motion

There is a strong policy permitting such amendments. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 537-538 (9th Cir. 1989), *citing Thomas-Lazear v. Federal Bureau of Investigation*, 851 F.2d 1202, 1206 (9th Cir. 1988). Plaintiff is entitled as a matter of right to add causes of action such as those in the First Amended Complaint. There is *no prejudice* to the Defendant. The Complaint was never served, although defendant has answered. No discovery has been conducted and none is intended until after these motions are heard.

Plaintiff will be unduly prejudiced if denied the right to bring forth and seek damages on the additional legitimate claims. Plaintiff could file a second Complaint which seems absurd because the conduct , although related, is different. Then, the two cases would likely be joined as related cases resulting in a wasteful use of judicial resources. Therefore, this Court should grant the leave to amend pursuant to FRCP Rule 15.

As the appellate Courts have noted, "Not all of the factors merit equal weight. As this circuit and other have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**CONCLUSION**

For the reasons set forth above, in the original Motion for Leave to File First Amended Complaint and supporting documents, plaintiff respectfully requests that the Court grant his Motion for Leave to File a First Amended Complaint.

Date: July 11, 2008                                   THE LUCAS LAW FIRM

                                                                       /S/
                                                  KATHLEEN M. LUCAS
                                                  Attorney for Plaintiff
                                                  PETER SWALLOW