KATHLEEN M. LUCAS (Bar No. 80339)
THE LUCAS LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 402-0200
Fax: (415) 402-0400

Attorneys for Plaintiff
PETER SWALLOW

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW,<br><br>Plaintiff,<br><br>v.<br><br>TOLL BROTHERS, INC.; AND DOES 1-25, INCLUSIVE,<br><br>Defendants. | Case No. C 08-02311 JCS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR JURY TRIAL FOR:**<br><br>1. **DEFAMATION;**<br>2. **SLANDER *PER SE***<br>3. **AGE DISCRIMINATION**<br>4. **BREACH OF CONTRACT**<br>5. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>COMPLAINT FILED: APRIL 3, 2008<br>**Demand For Trial By Jury** |

Plaintiff PETER SWALLOW ("SWALLOW") hereby files this First Amended Complaint, in this Court against defendants, and each of them, demands a trial by jury of all issues and for causes of action alleges:

### FACTUAL ALLEGATIONS

1. PETER SWALLOW ("SWALLOW" or "Plaintiff") was a Sr. Project Manager who at all times mentioned in this Complaint, was, and is, a resident of the County of Contra Costa, State of California.

-1-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

2. Based on information and belief, Plaintiff alleges that at all times mentioned in this Complaint, Defendant TOLL BROTHERS, INC. (hereinafter "Toll Brothers") was, and is, a Delaware Corporation doing business in California with an office in Point Richmond, County of Contra Costa, State of California where SWALLOW worked.

3. Toll Brothers is a multinational company specializing in construction, with a range of services that includes sales, marketing, trade finance, risk management and logistic services.

4. At this time, Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, each of the Defendants, including those fictitiously named, were agents of each other and each was responsible and liable for the acts and omissions of the other.

5. Plaintiff does not know the identities of DOES 1-25 at this time. Based on information and belief, Plaintiff alleges that DOES 1-25 were responsible for acts taken against Plaintiff. Plaintiff will seek leave of court to provide the true identities of DOES 1-25 when they become known.

6. On or about August, 1999, Toll Brothers hired SWALLOW to work as the Project Manager at Toll Brothers out of the offices in San Ramon, CA. If Toll Brothers was not the true employer, Plaintiff will amend his Complaint to conform to the facts once the true employer is identified.

7. The last position SWALLOW held at Toll Brothers was Sr. Project Manager.

8. While at Toll Brothers, SWALLOW successfully performed the duties of Sr. Project Manager in a responsible, loyal, competent and diligent manner consistent with the requirements of the position. Throughout his employment, the feedback SWALLOW received, including oral discussions of his performance of his job duties, were uniformly better than satisfactory. At all relevant times SWALLOW was ready, willing and able to perform the duties as Sr. Project Manager of Toll Brothers.

9. On April 4, 2007, SWALLOW that his employment was being terminated by Toll Brothers because he had ordered work to be done at private residences and billed to Toll Brothers. At the time, SWALLOW denied the accusation but was Toll Brothers still terminated his employment.

10. During the time of his termination by Toll Brothers, SWALLOW was told that he was being accused of violating the company's policies and that a preliminary investigation by Toll Brothers was being conducted.

## FIRST CAUSE OF ACTION
(Defamation)
**Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")**

11.  On or about April 4, 2007, defendant Toll Brothers and other personnel of defendant intentionally made false and disparaging statements that Swallow had engaged in gross misconduct by billing defendant on numerous occasions for repair work performed at Swallow's own rental property and his relatives' properties.

12.  The words were said to and heard by Ron Helms and Barry Thompson an employ and owner of Cowan & Thompson Construction and several other persons whose names are not known to plaintiff.

13.  These words were defamatory because they accused Swallow of committing the crime of fraud and reflected on his profession, character and put him in a bad light. These statements were intentionally made. These false and disparaging statements caused injury to Plaintiff. These statements were made to people who had no need to know them. They were made knowing that there was no basis for making them and that they were false.

14.  The words uttered were false statement because SWALLOW did not engaged in such misconduct and Toll Brothers did not have sufficient evidence to support their allegation. These statements were republished and it was reasonably foreseeable that they would be republished. In addition, it was reasonably foreseeable that SWALLOW would have to self publicate the statement.

15.  Toll Brothers completed an investigation on this matter and found no evidence of misconduct or that Toll Brothers had ever paid for any repairs or alterations at the location of Swallow's residence.

16.  Defendant's false and disparaging statements carried a defamatory meaning because such statements are injurious to SWALLOW with respect to his profession, trade, business, and in attempting to find other employment. The word were understood by those who saw and heard them in a way that defamed SWALLOW because at the time, SWALLOW was employed by Toll

Case 3:08-cv-02311-JCS   Document 29   Filed 08/13/2008   Page 4 of 11

Brothers and his last position was senior project manager. As a result of the above-described works, SWALLOW has suffered general damages to his reputation.

17. As a further proximate result of the above-described works, As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses of earnings and job benefits, incurred medical expenses and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

18. The above-described words were spoken by Toll Brothers and other personnel of Toll Brothers with malice and fraud in that they made these statements despite the fact that they knew these statements were false. Toll Brothers and others further made these statements maliciously in an attempt to terminate Swallow's employment with Tolls brother because they wished to replace him with a younger employee and keep his vested stock options upon termination. They were also made for the sole purpose of discrediting Swallow in his profession. Thus, an award of exemplary and punitive damages is justified

### SECOND CAUSE OF ACTION
(Slander *Per Se*)
**Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")**

19. On or about April 4, 2007, defendant Toll Brothers and other personnel of defendant intentionally made false and disparaging statements that Swallow had engaged in gross misconduct by billing defendant on numerous occasions for repair work performed at Swallow's own rental property and his relatives' properties.

20. The words were said to and heard by Ron Helms and Barry Thompson an employ and owner of Cowan & Thompson Construction and several other persons whose names are not known to plaintiff.

21. These words were slanderous *per se* because they accused Swallow of committing the crime of fraud and reflected on his profession, character and put him in a bad light .

-4-

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

22. The words uttered were false statement because SWALLOW did not engaged in such misconduct and Toll Brothers did not have sufficient evidence to support their allegation. They were intentionally made these false and disparaging statements which caused injury to Plaintiff. These statements were made to people who had no need to know them. They were made knowing that there was no basis for making them and that they were false. These statements were republished and it was reasonably foreseeable that they would be republished. In addition, it was reasonably foreseeable that SWALLOW would have to self publicate the statement.

23. Toll Brothers completed an investigation on this matter and found no evidence of misconduct or that Toll Brothers had ever paid for any repairs or alterations at the location of Swallow's residence.

24. Defendant's false and disparaging statements carried a defamatory meaning because such statements are injurious to SWALLOW with respect to his profession, trade, business, and in attempting to find other employment. The word were understood by those who saw and heard them in a way that defamed SWALLOW because at the time, SWALLOW was employed by Toll Brothers and his last position was senior project manager. As a result of the above-described works, SWALLOW has suffered general damages to his reputation.

25. As a foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses of earnings and job benefits, incurred medical expenses and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

26. The above-described words were spoken by Toll Brothers and other personnel of Toll Brothers with malice and fraud in that they made these statements despite the fact that they knew these statements were false. Toll Brothers and others further made these statements maliciously in an attempt to terminate Swallow's employment with Tolls brother because they wished to replace him with a younger employee and keep his vested stock options upon termination. They were also

made for the sole purpose of discrediting Swallow in his profession. Thus, an award of exemplary and punitive damages is justified

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Age Discrimination)
Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")

27.     By this reference, Plaintiff hereby incorporates paragraphs 1-26, inclusive, of this document as if set forth herein.

28.     At all times herein mentioned, Government Code §12940, *et seq.*, was in full force and effect and was binding upon Defendants, and each of them. Said sections require Defendants to refrain from discriminating against an employee on the basis of age. Within the time provided by law, Plaintiff complained to the California Department of Fair Employment and Housing ("DFEH"). Plaintiff received Plaintiff's "Right to Sue" from the DFEH and timely files this action.

29.     SWALLOW was 54 years old when his employment was terminated by defendant.

30.     On February 28, 2008, SWALLOW filed a Complaint of Age Discrimination with the California Department of Fair Employment and Housing and served it on his employer. On March 12, 2008, The Department issued the Right-To-Sue letter which was served on his employer on April 22, 2008.

31.     After terminating the employment of SWALLOW, Toll Brothers replaced him with a less experienced 31 year old.

32.     Plaintiff alleges that his age was a determining factor in the terms and conditions of his employment, and less experienced, younger employees were not subjected to the same or similar unfavorable treatment, including termination from his position as Sr. Project Manager.

33.     Defendants discriminated against Plaintiff on the basis of age in terminating Plaintiff's employment unlawfully and for reasons that violated the FEHA. The Plaintiff was fifty-four (54)

years old at the time of termination and replaced by a thirty-one (31) year old, less experienced employee.

34.     On information and belief, Plaintiff alleges that Defendant, by its failure to prevent or correct the discrimination against Plaintiff by its agents and employees, as alleged above, acted to condone and ratify such conduct with the knowledge that such ratification would thereby interfere with plaintiff's employment and ability to continue his career with Defendant.

35.     As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff is entitled to consequential and compensatory damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial. Plaintiff has suffered and continues to suffer substantial losses of earnings and job benefits.

36.     As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has also suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

37.     Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with wrongful intention of injuring Plaintiff and acted with an improper and evil mode amounting to malice, in a conscious disregard for Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(For Breach of Contract)
(Against TOLL BROTHERS and DOES 1-25 Only ("Defendants"))

38. By this reference, Plaintiff hereby incorporates paragraphs 1-37, inclusive, of this document as if set forth herein.

39. Defendant employed Plaintiff under a contract of employment that was partly written, partly oral, and partly implied. By and through such contract, Plaintiff was assured that he would receive compensation for his services consistent with his contracts and with Toll Brothers, Inc.'s policies, be provided continuous employment and would not be terminated without good cause. Plaintiff further relied on the written provisions of the personnel manual regarding causes for which employees could be discharged to conclude that Plaintiff and Defendant had entered into an implied contract that Plaintiff would be provided continued employment and would not be discharged unless there was good cause to do so. Plaintiff also relied on the written policies of Toll Brothers, Inc. with regard to the compensation programs which provided for some of the terms for compensation that would be owed and paid to him when he completed certain service.

40. The terms of the employment contract included, but were not limited to, the following: Defendant would provide Plaintiff with compensation as described above, with continued employment and would not discharge Plaintiff without good cause and fair warning, based on objective, reasonable and verifiable criteria, to which Plaintiff would have an opportunity to respond; and Plaintiff would receive payment for any and all wages and compensation owed to him. The written terms of Plaintiff's employment contract are set forth in Toll Brothers, Inc.'s policies and some are set forth in the document attached hereto as

41. Plaintiff performed under the contracts, remained in Defendant's employ, and gave his time and effort to Defendant; alternatively, Plaintiff's performance was excused because of certain acts of Defendant.

42. Defendant breached its employment contract and executive compensation contracts. Defendant refused to allow Plaintiff to perform in accordance with the contract terms and failed to

pay Plaintiff the wages owed to him in violation of Labor Code §§ Sec. 201 and 203 at the time Plaintiff was discharged.

43. Plaintiff undertook and continued employment and duly performed all of the conditions of the contracts to be performed by him. Plaintiff at all times has been ready, willing, and able to perform, and has offered to perform, all of the conditions of the contracts to be performed by him.

44. Defendant, in refusing to allow Plaintiff to continue working and in wrongfully terminating Plaintiff's employment contract, breached its own established policy and practice of only discharging permanent employees for good cause. Furthermore, Defendant breached Plaintiff's employment contract wherein Plaintiff would be allowed to work unless good cause excused his termination. By interfering with Plaintiff's performance of said contract and failing to pay Plaintiff the wages and compensation owed to her, Defendant breached Plaintiff's executive compensation contract. Defendant, in refusing to allow Plaintiff to continue working and in unlawfully terminating Plaintiff's employment contract, also breached the implied covenant of good faith and fair dealing implied in all contracts.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(Breach Of The Implied Covenant Of Good Faith And Fair Dealing)
Against TOLL BROTHERS and DOES 1-25 Only ("Defendants")

45. By this reference, Plaintiff hereby incorporates paragraphs 1-44, inclusive, of this document as if set forth herein.

46. Defendant employed Plaintiff under a contract of employment that was partly written, partly oral, and partly implied. Further, Defendant entered into an executive compensation contract with Plaintiff.

47. Plaintiff has performed under the contracts, remained Defendant's employee, and gave her time and effort to Defendant; alternatively, Plaintiff's performance was excused because of certain acts committed by Defendants.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

48. Pursuant to said contracts, Defendant owed Plaintiff a duty of good faith and fair dealing in the performance of said contracts.

49. Defendant breached the implied covenant of good faith and fair dealing by failing to cooperate honestly and fairly with Plaintiff in the performance of said contracts.

50. As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits according to proof at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. As to Causes of Action One, Two, Three, Four and Five, that Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or consequential damages for violation of the FEHA (Cal. Gov't Code §§ 12900, *et seq.*) including lost wages and benefits;

2. As to Causes of Action One, Two and Three, that Plaintiff recover damages for emotional distress;

3. As to Causes of Action One, Two and Three that Plaintiff have and recover a judgment against Defendants for punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants.

4. That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for the costs of this litigation, and reasonable attorneys' fees pursuant to Cal. Gov't. Code § 12965 and Code of Civ. Proc. § 1021.5 and Labor Code ¶ 218.5;

5. That Plaintiff recover pre-judgment and post-judgment interest pursuant to Civil Code §§ 3287, 3288, and 3291

4. .For such other and further relief as the Court shall deem just and proper.

Date: August 13, 2008                                THE LUCAS LAW FIRM

*/s/ Kathleen M. Lucas*
KATHLEEN M. LUCAS
Attorneys for Plaintiff
PETER SWALLOW

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Date: August 13, 2008                                THE LUCAS LAW FIRM

*/s/ Kathleen M. Lucas*
KATHLEEN M. LUCAS
Attorneys for Plaintiff
PETER SWALLOW

-11-
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES