UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SWALLOW,<br><br>   Plaintiffs,<br><br>v.<br><br>TOLL BROTHERS, INC.,<br><br>   Defendant.<br>_____/ | Case No. C-08-02311 JCS<br><br>**ORDER GRANTING DEFENDANT TOLL BROTHERS, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS AND VACATING SEPTEMBER 12, 2008 HEARING, OCTOBER 24, 2008 CASE MANAGEMENT CONFERENCE [Docket No. 8]** |

## I.  INTRODUCTION

Plaintiff in this employment discrimination action has sued Defendant Toll Brothers, Inc. ("Toll Brothers") for age discrimination, defamation and slander, breach of contract and breach of the implied covenant of good faith and fair dealing.  Toll Brothers brings a motion to compel arbitration ("the Motion") based on a written arbitration agreement signed by Plaintiff.  The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).  The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Motion is GRANTED.  The hearing scheduled for **Friday, September 12, 2008** at 9:30 a.m. and the Case Management Conference scheduled for **Friday, October 24, 2008** at 1:30 p.m. are **vacated**.

## II.  BACKGROUND

### A.  Factual Background

Plaintiff Peter Swallow is a citizen of California.  First Amended Complaint ("FAC"), ¶ 1. He was hired by Toll Brothers as a project manager in 1999.  *Id.*, ¶ 6.  Toll Brothers is a Delaware corporation specializing in construction, offering a range of services that includes sales, marketing

trade finance, risk management and logistic services. *Id.*, ¶¶ 2-3. Toll Brothers has an office in Point Richmond, California, in Contra Costa County. *Id.*, ¶ 2.

According to Toll Brothers, Plaintiff entered into a written arbitration agreement with Toll Brothers ("Arbitration Agreement") on November 20, 2001. Declaration of Karyn J. Ward ("Ward Decl."), ¶ 6; Declaration of Timothy J. Hoban ("Hoban Decl."), Ex. A (signed Arbitration Agreement). The terms of the arbitration agreement are set forth below:

> I, Peter Swallow ("Employee") and Toll Bros., Inc. (the "Company"), intending to be legally bound, agree to the following:
>
> 1.   All disputes, claims, or controversies arising out of or in connection with my employment or its termination, including but not limited to those concerning workplace discrimination, shall exclusively be submitted to and determined by final and binding arbitration before a single arbitrator ("Arbitrator") of the American Arbitration Association ("AAA"), or its successor or a similar association or entity selected by the Company, in accordance with the association's or entity's then current rules for the resolution of employment disputes ("the Rules").
>
> 2.   The requirement to arbitrate does not limit my right to file an employment related claim with a federal, state or local administrative agency. However, I understand that by entering into this Agreement, I am waiving my right to have a court resolve any disputes or claims I may have regarding my employment, including any dispute or claims with respect to or arising from federal, state and local statutes prohibiting employment discrimination, including sexual harassment.
>
> 3.   The Arbitrator will be selected in accordance with the Rules. Under the current Rules (of AAA), the Arbitrator is selected by the parties from a list provided by AAA.
>
> 4.   The Arbitrator, in cooperation with the parties, will set the date, time and place of the hearing.
>
> 5.   The Arbitrator will have all the power of a court of law and equity, including the power to order discovery as set forth in the Rules, and to grant legal and equitable remedies.
>
> 6.   The decision of the Arbitrator will be in writing and set forth the findings and conclusions upon which the decision is based. The decision of the Arbitrator will be final and binding and may be enforced under the terms of the Federal Arbitration Act, but may be set aside or modified by a reviewing court solely on the grounds that the Arbitrator made a material error of law, or in accordance with the Federal Arbitration Act. Judgment upon the award may be entered, confirmed and enforced in any federal or state court of competent jurisdiction.
>
> 7.   The Company will bear the costs of the filing fee and the Arbitrator's fee. The decision, in the Arbitrator's discretion, may award all or some of the Employee's or Company's attorneys' fees and costs, in addition to any such awards required by law.
>
> 8.   I acknowledge receipt of 2 day(s) of additional paid vacation.
>
> 9.   If any provision of this Agreement is construed by a court of competent jurisdiction or Arbitrator to be invalid or unenforceable, the remainder of this Agreement shall not be

> affected and the remaining provisions will be given full force and effect without regard to unenforceable provisions.
>
> I HAVE READ AND UNDERSTAND ALL OF THE PROVISIONS OF THIS ARBITRATION AGREEMENT AND I AGREE TO ALL THE PROVISIONS SET FORTH.

Hoban Decl., Ex. A (Arbitration Agreement).

Karyn Ward, who is the Human Resources Manager of Toll Brothers, states that her department was responsible for distribution of the Arbitration Agreement to employees in 2001, and that Plaintiff received the Arbitration Agreement on November 1, 2001. *Id*., ¶¶ 2-3. She further states that the Arbitration Agreement was accompanied by a memorandum explaining the purpose of the Arbitration Agreement. *Id*., ¶ 5 & Ex. A. According to Ward, employees were provided with "ample opportunity to review the agreement" and were invited to address any questions they had about the Arbitration Agreement to Toll Brothers management. *Id*., ¶¶ 6-7. The memorandum distributed to employees with the Arbitration Agreement stated as follows:

> All associates shall receive additional paid vacation time as a special, one-time bonus in connection with the implementation of this new policy. . .
>
> Please sign the attached agreement on the appropriate signature line and return it to the Human Resources Department. If you have any questions or concerns, please feel free to call either Jon Downs or Michele Wolfe at 215-938-8035 or 215-938-8065, respectively. You may also feel free to call Michael Araten in the Legal Department at 215-938-8366.

Ward Decl., Ex. A. Ward states that Swallow returned the signed arbitration Agreement on November 20, 1002 "without posing any questions." *Id*., ¶ 7.

Swallow acknowledges that the signature on the Arbitration Agreement "does look like [his] signature" but states that he does not recall signing it, that he was not given a copy of the agreement, and that no one explained the meaning of the arbitration provisions to him. Declaration of Peter Swallow in Response and Support of Plaintiff's Opposition to Toll Brother's Motion to Compel Arbitration and to Stay the Proceedings ("Swallow Decl."), ¶ 4.

On April 5, 2007, Plaintiff was terminated from his employment with Toll Brothers for allegedly violating the company's policies, namely, ordering work to be done at private residences and billed to Toll Brothers. FAC ¶¶ 9-10. *Id.* Plaintiff denies this allegation. *Id.*

3

### B. Procedural Background

This action was initially brought in Contra Costa Country Superior Court and was subsequently removed to this Court on the basis of diversity jurisdiction. In his original complaint, Swallow asserted claims for slander and defamation. Following removal of the action, Plaintiff was permitted to file a First Amended Complaint, which adds claims for age discrimination, breach of contract and breach of the implied covenant of good faith and fair dealing.

Toll Brother now brings a motion to compel arbitration based on the Arbitration Agreement, arguing that under the Federal Arbitration Act ("FAA"), the Arbitration Agreement governs Swallow's claims. Plaintiff opposes the Motion on the basis that the Arbitration Agreement is unenforceable, under California law, because it does not meet the requirements set forth by the California Supreme Court in *Armendariz v. Foundation Health Psychcare Servs, Inc.*, 24 Cal. 4th 83 (Cal. 2000). Similarly, he argues that the Agreement is unconscionable.[1] Toll Brothers argues in its reply brief that the requirements of *Armendariz* are satisfied and that the Arbitration Agreement is not unconscionable.[2]

## III. ANALYSIS

### A. Legal Standard

Under the FAA, "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A defendant who is a party to a written arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. § 3. The FAA "'leaves no place for the exercise of discretion by a district court, but instead mandates that

---

[1] The Court notes that although Plaintiff states in his declaration that he does not "recall" signing the Arbitration Agreement, he does not assert anywhere in his brief that he did not, in fact, sign the Agreement. Nor does he argue, as a legal matter, that no agreement exists between the parties.

[2] Toll Brothers also argued that *Armendariz* did not apply to the claims in the original complaint, which did not include a civil rights claim. Subsequently, however, the Court permitted Plaintiff to amend the complaint to add an age discrimination claim, rendering Toll Brothers's argument moot.

4

district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). Thus, the role of the court is limited to determining: 1) whether a valid agreement to arbitrate exists; and 2) whether the agreement encompasses the dispute at issue. *Id*.

In determining whether there is a valid agreement, state law affirmative defenses, including unconscionability, apply. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003). Under California law, an arbitration agreement is unconscionable if it is both procedurally and substantively unconscionable. *Id*. (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002); *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 102 (2000)). A contract may be procedurally unconscionable if it involves oppression or surprise. *Id*. at 1171. A contract is oppressive where it results from "an inequality of bargaining power [that] results in no real negotiation and an absence of meaningful choice." *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532 (1997). A contract is substantively unconscionable where it is "'so one-sided as to shock the conscience.'" *Id*. (citing *Kinney v. United Health Care Servs., Inc.*, 70 Cal. App. 4th 1322, 1330 (1999). It is the burden of the party opposing arbitration to establish that the arbitration agreement is unconscionable. *Crippen v. Central Valley RV Outlet, Inc.*, 124 Cal. App. 4th 1159, 1164 (2004).

Where an agreement contains an unconscionable provision, the court has the discretion, under California law, to sever that provision and enforce the remainder of the agreement. *Ingle*, 328 F.3d at 1180 (citations omitted). However, where the "central purpose of the contract is tainted with illegality," the court may refuse to enforce the contract in its entirety. *Id*. (quoting *Armendariz*, 24 Cal. 4th at 124).

### B. Whether the Arbitration Agreement is Valid

Plaintiff argues that the Arbitration Agreement should not be enforced because it contains provisions that do not comply with *Armendariz* and are substantively unconscionable. In particular, Plaintiff argues that the Arbitration Agreement is invalid for the following reasons: 1) the Agreement lacks mutuality because it requires that claims asserted by employees be submitted to

arbitration but does not require that claims asserted by Toll Brothers against employees be submitted to arbitration; 2) the Agreement does not provide for a neutral arbitrator because Paragraph 1 allows Toll Brothers to choose the arbitrator; 3) even though the Arbitration Agreement provides that Toll Brothers will pay the filing fee and the cost of the arbitrator, it does not ensure that *all* costs that are unique to arbitration will be covered by Toll Brothers; 4) the Agreement does not allow discovery as of right; 5) the Agreement does not recognize statutory fee shifting provisions because an award of fees and costs is at the discretion of the arbitrator; 6) the Arbitration Agreement alters the standard of review on appeal by specifying that a court may overturn the decision of the arbitrator only on the basis of an error of law; 7) the Agreement does not expressly state that it will waive the right to a jury trial and therefore, employees are not on notice that signing the agreement will result in such a waiver.   For the reasons stated below, the Court rejects Plaintiff's arguments.

### 1.     Mutuality

In *Armendariz*, the California Supreme Court held that an arbitration agreement was substantively unconscionable on the basis that it required arbitration of claims asserted by employees against their employer while not imposing the same requirement as to claims brought by the employer against employees. *See Armendariz*, 24 Cal. 4th at 120.   The court explained that an arbitration agreement "lacks basic fairness and mutuality if it requires one contracting party but not the other to arbitrate all claims arising out of the same transaction or occurrence." *Id*.   Plaintiff argues that that is the case here, pointing to Paragraph One of the Arbitration Agreement.   The Court disagrees.   The plain language of the Arbitration Agreement makes clear that it covers "*all* disputes, claims or controversies arising out of or in connection with" an employee's employment and that both the employer and the employer are bound by the Agreement.   Hoban Decl., Ex. A (emphasis added).   The Court rejects Plaintiff's assertion that the Arbitration Agreement lacks mutuality.

### 2.     Neutral Arbitrator

The California Supreme Court has held that the "neutral arbitrator requirement . . is essential to ensuring the integrity of the arbitration process." *Armendariz*, 24 Cal. 4th at 102 (citing *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 825 (1981)).   Plaintiff argues that this requirement is not met by the Arbitration Agreement because Paragraph One allows Toll Brothers to choose the arbitrator.   In

support of this position, Plaintiff points to the language stating that the arbitration shall before "a single arbitrator . . . of the American Arbitration Association . . . , or its successor or a similar association or entity selected by the Company, in accordance with the association's or entity's then-current rules for the resolution of employment disputes." Hoban Decl., Ex. A.   The Court reject Plaintiff's argument.

 First, the Court finds that the Arbitration Agreement provides for "neutral arbitrators" because Paragraph Three of the Arbitration Agreement and the AAA rules (which are incorporated into Paragraph Three) establish a system for selecting an arbitrator that is fair.  *See* Declaration of Jason A. Weiss ("Weiss Decl."), Ex. B (AAA Rules).  In particular, Rule 12 of the AAA rules encourages the parties to agree on an arbitrator on the AAA's list of arbitrators but also provides an alternative procedure if the parties cannot agree according to which parties submit objections and rankings that are used by the AAA to select the arbitrator.  *Id*, Rule 12.  Rule 12 also requires that all of the AAA's arbitrators must be experienced in employment law and that they may not have any personal or financial interest in the proceedings.  *Id*   Finally, Rule 16  provides for the disqualification of an arbitrator for "partiality or lack of independence." *Id*., Rule 16.

Second, to the extent the Agreement gives Toll Brothers the right to select an arbitration association in the event the AAA no longer exists, that provision is not unconscionable because it limits Toll Brothers' discretion.  Specifically, whatever arbitration association selected by Toll Brothers must be either a "successor" of the AAA or a "similar" association.  Given that the neutral arbitrator requirement is a fundamental requirement under California law, a reasonable reading of this requirement is that any arbitration association selected by Toll Brothers must provide for neutral arbitrators.

The Court finds that the Arbitration Agreement provides for the appointment of neutral arbitrators.

### 3. Costs Unique to Arbitration

Plaintiff argues that the Arbitration Agreement is deficient because he will be forced to pay fees and costs that he would not have to pay if the action were heard in court, such as motions to

7

obtain discovery. In support of this point, he relies on *Ontiveros v. DHL Express (USA), Inc.*, 164 Cal. App. 4th 494 (2008). The Court rejects Plaintiff's assertion.

In *Armendariz*, the court held that an employee may not be required to pay fees that are unique to arbitration. 24 Cal. 4th at 111. In *Ontiveros,* the court relied on this rule to find unconscionable a provision in an arbitration agreement requiring the employee to share "any filing fee and the fees and costs of the arbitrator," even though there was a cap on the employee's share. *Ontiveros*, 164 Cal. App. 4th at 510. The Arbitration Agreement here, however, is distinguishable from the one in *Ontiveros* because it expressly requires the *employer* to bear these expenses in full. Nor does the Court find authority suggesting that the need to bring motions relating to discovery that might not be required in court is sufficient to render an arbitration agreement unconscionable.

### 4.     Right to Discovery

Plaintiff argues that the Arbitration Agreement is unconscionable because it does not provide for adequate discovery, relying on *Ontiveros* and *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702 (2004). The Court finds the Arbitration Agreement permits sufficient discovery.

It is well-established under California law that arbitration agreements between employees and employers must provide adequate discovery in order to protect employees' statutory rights. *See Armendariz*, 24 Cal. 4th at 104 ("The denial of adequate discovery in arbitration proceedings leads to the de facto frustration of the employee's statutory rights"); *see also Fitz*, 118 Cal. App. 4th at 715 - 718. Thus, for example, in *Fitz*, the court struck down an arbitration agreement that allowed for only two depositions absent a showing of compelling need. 118 Cal. App. 4th at 715-718. Similarly, in *Ontiveros*, the court held that an arbitration agreement did not provide for adequate discovery where it allowed for only one deposition absent a showing of substantial need. 164 Cal. App. 4th at 513. In contrast, in *Armendariz* the court held that the arbitration agreement provided sufficient discovery where it incorporated the rules of the California Arbitration Association. 24 Cal. 4th at 104-105.

Here, the Arbitration Agreement incorporates the AAA rules relating to discovery. The AAA rules, in turn, give the arbitrator "the authority to order such discovery . . . as the arbitrator considers necessary to a full and fair exploration of the issues in dispute." Weiss Decl., Ex. B, Rule

9. The Court finds that this standard allows for sufficient discovery to protect employees' statutory rights. In contrast to the arbitrations of *Fitz* and *Ontivaros*, the Arbitration Agreement does not place an arbitrary limit on the number of depositions that may be taken and does not place an unreasonable burden on the employee with respect to discovery. Therefore, the Court rejects Plaintiff's argument that the Arbitration Agreement does not provide for adequate discovery. *See Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1133 (C.D. Cal. 2006) (finding that same AAA rule provided adequate discovery under *Armendariz*).

### 5. Standard for Awarding Fees and Costs

Plaintiff argues that the agreement in question does not recognize statutory fee shifting provisions and thus does not meet the *Armendariz* requirement that an arbitration agreement must "provide[] for all the types of relief that would otherwise be available in court." *Armendariz*, 24 Cal. 4th at 102. The Court disagrees. The Arbitration Agreement grants the arbitrator "all the power or a court of law and equity, including the power to . . . grant legal and equitable remedies." Hoban Decl., Ex. A, Paragraph Five. It further gives the arbitrator the discretion to "award all or some of the Employee's or Company's attorneys' fees and costs, in addition any such awards required by law." *Id.*, Paragraph Seven. The Court finds these provisions are sufficient to meet the requirement of *Armendariz*.

### 6. Standard of Review on Appeal

Plaintiff challenges the Arbitration Agreement on the ground that it attempts to alter the stand of review on appeal. The Court rejects Plaintiff's argument. *Armendariz* requires that an arbitration decision must be in writing and set forth "the essential findings and conclusions on which the award is based" in order to allow for meaningful judicial review. 24 Cal. 4th at 106-107. Paragraph Six of the Arbitration Agreement requires a written decision containing the findings and conclusions on which the award is based and therefore satisfies the requirements of *Armendariz*. Hoban Decl., Ex. A, Paragraph Six. The Arbitration Agreement further provides that the decision of an arbitrator may be set aside or modified by a reviewing court "on the ground that the arbitrator made a material error of law, or in accordance with the Federal Arbitration Act." *Id.* Plaintiff cites to no authority that suggests that this provision is insufficient to ensure that the arbitrator has

9

complied with the law.

### 7. Waiver of Right to Jury Trial

Plaintiff argues that the Arbitration Agreement may not be enforced because it does not expressly waive the right to a jury trial, as required under *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 967 (Cal. 2005). The Court disagrees.

In *Grafton*, the court held that a predispute agreement stating that any lawsuit between the parties would be adjudicated by a court trial and not a jury trial was invalid because the statutory provision that gave rise to the right to a jury trial did not authorize waiver of that right. 36 Cal. 4th at 944. The holding in *Grafton*, however, does not apply to arbitration agreements, as the court in that case explained:

> The analogy to arbitration agreements is not persuasive. Unlike predispute jury waivers, predispute arbitration agreements are specifically authorized by statute. . . Moreover, . . . arbitration agreements are distinguishable from waivers of the right to jury trial in that they represent an agreement to avoid the judicial forum altogether.

*Id*. at 955. Accordingly, the Court concludes that Plaintiff's reliance on *Grafton* is misplaced.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. Plaintiff's claims shall be subject to arbitration pursuant to the terms of the Arbitration Agreement. This action is STAYED pending the outcome of arbitration. The Clerk is ORDERED to administratively close the file, subject to reopening by the Court upon application by any party.

IT IS SO ORDERED.

Dated: September 8, 2008

JOSEPH C. SPERO
United States Magistrate Judge