United States District Court
For the Northern District of California

1
2
3
4
5                         UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8   PETER SWALLOW,                              No. C-08-02311 JCS

9              Plaintiff,

10      v.                                       **ORDER GRANTING IN PART AND
                                                 DENYING IN PART MOTION OF
11  TOLL BROTHERS, INC.,                         PETER SWALLOW FOR ATTORNEYS'
                                                 FEES AND COSTS [Docket No. 36]**
12             Defendants.
                                            /
13

14  **I.      INTRODUCTION**

15          On January 6, 2009, the Court entered judgment in favor of Plaintiff pursuant to Rule 68 of

16  the Federal Rules of Civil Procedure.  Subsequently, Plaintiff timely filed a Motion for Attorneys'

17  Fees and Costs ("the Motion") pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The

18  Court finds the Motion appropriate for disposition without oral argument and therefore **vacates the**

19  **hearing set for Friday, March 6, 2009 at 9:30 a.m.**  The parties have consented to the jurisdiction

20  of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).  For the reasons stated below,

21  the Motion is GRANTED in part and DENIED in part.[1]  Plaintiff is awarded  $67,163.04 in fees and

22  costs, plus post-judgment interest under 28 U.S.C. § 1961.

23  **II.     BACKGROUND**

24          **A.      Procedural Background**

25          This action arises out of Plaintiff's termination as a project manager for Toll Brothers, a

26  _____

27          [1]  The Court notes that Defendant has filed objections to evidence submitted by Plaintiff.  The
    Court rules on these objections only where it has relied on the evidence that has been challenged, as
28  stated below.

**United States District Court**
For the Northern District of California

1  multinational construction company, on the basis that Plaintiff had allegedly ordered work to be

2  done at private residences and billed it to Toll Brothers.  First Amended Complaint, ¶¶ 3-9.

3  According to Defendant, Plaintiff was terminated for "engaging in gross misconduct in the

4  performance of his duties, namely, embezzling Company funds" and was told at the time of his

5  termination that although employees who are dismissed for cause forfeit their stock options, Toll

6  Brothers would pay Plaintiff the value of his stock options in return for a separation agreement.

7  Declaration of Timothy J. Hoban in Support of Defendant Toll Brothers, Inc.'s Opposition to

8  Plaintiff's Motion for Attorneys' Fees and Costs ("Hoban Decl."), ¶¶ 2-3.   Plaintiff rejected

9  Defendant's offer.

10       In June 2007, Plaintiff met with attorney Kathleen Lucas for a consultation.  Lucas Motion

11  Decl., ¶ 22.   Lucas agreed to represent Plaintiff on a "combined financial basis."  *Id.*, ¶27.

12  According to this arrangement, Plaintiff would be responsible for "all attorneys fees under three

13  outcomes: 1) he accepted a job with Toll Brothers; or 2) he accepted a monetary settlement for

14  himself that did not take into account the payment of his attorneys fees; or 3) attorneys fee[s] were

15  not awarded by the court."  *Id.*

16       Plaintiff filed this action in Contra Costa County Superior Court.  In the original complaint,

17  Plaintiff asserted claims for slander and defamation.  According to Lucas, however, she informed

18  Toll Brothers' counsel before the complaint was served that Plaintiff intended to amend the

19  complaint to add a claim for employment discrimination once Plaintiff received a right-to-sue letter

20  from the California Department of Fair Employment and Housing ("DFEH").  *See* Declaration of

21  Kathleen M. Lucas in Support of Plaintiff Peter Swallow's Motion for Attorneys Fees and Costs

22  ("Lucas Motion Decl."), ¶ 29.  Before Plaintiff had served the complaint, on May 5, 2008,

23  Defendant removed the action to federal court on the basis of diversity.  *Id.*

24       On June 5, 2008, Toll Brothers made a Rule 68 offer in the amount of $16,500.00 plus

25  reasonable attorneys' fees and costs.  Declaration of Shannon R. Wolf in Support of Defendant Toll

26  Brothers, Inc.'s Opposition to Plaintiff's Motion for Attorneys' Fees and Costs ("Wolf Decl."), ¶ 2.

27

28                                                      2

United States District Court

For the Northern District of California

1   According to Defendant, this amount represented the maximum value of Plaintiff's stock options.

2   *Id.*  Plaintiff rejected the offer.  *Id.*

3          Following removal, Defendant brought a motion to compel arbitration and to stay

4   proceedings in this action pending arbitration. Plaintiff, in turn, brought a motion to amend, seeking

5   to add claims for age discrimination, breach of contract and breach of the implied covenant of good

6   faith and fair dealing.  On July 30, 2008, the Court granted Plaintiff's motion to amend.  On

7   September 8, 2009, the Court granted Defendant's motion to compel arbitration and stayed further

8   proceedings pending arbitration.  The Court ordered the Clerk to "administratively close the file,

9   subject to reopening by the Court upon application by any party."  Docket No. 33 at 10.

10         On October 6, 2008, Plaintiff served a demand for arbitration on Toll Brothers and

11   proceedings were formally initiated with the American Arbitration Association ("AAA").  Wolf

12   Decl., ¶ 7.   Toll Brothers was billed and paid an initial administrative fee of $1,050.00.  *Id.*, ¶ 8.

13   Similarly, Plaintiff paid a mediation fee of $1,000.00.  Bill of Costs, Attachment.  No arbitrator was

14   ever chosen, however, nor was arbitration actually commenced.  Lucas Decl., ¶ 34.

15         On October 30, 2008, the parties engaged in a mediation, but the case did not settle.  Wolf

16   Decl., ¶ 5.

17         On January 5, 2009, Plaintiff filed a Notice of, and Request for, Entry of Judgment Under

18   FRCP 68 in Favor of Plaintiff Peter Swallow ("Request for Entry of Judgment").  The attached Rule

19   68 offer, dated December 10, 2009, stated as follows:

20         Respondent Toll Brothers, Inc. hereby offers to allow entry of judgment pursuant to Rule 68
           of the Federal Rules of Civil Procedure as follows:

21

22         Judgment in favor of Claimant against Respondent in the sum of Thirty Six Thousand Eight
           Hundred Eighty Eight Dollars ($36,888.00) plus costs and reasonable attorneys' fees
           incurred as of the date of this offer.  Each party is otherwise to bear its/his own attorneys'

23         fees and costs.

24   Docket No. 34 (Request for Entry of Judgment), Ex. A.  Plaintiff accepted the offer on December 23,

25   2008.  Based on the Request for Entry of Judgment, the Court entered judgment in favor of Plaintiff

26   on January 6, 2009.

27         Plaintiff filed a Bill of Costs with the Clerk on January 20, 2009.  On the same day, Plaintiff

28   filed the attorneys' fees motion that is presently before the Court.

**United States District Court**
For the Northern District of California

**B.     The Motion**

Plaintiff seeks attorneys' fees in the amount of $67,986.00 for 123.1 hours of work on the merits, billed between June 11, 2007 and December 29, 2008.  Lucas Motion Decl., ¶ 61 & Ex. C (time sheets).  This time includes .5 hours billed after Plaintiff accepted the Rule 68 offer, on December 23, 2008, for time spent preparing and filing the request for judgment.  *Id.*  According to Lucas, "all intra-office meetings, memoranda directing research and intra-office consultations regarding the litigation, including discussions with the legal researchers who did legal research" were redacted from Plaintiff's fee request.  Lucas Motion Decl., ¶ 46.[2]

In addition to the fees sought for work on the merits, Plaintiff seeks an award of attorneys' fees for work billed in connection with the attorneys' fees motion.  In particular, Kathleen Lucas spent 23.3 hours on the moving papers and Reply; in addition, law clerk Kelli Nevin spent 14 hours working on the Reply.  *See* Declaration of Kathleen M. Lucas in Support of: 1) Plaintiff's Reply Memorandum to Defendant's Opposition to Plaintiff's Motion for Attorneys Fees and Costs; and 2) Plaintiff's Reply to Defendant's Objections to the Lucas Declaration Filed in Support of Plaintiff's Motion for Attorneys Fees and Costs ("Lucas Reply Decl.") ¶¶ 23-24.

Plaintiff requests fees for time billed by the following individuals: 1) lead counsel Kathleen Lucas ($675.00/hour); 2) law clerk Ana Lai ($195.00/hour); 3) law clerk Diane Nahn ($195.00/hour); 4) law clerk Kelli Nevin ($195.00); 5) paralegal Karina Gomez ($225.00/hour).[3] Lucas Motion Decl., Ex. C; Lucas Reply Decl., Ex. B.  The rates sought by Plaintiff are the current 2009 rates charged by the Lucas Law Firm.  Lucas Motion Decl., ¶ 17.  According to Plaintiff, these rates are in line with the rates charged by other lawyers in the San Francisco Bay area for similar work.  Lucas Motion Decl., ¶ 55; *see also* Declaration of Todd M. Schneider in Support of Peter Swallow's Motion for Attorneys' Fees and Costs ("Schneider Decl."), ¶¶ 9, 14 (stating that rates are

---

[2]Defendant objects to this evidence on the following grounds: "Lacks Foundation; Hearsay; Argumentative." *See* Evidentiary Objections of Defendant Toll Brothers, Inc. to Declaration of Kathleen M. Lucas in Support of Plaintiff's Motion for Attorneys' Fees and Costs, Section I.  The Court overrules Defendant's objection.

[3]According to Lucas, while Gomez performed both secretarial and paralegal work on the case, Plaintiff seeks fees only for Gomez' "straight paralegal work."  Lucas Motion Decl., ¶ 60.

1    reasonable); Declaration of Therese M. Lawless in Support of Plaintiff's Motion for Award of

2    Reasonable Attorneys' Fees and Costs ("Lawless Motion Decl."), ¶ 15 (same).

3           In addition to attorneys' fees, Plaintiff seeks $1,794.54 in costs for the following expenses:

4    1) $373.40 (filing fee); 2) $37.00 (Federal Express); 3) $32.89 (postage); 4) $155.25 (copies); 5)

5    $108.50 (delivery of documents to court); 6) $1,000.00 (Plaintiff's share of mediation fee); 7)

6    $87.50 (telephone).  Lucas Motion Decl., Ex. D.

7           Finally, Plaintiff asks the Court to award post-judgment interest on the underlying settlement

8    amount, which has not yet been paid.

9           In Plaintiff's Reply brief, he makes a formal application to reopen the case.

10          In its Opposition, Toll Brothers asserts that the Motion should be denied, in its entirety, on

11   the basis that this Court lacks jurisdiction to determine Plaintiff's attorneys' fees.  Rather, Defendant

12   asserts, the question must be resolved by the American Arbitration Association ("AAA").

13   According to Defendant, under the arbitration agreement between the parties, *only* the AAA may

14   determine the amount of attorneys' fees.   In the alternative, Defendant asserts that the amount of

15   fees sought is excessive in light of the following factors: 1) the relatively non-complex legal issues

16   involved; 2)  Plaintiff's counsel represented Plaintiff on a "combined financial basis" and therefore

17   Plaintiff's counsel faced little risk in taking on the case; 3) the case took little of Plaintiff's counsel's

18   time and therefore did not preclude her from taking on new cases; 4) the results obtained with

19   respect to the settlement amount show that the involvement of Plaintiff's counsel added little value

20   to the case.   Defendant also argues that the fee award should be reduced because Plaintiff's counsel

21   unreasonably prolonged the litigation and engaged in unnecessary motion practice.  Finally,

22   Defendant argues that fees for work on the fee motion are precluded by the terms of the Rule 68

23   offer, which states that the parties are to bear their own fees and costs after the date of the offer.

24          With respect to Plaintiff's request for costs, Defendant does not challenge the specific costs

25   sought by Plaintiff in the Motion.  Defendant asserts, however, that Plaintiff's request for costs

26   should be decided by the AAA and not this Court.  Similarly, in its objections to Plaintiff's Bill of

27   Costs, Defendant objected only on jurisdictional grounds.

28

5

**United States District Court**
For the Northern District of California

1    **III.   ANALYSIS**

2         **A.    Whether this Court Has Jurisdiction Over the Motion**

3         Defendant argues that under the arbitration agreement between the parties, the AAA has

4    exclusive jurisdiction over the question of attorneys' fees and costs, citing to provisions in the

5    arbitration agreement that give the arbitrator "all of the power of a court of law and equity" and the

6    discretion to award attorneys' fees. *See* Wolf Decl., Ex. J (Arbitration Agreement), ¶¶ 5, 7.

7    Defendant points out that the Court found the arbitration agreement was legal enforceable in its

8    order granting Defendant's motion to compel arbitration.[4]  Defendant also relies on a California

9    case, *Juvenal Corona v. Amherst Partners*, 107 Cal. App. 4th 701 (2003), in support of its position.

10   The Court is not persuaded by Defendant's argument.

11        It is well-established that "arbitration is a matter of contract and a party cannot be required to

12   submit to arbitration any dispute which he has not agreed to submit." *See AT & T Technologies, Inc.*

13   *v. Communications Workers of America*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of*

14   *America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).  Further, any waiver of or

15   limitation on a party's right to attorneys' fees must be "clear and unambiguous."  *See Nusom v.*

16   *Comh Woodburn, Inc.*, 122 F3d 830, 833 (9th Cir. 1997) (holding that any limitation on right to

17   attorneys' fees in a Rule 68 offer must be clear and unambiguous);  *Brayton Purcell LLP v.*

18   *Recordon & Recordon*, 487 F. Supp. 2d 1124, 1127-28 (N.D. Cal. 2007) (awarding post-arbitration

19   fees in case that had been stayed pending arbitration and noting that parties could have limited fees

20   to those incurred in arbitration, but no such waiver could be found where the settlement agreement

21   was silent on this question).

22        Here, the arbitration agreement between the parties *permits* an arbitrator to award attorneys'

23   fees.  It does not, however, include any clear waiver of a party's right to seek an award of attorneys'

24   fees by the district court under Rule 54 of the Federal Rules of Civil Procedure where judgment has

25   been entered under Rule 68.  Nor does the Rule 68 offer extended by Defendant contain any such

26   _____

27        [4]Defendant also argued that the Motion should be denied because Plaintiff had not formally
     requested that the case be reopened.  That point is now moot, however, as Plaintiff requested in his
28   Reply brief that the case be reopened.  Plaintiff's request to reopen the case is granted.

**United States District Court**

For the Northern District of California

1    waiver.  Indeed, to the extent that Defendant styled its settlement offer as a Rule 68 offer and

2    allowed the Court to enter judgment under Rule 68 without objection, any limitation on Plaintiff's

3    right to seek an award of attorneys' fees in this Court that might have been found in the arbitration

4    agreement would have been waived.

5          Defendant's reliance on *Juvenal Corona* is misplaced.  In *Juvenal*, the plaintiff had prevailed

6    on the merits in arbitration and brought an action in the trial court to enforce the award and for an

7    award of attorneys' fees.  107 Cal. App. 4th at 704.   The trial court denied the request for attorneys'

8    fees in its entirety, finding that the question of the plaintiff's *entitlement* to attorneys' fees was

9    within the scope of the arbitration agreement and that because the plaintiff had failed to ask the

10   arbitrator to decide that issue, the trial court could not award attorneys' fees.  *Id*. at 706.  The court

11   reasoned that in a proceeding to confirm an arbitration award, the court's authority is limited to

12   reviewing the award to see if there are statutory grounds for vacating or correcting the award.  *Id*.

13   The court of appeal affirmed the trial court's decision with respect to fees and costs incurred in

14   arbitration.  *Id*.   It reversed, however, as to fees and costs incurred in the judicial proceeding, which

15   the court found were recoverable under Cal. Civ. Proc. Code § 1333.5(a)(10)(A), governing

16   attorneys' fee awards in actions to confirm arbitration awards.  *Id* at 707.

17         This case differs significantly from *Juvenal*.  First, it was not brought as an action to confirm

18   an arbitration award; indeed, there is no arbitration award to confirm.  Nor is there a dispute with

19   respect to the question of whether Plaintiff is entitled to attorneys' fees and costs:  Defendant's Rule

20   68 offer expressly states that Plaintiff shall be entitled to attorneys' fees and costs.  Thus, to the

21   extent that *Juvenal* found that the question of entitlement to attorneys' fees had to be resolved by the

22   arbitrator, that holding is inapplicable.  On the other hand, the court of appeal's holding that the trial

23   court *should* have awarded attorneys' fees incurred in the trial court, as provided by statute, does

24   apply here.  In particular, Rule 54 of the Rules of Federal Procedure authorizes this Court to award

25   fees and costs incurred in this proceeding.  Therefore, the Court concludes that this Court is the

26   proper forum for Plaintiff's motion for attorneys' fees and costs.

27

28

**B.      Amount of Attorneys' Fees**

      **1.      Legal Standard**

In this Circuit, the starting point for determining reasonable fees is the calculation of the "lodestar," which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210-11.

"The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan,* 814 F.2d at 1263. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In calculating the lodestar, the Court should consider any of the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976), that are relevant. *Jordan*, 815 F.2d at 1264 n.11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in Kerr). In *Kerr*, which was decided before the lodestar approach was adopted by the Supreme Court as the starting point for determining reasonable fees in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Ninth Circuit adopted the 12-factor test articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skilled requisite to perform

the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212. A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley*, 461 U.S. at 436. To be compensable, an attorney's time must be "reasonable in relation to the success achieved." *Id*. When accounting for limited success, a court may eliminate specific hours in calculating the lodestar, or it may simply reduce the award. *Id*.

### 2.    Reasonableness of Hourly Rates

#### a.    Kathleen Lucas

Plaintiff seeks fees for work by Kathleen Lucas at a rate of $675.00/hour. In support of this request, Plaintiff has provided a detailed declaration describing her experience, which includes 34 years of practicing labor and employment law and widespread recognition for her skill in that field, including being named a California Lawyer of the Year in 2002 and a California Super Lawyer in the field since 2007. *See* Lucas Decl., ¶¶ 8, 10, 16. Lucas is an officer of the McFetridge Inn of Court, a member of the American Board of Trial Advocates, the Board of Directors of the Bar Association of San Francisco, San Francisco Trial Lawyers Association, the Litigation Committee of Equal Rights Advocates and the Lawyers' Committee for Civil Rights. *Id*., ¶¶ 10, 16. She has served California State Bar Committees on equal employment and has served as a Judge Pro Tem for the Superior Court of the City and County of San Francisco since 1994. *Id*., ¶¶ 16, 21.

Plaintiff has also provided declarations by other practitioners in the field and who are familiar with Lucas's skills and expertise stating that the rate sought for Lucas is in line with the rates charged by other attorneys' in the Bay area with similar experience and skills for comparable work. *See* Schneider Decl., ¶ 9; Lawless Motion Decl., ¶ 12.[5]  Although Defendant challenges Lucas' rate as excessive, it fails to point to any evidence to counter the evidence offered by Plaintiff. The Court concludes that the rate sought for Lucas, $675.00/hour, is reasonable.

### b.    Law Clerks

Plaintiff seeks fees for work by several law clerks who worked for Lucas while law students at a rate of $195.00/hour.  In addition to providing the resumes of the law clerks, Plaintiff has provided a declaration by at least one practitioner stating that this rate is consistent with current rates charged in the Bay area for law clerks.  *See* Schneider Decl., ¶ 14.[6]  The Court finds the rate of $195.00/hour to be reasonable.    The Court rejects Defendant's reliance on *Petroleum Sales, Inv. v. Valero Refining Co.*, 2007 WL 2694207, in which the Court held that $120.00/hour was a reasonable rate for paralegal and litigation support in the Bay area.  In that case, the party seeking attorneys' fees had not provided any evidence of the prevailing rate.  In the absence of such evidence, the court looked to the case law to determine a reasonable rate for 2007.   In contrast, the Plaintiff here has provided evidence of current rates for law clerks.  That evidence supports a 2009 rate of

---

[5]The Court overrules Defendant's objections to this evidence as lacking foundation, improper opinion, and argumentative.  As practitioners in the area of labor and employment law in the San Francisco Bay area, these individuals have the experience necessary to express their opinions regarding the reasonableness of Lucas' rate.  The Court notes that it does not rely on the paragraph in Lucas's declaration listing the rates of other local practitioners in the field of labor and employment law.  *See* Lucas Motion Decl., ¶ 58.  Defendant objects to that paragraph on the basis that it is hearsay.  The Court does not reach Defendant's objection.

[6]The Court does not rely on the Lawless Motion Declaration, which does not directly address the reasonableness of the law clerk rate.  Although Lawless states generally that "the hourly rates of plaintiff's attorneys" were consistent with those charged by law firms of comparable caliber, it is not clear that this statement encompasses the law clerks, who were not admitted to practice law during the relevant time period and therefore were not "attorneys."

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

$195.00/hour.[7]  Defendant has not presented any evidence of its own suggesting this rate is excessive.  Therefore, the Court declines to adopt the 2007 rate in *Valero*.

### c.      Paralegal

Plaintiff seeks fees for work by paralegal Karina Gomez at a rate of $225.00/hour. According to Lucas, Gomez is a certified paralegal who has worked for Lucas' firm for almost ten years. Lucas Motion Decl., ¶ 54.  Plaintiff cites to the declarations of Therese Lawless and Todd Schneider in support of the rate sought for Gomez.  The Court finds, however, that these declarations support a somewhat lower rate of $150.00/hour.  In particular, Lawless states that the commercial hourly rate for paralegals charged by her firm is $150.00/hour.  Lawless Motion Decl., ¶ 14.  Schneider states that certified paralegals "are regularly charged at rates of $150.00 and above." Schneider Decl., ¶ 14.  Neither Lawless nor Schneider states that a rate of $225.00/hour is consistent with rates charged in the Bay area for comparable work or that this rate is reasonable as to Gomez. Accordingly, the Court concludes that a reasonable rate for Gomez for the purposes of determining Plaintiff's attorneys fees is $150.00/hour.

### 3.      Reasonableness of Time Spent

Plaintiff has provided detailed time sheets describing the work performed in this action.  The Court has reviewed these time sheets and finds that the time spent on this action was reasonable. The Court notes that Defendant has not identified any specific time entries as unreasonable, and the Court has found none.  Plaintiff's counsel has exercised billing judgment by excluding from the fee request "all intra-office meetings, memoranda directing research and intra-office consultations regarding the litigation, including discussions with the legal researchers who did legal research." Further, the Court rejects Defendant's assertion that Plaintiff's time is excessive because counsel has filed unnecessary motions and, more generally, has "over-litigated" the case.  The Court is familiar with the motion practice in this litigation and has reviewed the record provided by the parties with respect to the factual development of the underlying case and settlement negotiations.  Based on this

---

[7]Defendant does not dispute that in determining attorneys' fees, the Court should use current 2009 rates.

review, the Court does not find Plaintiff's counsel to have conducted the litigation in a manner that justifies a reduction in attorneys' fees.

### 4. Whether Lodestar Should be Adjusted Based on *Kerr* Factors

Defendant argues that the lodestar should be reduced because: 1) the case was not complex; 2) the case did not require a great deal of counsel's time and therefore did not preclude other work; 3) there was little risk associated with representing Plaintiff because of the "combined financial basis" on which Lucas represented him; 4) the ultimate settlement amount was not significantly greater than earlier offers by Toll Brothers to pay Plaintiff the value of his stock options. The Court rejects these arguments.

#### a. Complexity of Case

Defendants' suggestion that the case was so simple as to warrant a reduction in fees is incorrect. The case involved allegations of potential criminal misconduct on the part of Plaintiff as well as novel legal issues, such as an employer's right to cancel stock options for alleged misconduct. No reduction of the lodestar is justified on this ground.

#### b. Preclusion of Other Work

Defendant asserts that Plaintiff's counsel was not precluded from taking other work because the Lucas law firm did not devote a great deal of time to the action. Defendant misses the point. A small firm, in taking on new clients, must plan for the possibility that its existing cases will be fully litigated. The fact that this case settled at a relatively early stage, therefore, does not mean that it did not preclude Plaintiff's counsel from taking on new clients. Rather, Lucas states that her firm takes on an average of one new client a month and that this case filled one of those spots. Lucas Reply Decl., ¶ 25. No reduction of the lodestar is justified on this ground.

#### c. Risk of Representation

Invoking the sixth *Kerr* factor – whether plaintiff's counsel is representing the plaintiff under a fixed or contingent fee arrangement – Defendant asserts that because Plaintiff's counsel is representing Plaintiff on a "combined financial basis," the lodestar should be reduced. Defendant is incorrect.

12

United States District Court

For the Northern District of California

1    Although the legal basis for Defendant's argument is unclear, it appears to be based on two,

2    contradictory theories.  On the one hand, Defendant suggests that because Plaintiff's counsel will

3    recover the Lucas Law Firm's attorneys' fees whether the Court awards them or not, there was no

4    risk involved in taking the case.  The Court finds no authority, however, for the proposition that the

5    lodestar should be reduced on this basis.

6    On the other hand, Defendant implies that Plaintiff's counsel would *not* be paid the full

7    amount of its fees if Plaintiff were required to pay the fees because Plaintiff would not be billed at

8    the full rates sought in the Motion.  Apparently, Defendant is suggesting that it should not be

9    required to pay more than Plaintiff would have been obligated to pay in legal fees.  Although

10   Defendant does not invoke any authority in support of this theory, a similar argument was expressly

11   rejected in *Quesada v. Thomason*, 850 F.2d 537 (9th Cir. 1988).  There, the district court reduced the

12   lodestar amount below the statutory fee award on the basis that the contingent fee that Plaintiff had

13   agreed to pay his counsel resulted in a lower fee.  The Ninth Circuit rejected this approach, holding

14   that "reasonable fees should not be reduced simply because a lawyer agreed to represent a civil-

15   rights client in exchange for a percentage of any recovery."  *Id*. at 541-542.  Similarly, in this case,

16   the Court declines to reduce the lodestar on this basis.[8]

17                          **d.      Results Obtained**

18   Defendant argues that the lodestar should be reduced in light of the relatively low settlement

19   amount.  The Court disagrees.  The ultimate settlement amount was over three times the amount

20   offered in Defendant's earlier Rule 68 offer.  More importantly, "there is no absolute requirement

21   that attorneys' fees in civil rights cases be proportionate to the damages awarded."  *Thorne v. City of*

22   *El Segundo*, 802 F.2d 1131, 1143 (9th Cir. 1986) (rejecting defendant's assertion that award of

23   $34,000.00 in attorneys' fees was excessive where civil rights plaintiff had been awarded only

24   $812.00 in damages).  Rather, "the correct standard is one of compensation for time reasonably

25   expended."  *Id*.  The Court declines to reduce the lodestar on this basis.

26

27   _____

28       [8]The Court does not make any finding as to the rate Plaintiff agreed to pay his counsel, of which there is no evidence in the record.

                                                         13

### 5.       Whether Plaintiff is Entitled to Fees-on-Fees

Defendant asserts that Plaintiff is not entitled to fees for the instant motion because the Rule 68 offer expressly stipulated that the parties would bear their own fees and costs incurred after the date of the offer.  The Court agrees.

Settlement agreements are governed by the rules of contract interpretation.  *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  Thus, even though time spent in establishing entitlement to fees may be otherwise compensable, such fees may be waived if a party accepts a settlement offer that is conditioned on "clear and unambiguous" waiver of them.  *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995).  In this case,  the settlement offer clearly states that Defendant will pay attorneys' fees and costs incurred "as of the date of this offer" and goes on to provide that "[e]ach party is otherwise to bear its/his own attorneys' fees."  Docket No. 34, Ex. A.  Thus, Plaintiff has waived any entitlement he might have had to fees incurred after the date of the offer, December 10, 2008.  Accordingly, the Court awards fees only through December 10, 2008.  Specifically, the Court denies all fees for work on the instant motion as well as for time billed on the merits after December 10, 2008, that is, 2.95 hours by Kathleen Lucas and .35 hours by Karina Gomez.

### C.       Costs

Plaintiff seeks an award of $1,794.54 in costs.  Defendant objects to this request on the sole basis that the AAA should determine Plaintiff's costs rather than this Court.  For the reasons discussed above, the Court rejects this argument.  The Court has reviewed Plaintiff's costs and finds them to be reasonable.  For that reason, and based on Defendant's failure to assert any specific objections to the costs requested in Plaintiff's Bill of Costs or in response to the instant Motion, Plaintiff's costs are awarded in full.

### D.       Post-Judgment Interest

Plaintiff seeks post-judgment interest on the underlying settlement amount, which has not yet been paid.  Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  As the Rule 68 offer contains no waiver of Plaintiff's right to post-judgment interest, Plaintiff is entitled to recover post-judgment interest as set forth in § 1961.

**United States District Court**
For the Northern District of California

1  **IV.     CONCLUSION**

2          For the reasons stated above, Plaintiff is awarded $67,163.04 in fees and costs as reflected

3  below:

|  | Lucas | Law Clerks | Paralegal |
|---|---|---|---|
| **Hours** | 88.2 | 24.3 | 7.3 |
| **Rate** | $675.00/hour | $195.00/hour | $150.00/hour |
| **Lodestar** | $59,535.00 | $4,738.50 | $1,095.00 |

**Total Attorneys' Fees:** $65,368.50

**Total Costs:** $1,794.54

**Total:** $67,163.04

In addition, Plaintiff is entitled to post-judgment interest pursuant 28 U.S.C. § 1961.

        IT IS SO ORDERED.


Dated: March 2, 2009

JOSEPH C. SPERO
United States Magistrate Judge

15